Diane Kindermann (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:   (916) 456-9595
Facsimile:   (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>Defendants. | Case No: 3:22-CV-09065-AGT<br><br>**DECLARATION OF GLEN HANSEN IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

I, Glen Hansen, declare:

1.   I am an attorney with the law firm of Abbott & Kindermann, Inc., counsel of record for Defendants Reichardt Duck Farm, Inc., Inc. ("RDF") and John Reichardt.

2.   On or about January 27, 2023, Plaintiff sought a wet weather inspection of the RDF Facility pursuant to a Second Request For Inspection Of Land And Property Pursuant To Federal Rule Of Civil Procedure 34 (a copy of which is attached hereto as **Exhibit 3**).  On February 27, 2023, Defendants served their objections to the Second Request For inspection. Counsel for the parties held a teleconference call on March 6, 2023, during which I informed Plaintiff's counsel that, for biosecurity reasons, Defendants objected to any representative of

-1-

Plaintiff getting out of the company van during the inspections, and Defendants required that Plaintiff's sampling of the soil and water outside the company van be undertaken by Defendants' consultant. During that teleconference call, Plaintiff's counsel responded that Plaintiff opposed those restrictions on the grounds that such evidence collection needs to be undertaken by Plaintiff's chosen and vetted consultants and investigators, not Defendants' agents.

    3.    On March 10, 2023, this office then served an *Amended* Objections to Plaintiff's Second Request For Inspection Of Land And Property Pursuant To Federal Rule Of Civil Procedure 34 (a copy of which is attached hereto as **Exhibit 4**), which stated that RDF would allow the wet weather inspection to go forward but only on certain conditions, due to the biosecurity risks and dangers to the RDF Facility that are created by such inspection.

    4.    Defendants respectfully request that the Court issue the proposed Protective Order (a redline copy of which is attached hereto as **Exhibit 5**, and a "clean" copy of which is attached hereto as **Exhibit 6**) that imposes those conditions stated in Defendants' *Amended* Objections. Specifically, section 12 of the proposed Protective Order that Defendants request the Court enter provides as follows:

    **12.**    <u>**SITE INSPECTIONS**</u>

Due to the inherent and significant biosecurity risks at the Facility, the Parties stipulate and agree that any and all site inspections of the Facility, either in dry or wet weather, will have the following limitations and restrictions:

    1.    All persons are to ride within the Facility's 10-person van during the inspection of the biosecure areas; and no private vehicles will be allowed outside of the parking area next to Middle Two Rock Road;

    2.    There will be no inspection of, or entry into, any of the buildings at the Facility, ecept for the office building on the south side of the Middle Two Rock Road;

|   |   |   |
|---|---|---|
| 1 | 3. | Plaintiff will be represented by its counsel and water quality |
| 2 |   | experts only; |
| 3 | 4. | No drones are allowed; |
| 4 | 5. | Photographs and video cannot include any ducks or |
| 5 |   | employees at the Facility; |
| 6 | 6. | Any inspection of a biosecure area will be made from inside |
| 7 |   | the van; and |
| 8 | 7. | If Plaintiff requests sampling within the biosecure areas, |
| 9 |   | then during the site inspection of the biosecure areas the |
| 10 |   | Facility's expert QISP who has satisfied the biosecurity |
| 11 |   | measures and precautions for the Facility will take such |
| 12 |   | samples for Plaintiff in the biosecure areas of the Facility |
| 13 |   | and immediately provide such samples to CAT |
| 14 |   | representatives during the inspection. |

5.  Pursuant to section VII. C. of the Civil Standing Order For Magistrate Judge Alex G. Tse, the proposed redline Protective Order that is attached as Exhibit 5 is based on the model stipulated protective orders, with redline language that compares the proposed protective order with the model order.  The redline changes indicate the following:  (a) Section 1 adds language that "The Parties further recognize that the Reichardt Duck Farm facility is a biosecured facility that requires severe access limitations"; (b) Section 2.3 adds specificity as to who the outside counsel are for the parties; (c) Section 2.5 adds that the disclosures in this action include that which is disclosed in settlement discussions; (d) Section 2.7 defines the term "Facility" as used in the proposed Protective Order; (e) Section 2.10 defines the ter "Party" as used in the proposed Protective Order; (f) Section 3 adds language that "The protections conferred by this Stipulation and Order also ensure the biosecurity needs and requirements of the Facility"; (g) Section 4.2 states that "The limitations on site inspections of the Facility shall remain in effect until Final Disposition"; (h) Section 12 adds the site inspection language described above; and (i) the name of this case is stated in the body of the Acknowledgment and Agreement that is attached as

-3-

Exhibit A.

6. On or about January 27, 2023, Plaintiff also propounded Requests For Production Of Documents (a copy of which is attached hereto as **Exhibit 7**). Requests Nos. 29, 30 and 31 seek confidential financial information of RDF. On March 13, 2023, Defendants served their Responses To Requests For Production Of Documents (a copy of which is attachedhereto as **Exhibit 8**), in which Defendants stated in response to Requests Nos. 29, 30 and 31 that, while Defendants will not produce tax returns, "Defendants will produce all responsive documents in their possession, custody and control pursuant to the 'Confidential Information' provisions of a Protective Order to be entered in this action by the Court." Accordingly, RDF requests that the Court issue the "clean" proposed Protective Order (attached hereto as Exhibit 6), in order that RDF can produce such financial information pursuant to the "Confidential Information" provisions of the Protective Order.

5. RDF will also produce to Plaintiff the biosecurity plan for the Facility pursuant to the "Confidential Information" provisions of the Protective Order once it is entered by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2023, at Sacramento, California.

*/s/ Glen Hansen*
Glen Hansen