UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>    Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC, et al.,<br><br>    Defendants. | Case No.  22-cv-09065-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 20 |

Plaintiff alleges that defendants have discharged pollutants from their duck farm in violation of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1389. To substantiate their claims, plaintiffs seek to inspect areas of defendants' duck farm "where industrial activities occur that have an impact on storm water." Dkt. 20 at 2. Some of these areas are heavily protected by defendants. Defendants worry that visitors to these areas could expose defendants' ducks to Avian Influenza, or that visitors, if associated with certain animal rights groups, could seek to sabotage defendants' operations. *See* Dkt. 20-2, Reichardt Decl. ¶¶ 3–7; Dkt. 20-4, Bland Decl. ¶¶ 4–8. Because of these concerns, defendants have proposed the following seven conditions on any inspection of these heavily protected "biosecure" areas.

1. All persons are to ride within the Facility's 10-person van during the inspection of the biosecure areas; and no private vehicles will be allowed outside of the parking area next to Middle Two Rock Road.

2. There will be no inspection of, or entry into, any of the buildings at the Facility, except for the office building on the south side of Middle Two Rock Road.

3. Plaintiff will be represented by its counsel and water quality experts only.

4. No drones are allowed.

5. Photographs and video cannot include any ducks or employees at the Facility.

6. Any inspection of a biosecure area will be made from inside the van.

7. If Plaintiff requests sampling within the biosecure areas, then during the site inspection of the biosecure areas the Facility's expert QISP, Travis Peterson, who has satisfied the biosecurity measures and precautions for the Facility will take such samples for Plaintiff in the biosecure areas of the Facility and immediately provide such samples to Plaintiff's representatives during the inspection.

Dkt. 20 at 2–3.

Plaintiff hasn't objected to conditions 1, 3, or 4, but has objected to conditions 2, 5, 6, and 7. *See* Dkt. 20 at 2–3. The Court heard argument on the dispute and now rules as follows.

As to condition 2, plaintiff has agreed not to enter any building at the duck farm except for the office building on the south side of Middle Two Rock Road. Plaintiff, however, wants to be able to take photos of the interior of certain buildings, and the Court will allow plaintiff to do so. By standing outside the buildings and taking photos of the buildings' interiors from there, plaintiff will reduce the risk of contaminating indoor areas where ducks are located. And although defendant worries that photos could be misused to smear the duck farm, the stipulated protective order (dkt. 24) will prevent plaintiff from using the photos outside this litigation.

As to condition 5, the stipulated protective order makes this condition unnecessary. If plaintiff takes photos or records video of any ducks or employees at the duck farm, those photos or video can be marked as confidential, preventing plaintiff from using the photos or video outside this case. Condition 5 will not be imposed.

As to conditions 6 and 7, the Court won't impose or reject these conditions at this time. Defendants must first produce their biosecurity plan. After plaintiff has reviewed the biosecurity plan, the parties must meet and confer to discuss whether plaintiff can comply with the plan such that one or more of plaintiff's agents can exit defendants' van to inspect biosecure areas at the duck farm. If the parties are unable to reach an agreement as to these conditions after meeting and conferring, they may file another joint statement with the Court.

This order resolves Dkt. 20, the parties' March 21, 2023, joint statement.

**IT IS SO ORDERED.**

Dated: April 3, 2023

_____
Alex G. Tse
United States Magistrate Judge