ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
        wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 Sixteenth Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Email: wverick@igc.org

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>             Plaintiff,<br><br>     vs.<br><br>REICHARDT DUCK FARM, INC., et al.<br><br>             Defendants. | Case No. 3:22-cv-09065-AGT<br><br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT NO. 2 (DOCUMENT PRODUCTION)** |

     As required by Local Rule 37-1 and the Civil Standing Order for Magistrate Judge Alex G. Tse, the parties hereinafter briefly set forth their jointly held view on discovery issues raised by Plaintiff, unless otherwise specifically noted as being a view held separately.

## I.     ATTESTATION RE PARTIES' MEET AND CONFER EFFORTS

     The Parties met and conferred by Zoom twice to address the disputed discovery herein: first, on March 6, 2023, and again March 30, 2023.

//

**II.     PARTIES' POSITIONS CONCERNING THE DISPUTE**

**A.  Plaintiff's Statement**

This is a citizen suit enforcement action for alleged violations of California's General Industrial Storm Water Permit ("General Permit").  Plaintiff propounded its initial set of Requests for Production of Documents Pursuant to Federal Rule of Civil Procedure 34 ("Document Requests") on January 27, 2023.  Upon Defendants' request, Plaintiff agreed to extend the initial deadline for Defendants' responses to the Document Requests by a period of two weeks, to March 13, 2023.  A true and correct copy of Defendants' responses to the Document Requests is attached hereto as **Exhibit 1**.

**Failure to Complete Document Production.**  There are 33 individual Document Requests in this initial set.  Other than General Objections relating to privileges, relevance and materiality, Defendants responded to 21 of these 33 Document Requests without any objections, stating only "Defendants will produce, or has already produced, all responsive documents in their possession, custody and control."  **Exhibit 1**, at Responses to Request Nos. 1, 2, 4-6, 8-11, 13-16, 19-26 and 28. Defendants produced an initial set of responsive documents (REICHARDT 178-278) on April 7th and a second set of confidential responsive documents (REICHARDT 279-325) on April 10th. Although all documents responsive to these 21 Document Requests were due on March 13th, Defendants contend herein that they "are even continuing to look for more responsive documents, if any exist, and such additional documents, if found, will be produced when they are located."

**Failure to Produce Financial Information Regarding Defendant John Reichardt.** Document Requests Nos. 29-33 seek financial information concerning Defendants, including balance sheets, profit and loss statements, annual financial statements, and tax returns ("Financial Information").  **Exhibit 1**.  Defendants' responses to these Document Requests state that "Defendants will produce all responsive documents in their possession, custody and control pursuant to the "Confidential Information" provisions of a Protective Order to be entered in this action by the Court."  *Id.*  The Protective Order was entered on March 31, 2023.  While Defendants did produce some responsive documents concerning Defendant Reichardt Duck Farm Inc., they have failed to documents in response to these 5 Document Requests as they relate to Defendant John Reichardt

1   personally, except for W-2s for tax years 2017-2022.

2   **Refusal to Produce Any Tax Returns, Despite Entry of Protective Order and**

3   **Applicable Case Law.**  Each of Defendants' responses to Document Requests Nos. 29-33 state that

4   "Defendants will not produce any tax returns."  These documents will be critical to the Court's

5   analysis of the applicable statutory penalty factors.  See 33 U.S.C. § 1319(d); see also *Cal.*

6   *Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2014 U.S. Dist. LEXIS 144173 (E.D.Ca.

7   2014) ("*CSPA*"), at 14 (finding "Defendant's financial condition is indisputably relevant to the issue

8   of civil penalties under the Clean Water Act" and ordering production of tax returns in storm water

9   case).  These returns are also not "otherwise readily available" as suggested by Defendants below.

10  Here, as in the *CSPA* case, "the litigation's needs outweigh the sensitivity of the information" and

11  Defendants' privacy rights are adequately protected by the existing Protective Order.  *Id.* at 13-14.

12      **B.  Defendants' Statement**

13          **1.      Plaintiff's Statement Is False.**

14      Plaintiff argues that "Defendants have failed to produce a single document in response to

15  these 21 Document Requests." That is patently false.  While Plaintiff admits that

16  Defendants stated that "Defendants will produce, *or has already produced*, all responsive documents

17  in their possession, custody and control,"  Plaintiff simply ignores the fact that Defendants already

18  produced hundreds of documents to Plaintiff as part of the Initial Disclosures, and that such "already

19  produced" documents include many responsive documents.

