# EXHIBIT 1

Diane Kindermann (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:    (916) 456-9595
Facsimile:    (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>Defendants. | Case No: 3:22-CV-09065-AGT<br><br>**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>**SET ONE** |

**PROPOUNDING PARTY:**   Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS

**RESPONDING PARTY:**   Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT

**SET NUMBER:**   One

Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT (collectively, "Defendants") respond to Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff")'s Requests for Production of Documents, Set One, as follows:

## GENERAL OBJECTIONS

1. To the extent any of these requests may be construed as calling for information which is subject to a claim of privilege, including, without limitation, the attorney/client privilege, the attorney work product doctrine, the right to privacy under common law, the California Constitution or the United States Constitution or any other lawfully recognized privilege or immunity which may attach to the information or documents requested, Defendants hereby assert such doctrine and privileges and objects to such document request on that basis.

2. Defendants have not yet completed their review and investigation of the facts relating to this case. The following responses are necessarily based on information presently known to, in the possession of, or identified by Defendants, and the information provided pursuant to these requests are provided without prejudice to Defendants' right to utilize subsequently discovered facts or documents and to amplify the meaning of existing facts or documents, all of which may lead to substantial additions to and changes in the responses herein provided. Discovery is in its preliminary stages and is continuing.

3. In responding to the requests for production herein, Defendants do not concede the relevancy of materiality of any request for documents. Defendants' responses are made expressly subject to, and without in any way waiving or intending to waive, any objections as to competency, relevancy, materiality or privilege, as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, including trial of this action.

4. Defendants object to these requests for production on the grounds, and to the extent, that they require information from persons or entities outside of Defendants' control.

5. Defendants will make reasonable efforts to respond to any request, to the extent it has not been objected to, as Defendants understand and interpret the requests. If Plaintiff subsequently asserts an interpretation of the request which differs from that of Defendants, they reserve the right to object to and supplement their response(s).

6. Defendants object to these requests on the grounds, and to the extent, that they attempt or purport to impose obligations on Defendants beyond those imposed or authorized by

the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other federal law or rule of court.

7. Defendants object to these requests on the grounds, and to the extent, that they seek documents, information and data peculiarly within the possession, custody or control of Plaintiff and not Defendants, or that they seek documents, information or data equally within Plaintiff's possession, custody, or control.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS comprising YOUR SWPPP for the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 1.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS comprising YOUR STORM WATER MONITORING PROGRAM for the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 2.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS in which the term SWPPP is used or referenced.

**RESPONSE TO REQUEST NO. 3.**

Defendants object to this Request on the ground that it seeks documents sthat are not relevant and will not lead to relevant evidence. Defendants further object to this Request on

the ground that it is overbroad and subjects Defendants to annoyance, undue burden, and expense.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS evidencing any visual observations of STORM WATER at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 4.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS evidencing any sampling or analysis of STORM WATER at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 5.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any site inspections concerning STORM WATER management at the FACILITY conducted between October 21, 2017 and the present.

**RESPONSE TO REQUEST NO. 6.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS comprising YOUR ANNUAL REPORTS for the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 7.**

Defendants object to this Request on the ground that it seeks documents sthat are not relevant and will not lead to relevant evidence. Defendants further object to this Request on the ground that it is overbroad and subjects Defendants to annoyance, undue burden, and expense.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS, including correspondence, provided to or received from the STATE WATER BOARD or the REGIONAL BOARD, related to the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 8.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS evidencing any conversation related to STORM WATER at THE FACILITY with a representative of the STATE WATER BOARD or REGIONAL BOARD, for all years from October 21, 2017 the present.

**RESPONSE TO REQUEST NO. 9.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS, including correspondence to or from a representative of any local regulatory agency other than the REGIONAL BOARD or the STATE BOARD concerning STORM WATER at the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 10.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS evidencing a conversation with a representative of any local regulatory agency other than the REGIONAL BOARD or the STATE BOARD concerning STORM WATER at the FACILITY, for all years from 1997 to the present.

**RESPONSE TO REQUEST NO. 11.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS concerning Best Management Practices ("BMPs"), Best Available Technology Economically Achievable ("BAT"), and Best Conventional Pollutant Control Technology ("BCT"), as those terms are defined under the CLEAN WATER ACT to control discharges of POLLUTANTS from the FACILITY.

**RESPONSE TO REQUEST NO. 12.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS concerning YOUR NUTRIENT MANAGEMENT PLAN for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 12.**

Defendants object to this Request on the ground that it is vague and ambiguous. The term "Nutrient Management Plan" is defined in reference to 40 CFR §122.42(e)(1), which applies to regulated CAFOs, and the Facility here is not a regulated CAFO.

-7-

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS pertaining to HAZARDOUS MATERIAL stored on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans.

**RESPONSE TO REQUEST NO. 13.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS pertaining to spills or discharges of HAZARDOUS MATERIALS on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to representatives of DEFENDANTS, state or local agencies, notices of violation, and clean-up orders or plans.

**RESPONSE TO REQUEST NO. 14.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS pertaining to groundwater contamination and/or testing on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans.

**RESPONSE TO REQUEST NO. 15.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS pertaining to YOUR HAZARDOUS MATERIALS storage or handling permits.

**RESPONSE TO REQUEST NO. 16.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS that evidence any insurance contracts YOU have which may provide coverage for any claims relating to this litigation.