20          **2.      Plaintiffs Produced Additional Documents on Friday, March 7, 2023, As**

21                  **Promised.**

22      At the "Meet and Confer" conference held on March 30, 2023, the parties' counsel discussed

23  how, due to the fact that Defendants' expert was out of town, additional responsive documents were

24  not able to be produced until Friday, April 7, 2023.  Both counsel agreed to "pencil in" that

25  responsive date for additional document production.  Then, on April 4, counsel for Plaintiff changed

26  his mind, apparently, and sent out a draft of this Joint Statement.  But, according to their agreement

27  on March 30, Defendants did produce additional responsive documents on Friday, April 7.

28  Defendants are even continuing to look for more responsive documents, if any exist, and such

1  additional documents, if found, will be produced when they are located.

2  This entire "discovery dispute" process by Plaintiff is designed, yet again, to wrongly

3  increase the attorneys' fees incurred by the parties.

4          **3.      Defendants Did Produce Financial Documents, And Plaintiff Failed To**

5          **Satisfy The Requirements For Production Of Tax Returns.**

6  On Monday, April 10, 2023, Defendants produced extensive financial documents of

7  Defendant Reichardt Duck Farm ("RDF") to Plaintiff, pursuant to the Protective Order that was

8  entered by this Court.

9  On April 20, 2023, Defendants produced the W-2s for 2017-2022 for Defendant John

10  Reichardt, the President and General Manager of RDF. However, Plaintiff's demand for the personal

11  financial information of Mr. Reichardt at this point in the litigation (and settlement process) is

12  inappropriate because (1) the litigation only involves the operations of the RDF Facility; (2) Plaintiff

13  has yet to demonstrate any water quality violation or any impact to water quality from RDF's

14  operations in this case, so there is no basis for mitigation payments here (in lieu of civil penalties),

15  and therefore it is premature to mandate the disclosure of financial information, especially the

16  financial information of an individual officer of RDF such as John Reichardt;  (3) Plaintiff's demand

17  that John Reichardt, a private individual, produce "balance sheets, profit and loss statements, annual

18  financial statements" simply makes no sense; (4) requiring John Reichardt to disclose all of his

19  personal assets and liabilities is harassment and is not proportional to the needs of the case,

20  considering the importance of the issues at stake in the action, the amount in controversy, the

21  parties' relative access to relevant information, the parties' resources, the importance of the

22  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23  outweighs its likely benefit, FRCP 26(b)(1); and (5) Plaintiff cannot demonstrate that RDF is unable

24  to pay for any potential mitigation payments, compliance monitoring funding or reimbursement of

25  reasonable attorneys fees and costs, and so Plaintiff's current pursuit of John Reichardt's personal

26  financial information is premature, unreasonable and designed to harass Mr. Reichardt.

27  Now, Plaintiff also wants Defendants' tax returns, including the personal tax returns of Mr.

28  Reichardt.   This Court should refuse that request.  Plaintiff has not satisfied the preliminary

requirement that Magistrate Judge Westmore (N.D.Ca.) stated in *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706, 2016 WL 5335550, at \*21-\*23 (N.D.Cal.2016), before tax returns need to be produced.  There, Judge Westmore stated:

> "[S]everal courts have found that 'federal law recognizes a privilege that protects tax returns from disclosure, although that privilege is not absolute.' [Citation.] These courts 'have formulated a two-prong test for deciding whether to compel the production of tax records in discovery.' [Citation.] 'Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns'.  First, the Court looks at whether the tax return is relevant to the subject matter of the action. [Citation.] Second, the Court considers whether 'there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.'"
>
> Id. at \*21-\*23  (bold added).

Even assuming that the tax returns are relevant here – which Plaintiff has not shown – Plaintiff has not, and cannot, establish the second prong of that test.  Any relevant information contained in the tax returns is readily available in the financial documents that have already been produced to Plaintiff.