**RESPONSE TO REQUEST NO. 17.**

Defendants are not aware of any such documents at this time.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS pertaining to any physical alteration or addition to the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 18.**

Defendants object to this Request on the ground that it is overbroad and seeks documents that are neither relevant nor could reasonably lead to the discovery of relevant evidence. Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS pertaining to any HAZARDOUS MATERIAL storage, or transport of HAZARDOUS MATERIAL to or from the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 19.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS pertaining to any construction, upgrades, maintenance or repairs to any structure, including berms, designed to control the flow of storm water, at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 20.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS, including any reports, estimates, or service orders, regarding the construction of any retaining walls in any location at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 21.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS, including any reports, estimates, or service orders, regarding the construction of any infiltration or catchment basins, evaporation ponds, percolation ponds, or combined sanitary/storm sewer system at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 22.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

///

///

///

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS concerning any land surveys, soil studies, hydrology studies or percolation studies, conducted at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 23.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS pertaining to any exemption from the GENERAL PERMIT or any GENERAL PERMIT requirements which YOU may be claiming in this litigation.

**RESPONSE TO REQUEST NO. 24.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS, including but not limited to plans, work orders, and invoices, evidencing any effort by YOU to capture and retain STORM WATER at the FACILITY.

**RESPONSE TO REQUEST NO. 25.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS which demonstrate any ownership interest of any kind, held by any person or entity, in the FACILITY.

**RESPONSE TO REQUEST NO. 26.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS evidencing, referring to, or related to leases between YOU and the owner of the FACILITY.

**RESPONSE TO REQUEST NO. 27.**

Defendants are not aware of any such documents at this time

**REQUEST FOR PRODUCTION NO. 28:**

Any and all NOTICES OF INTENT related to GENERAL PERMIT coverage for the FACILITY.

**RESPONSE TO REQUEST NO. 28.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS setting forth DEFENDANTS' assets, liabilities and net worth at all times since October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 29.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns. Defendants will not produce any tax returns. (*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706 (N.D.Cal.2016), at *21-*23.) Notwithstanding such objections, Defendants will produce all responsive documents in their possession,

custody and control pursuant to the "Confidential Information" provisions of a Protective Order to be entered in this action by the Court.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all of DEFENDANTS' annual financial statements since October 21, 2017.

**RESPONSE TO REQUEST NO. 30.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns. Defendants will not produce any tax returns. (*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706 (N.D.Cal.2016), at *21-*23.) Notwithstanding such objections, Defendants will produce all responsive documents in their possession, custody and control pursuant to the "Confidential Information" provisions of a Protective Order to be entered in this action by the Court.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS that REFER, RELATE OR PERTAIN to DEFENDANTS' income from October 21, 2017 to the present, including but not limited to all statements of annual gross income and annual net income.

**RESPONSE TO REQUEST NO. 31.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns. Defendants will not produce any tax returns. (*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706 (N.D.Cal.2016), at *21-*23.) Notwithstanding such objections, Defendants will produce all responsive documents in their possession, custody and control pursuant to the "Confidential Information" provisions of a Protective Order to be entered in this action by the Court.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS comprising DEFENDANTS' federal income tax returns for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 32.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns. Defendants will not produce any tax returns. (*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706 (N.D.Cal.2016), at *21-*23.)

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that comprise DEFENDANTS' IRS form 1099s submitted to the IRS for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 33.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns. Defendants will not produce any tax returns. (*Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS 130706 (N.D.Cal.2016), at *21-*23.)

Dated:  March 13, 2023                    ABBOTT & KINDERMANN, INC.


                                          By:   */s/ Glen C. Hansen*
                                              GLEN C. HANSEN
                                              DIANE G. KINDERMANN
                                              Attorneys for Defendants
                                              REICHARDT DUCK FARM, INC., and
                                              JOHN REICHARDT


# **PROOF OF SERVICE**

I, Lisa Haddix, declare as follows:

I am employed in the County of Sacramento, over the age of eighteen years and not a party to this action. My business address is 2100 21st Street, Sacramento, California 95818. On March 13, 2023, I served the foregoing document(s) described as:

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**SET ONE**

On the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Andrew L. Packard<br>William N. Carlon<br>LAW OFFICES OF ANDREW L. PACKARD<br>245 Kentucky Street, Suite B3<br>Petaluma, CA 94952<br>Tel: (707) 782-4060<br>Fax: (707) 782-4062<br>andrew@packardlawoffices.com<br>wncarlon@packardlawoffices.com | Attorneys for Plaintiff<br>CALIFORNIANS FOR ALTERNATIVES TO TOXICS |

    **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**X**   **BY ELECTRONIC SERVICE [EMAIL]:** Sending a true copy of the above-described document(s) via electronic transmission from email address lhaddix@aklandlaw.com to the persons listed above on March 13, 2023. The transmission was reported as complete and without error. [CRC 2.256 (a)(4), 2.260].

    **BY OVERNIGHT DELIVERY:** On the above-mentioned date, I enclosed the documents in a sealed envelope and addressed to the persons listed on the attached service list. I placed the envelope or package for collection with the USPS with overnight delivery instructions following our ordinary business practices.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on March 13, 2023, at Sacramento, California.

                                                               */s/ Lisa Haddix*
                                                                 Lisa Haddix