Plaintiff relies on *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2014 U.S.Dist. LEXIS 144173, 2014 WL 5093398 ("*CSPA*") (E.D.Ca. 2014) as the basis for the production of tax returns.  However, the *CSPA* case (which is in the Eastern District and is earlier than Judge Wetmore's decision in *In re Yosemite National Park Hantavirus Litigation*) did not include an objection based on the tax return privilege.  Indeed, the analysis and decision in *CSPA did not even include any discussion about the issue of whether tax returns should be produced over an objection based on the tax return privilege*.  Not surprisingly, the *CSPA* case is not discussed in the two-prong test that is later declared and applied in the Northern District by Judge Wetmore.  Thus, *CSPA* is not authority on the tax return privilege objection because that objection was simply never addressed by the court in *CSPA*.  *See Gomez v. Wells Fargo Bank, N.A* , 676 F.3d 655, 662 (8th Cir. 2011) ["the court in *McKell* did not consider the question of standing, and the case has no persuasive value for

that issue. *See San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 55 Cal. Rptr. 2d 724, 920 P.2d 669, 699 (Cal. 1996) (explaining '[c]ases are not authority, of course, for issues not raised and resolved')."]; *Alli-Balogun v. United States*, 281 F.3d 362, 370 fn. 7 (2nd Cir. 2002) ["Because the statute of limitations issue was not raised, however, *Adames* is not authority or precedent on the subject."]; *See e.g., United States v. Valentine*, 63 F.3d 459, 464 fn. 1 (6th Cir. 1995) ["The government relies on the indictment in *United States v. Sanderson*, 966 F.2d 184 (6th Cir. 1992) as support for its contention that there is no one-year time limit. In *Sanderson*, the indictment covered acts from October 1985 through December 1986; however, the time issue was not raised on appeal. Thus, *Sanderson* is not authority that supports the government's position."]  Also, the mere fact that tax returns were ordered produced in *CSPA* proves nothing as to the legal question of whether the responding party could have objected to such production in that case based on the tax return privilege.  *See Stegall v. Federal Land Bank of St. Louis*, 865 F.2d 140, 142 (7th Cir. 1989) ["A point of law merely assumed in an opinion, not discussed, is not authoritative."]  For example, in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), the Supreme Court explained: "These cases thus did not directly confront the question before us. '[When] questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.'"  *Id*. at p. 119.

Thus, *CSPA* is not authority for Plaintiff's position regarding tax returns at all.

In short, Plaintiff pursued its demand for tax returns even before it tried to satisfy the two-prong test set forth by Judge Westmore.  Plaintiff has not even attempted to comply with Judge Westmore's preliminary requirements.  Plaintiff has not shown that it is entitled to Defendants' tax returns, and this Court should not order that Defendants' tax returns be produced in this case.

## III.    PARTIES' FINAL PROPOSED COMPROMISE

### A.  Plaintiff's Statement

Plaintiff is proposing that all responsive documents, including but not limited to, the documents relating to Defendant John Reichardt, discussed above, and the tax returns for both of the Defendants, be produced by no later than Friday, April 28, 2023.

### B.  Defendants' Statement

1    Defendants have produced responsive documents, including extensive financial documents

2  for Defendant Reichardt Duck Farm.  Defendants agree that, no later than April 20, 2023,

3  Defendants produced the W-2s for 2017-2022 for Defendant John Reichardt.  Defendants continue

4  to search for any remaining responsive documents.

5    Plaintiff's request to also obtain Defendants' tax returns should not only be denied, but

6  Plaintiff should be ordered to pay Defendants' reasonable attorneys' fees in having to respond to

7  Plaintiff's premature and inappropriate request for tax returns, because Plaintiff has not even

8  attempted to follow the preliminary requirements for seeking tax returns set forth by Judge

9  Westmore in *In re Yosemite National Park Hantavirus Litigation, supra,* at *21-*23.

10

11  Dated: April 24, 2023                    LAW OFFICES OF ANDREW L. PACKARD

12                                           By:  _/s/ William N. Carlon_____
13                                               WILLIAM N. CARLON
                                                 Attorneys for Plaintiff
14                                               CALIFORNIANS FOR ALTERNATIVES TO TOXICS

15  Dated: April 24, 2023                    ABBOTT & KINDERMANN, INC.

16                                           By:  ___/s/ Glen C. Hansen_____
17                                               DIANE G. KINDERMANN
                                                 GLEN C. HANSEN
18                                               Attorneys for Defendants
                                                 REICHARDT DUCK FARM, INC., and
19                                               JOHN REICHARDT

20

21                              **ATTESTATION FOR E-FILING**

22    I hereby attest pursuant to Civil L.R. 5-1(i) (3) that I have obtained concurrence in the filing
    of this document from the above Signatory prior to filing.

23
    DATED: April 24, 2023                         By: /s/ William N. Carlon_____
24

25

26

27

28