ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
            wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 Sixteenth Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Email: wverick@igc.org

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>              Plaintiff,<br><br>     vs.<br><br>REICHARDT DUCK FARM, INC., et al.<br><br>         Defendants. | Case No. 3:22-cv-09065-AGT<br><br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT NO. 3 (INTERROGATORIES, SET ONE)** |

As required by Local Rule 37-1 and the Civil Standing Order for Magistrate Judge Alex G. Tse, the parties hereinafter briefly set forth their jointly held view on discovery issues raised by Plaintiff, unless otherwise specifically noted as being a view held separately.

## I.     ATTESTATION RE PARTIES' MEET AND CONFER EFFORTS

The Parties met and conferred by Zoom to address the disputed discovery herein on April 14, 2023.

//

1   II.      **PARTIES' POSITIONS CONCERNING THE DISPUTE**

2            A.   **Plaintiff's Statement**

3            This is a citizen suit enforcement action for alleged violations of California's General

4   Industrial Storm Water Permit ("General Permit").  Plaintiff propounded its initial set of

5   Interrogatories, Set One ("Interrogatories") on February 1, 2023.  A true and correct copy of the

6   Interrogatories is attached hereto as **Exhibit 1**.  Upon Defendants' request, Plaintiff agreed to extend

7   the initial deadline for Defendants' responses to the Interrogatories by a period of over two weeks, to

8   March 24, 2023.  A true and correct copy of Defendants' responses to the Interrogatories is attached

9   hereto as **Exhibit 2**.

10           **Defendants' Boilerplate Responses.**  In response to nine of the ten Interrogatories,

11  (Interrogatories 1-5, 7-10) Defendants responded with the following:

12                  Pursuant to FRCP 33(d), the answer to this Interrogatory may be
                    determined by examining, auditing, compiling, abstracting, or
13                  summarizing the following business records, and the burden of
                    deriving or ascertaining the answer will be substantially the same for
14                  either Plaintiff or Defendants, and therefore Defendants refer Plaintiff
                    to the following documents, which have already been produced to
15                  Plaintiff: Reichardt 0001-0177. Defendants will amend this response
                    as additional documents and information become known to Defendants
16                  during the course of investigation and discovery. Discovery is
                    continuing in this case.
17

18  This boilerplate response to the Interrogatories is insufficient for several reasons, discussed below.

19  Notably, counsel for Defendants acknowledged that these responses were complete and that

20  additional information would be provided.

21           **Defendants Improperly Direct Plaintiff to Rummage Through Other Discovery**

22  **Materials Instead of Answering the Interrogatories.**  Defendants' responses to Interrogatories 1-

23  5, 7-10 direct Plaintiff to find the answers it seeks in Defendants' first set of documents produced,

24  Reichardt 0001 – 0177, and Defendants have subsequently supplemented that document production

25  up to Reichardt 0325.  "An answer to an interrogatory should be complete in itself and should not

26  refer to the pleadings, or to depositions or other documents, or to other interrogatories." *Foster v.*

27  *ScentAir Techs., Inc.*, No. 13-cv-05772-TEH (MEJ), 2014 U.S. Dist. LEXIS 113826, at *8-9 (N.D.

28  Cal. Aug. 15, 2014), citing *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir.

2012) ("Answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Fed. R. Civ. P. 33").  Defendants have not responded in any meaningful way to nine out of the ten Interrogatories, and have instead directed CAT to rummage through some of the documents Defendants have produced.

**Defendants Failed to Furnish the Information Available to them.**  The boilerplate responses to the Interrogatories 1-5, and 7-10 violate the spirit and plain text of Federal Rule of Civil Procedure 33(b)(1)(B) which requires the responding party to "furnish the information available to the party."  Defendants' responses provided none of the information requested.  In the course of the Parties' meet and confer efforts, it has become clear that Defendants have, and had at the time the responses were made, responsive information to Plaintiff's Interrogatories, but that they failed to provide that information in their responses.  Declaration of William Carlon ¶¶ 4-8.  Defendants have offered to compile the information, but have stated that it will take 5-6 weeks to respond.  *Id.* at ¶ 5. This offer to compile and produce the information contradicts Defendants' responses that "the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records."  Responses to Interrogatory Nos. 1-5, 7-10.  Defendants represented that it might be possible to provide the readily-available information – which Plaintiff contends should have already been produced – sooner, but has yet to provide a timeline for that production.  *Id.* at ¶¶ 7, 8.

**Defendants Raise for the First Time in this Joint Statement Objections to the Timeframe of Certain Interrogatories.**  Defendants take issue with Interrogatories 2, 3, 6, and 7 on the basis that the timeframe for each interrogatory is overly broad.  Defendants condemn Plaintiff for not agreeing to limit the interrogatories to only five years of information, but Defendants never raised this issue in the meet and confer process and have never made such a request to Plaintiff. Plaintiff will agree, as stated below, to reasonable constrain the interrogatories to a narrower timeframe.

**Defendants Have an Obligation to Respond to Discovery Even if the Information Is or Has Been Provided in Settlement Discussions.**  Defendants object, for the first time in this Joint Statement, that Plaintiff's Interrogatories are inappropriate because the information has already been

1   provided via settlement discussions.  Even in the face of the protections of Federal Rule of Evidence

2   408 and the protective order pursuant to which certain documents were provided, Defendants cite to

3   no authority that supports their bold proposition.  Defendants complain that this discovery is

4   duplicative, when in reality it could be quite efficient, if only Defendants responded in a good faith

5   and forthright manner.  The Parties could use the information produced by Defendants in response to

6   Plaintiff's discovery responses to further settlement negotiations – but the opposite is not true.

7   **Defendants' *Ad Hominem* Attacks on Plaintiff's Counsel Are Inappropriate and**

8   **Unprofessional.**  Defendants impugn Plaintiff's, and more specifically Plaintiff's lawyers', motives

9   in litigating this case by repeatedly accusing Plaintiff of abusing the discovery process to inflate

10   attorney fees and inflict "financial attrition" on Defendants.  These baseless allegations are

11   inappropriate and unprofessional.  Moreover, they do not constitute a legal defense to Defendants'

12   inadequate discovery responses that are the subject of this joint statement.  Plaintiff has used its

13   interrogatories sparingly, using only 10 of 25.  The 10 interrogatories seek information that is highly

14   relevant to this litigation – that is, they are not designed to harass or impose an undue burden on

15   Defendants – because they seek critical information pertaining to Defendants' industrial operations

16   and storm water discharges.  Meanwhile, Defendants provide non-responses and withhold

17   information that they have admitted *they already have*.

18   **Defendants' Statement**

19   Plaintiff wants 100 years of information on the duck farm.  Indeed, Interrogatory 9 literally

20   states:

21   Please DESCRIBE in as much detail as possible any and all industrial activities

22   conducted at the FACILITY at all times since commencing YOUR operations at the

23   FACILITY.

24   There is no restriction set by Plaintiff for only 5 years of information.  The interrogatory explicitly

25   demands information "since commencing YOUR operations at the FACILITY," which Plaintiffs

26   already know began in the early 20th Century.  This is illustrative of the excessive use of discovery

27   and financial attrition Plaintiff is wrongly employing in this case, *all while the parties are*

28   *simultaneously attempting to settle this case*.

1    Contrary to Plaintiff's argument, Defendants objected to Interrogatory No. 9 at the very

2  outset as follows:

3        Defendants object on the ground that the terms "as much detail as

4        possible" is vague and ambiguous.

5        Also, because the Facility has been in operation at this location for

6        approximately 100 years, through several generations, Defendants

7        object to this Interrogatory on the ground that it seeks information

8        that is neither relevant nor proportional to the needs of the case.

9    Not surprisingly, many of the Interrogatories are the same, seeking historical information

10  going back decades (not just for the five years of the applicable statute of limitations).

11  Interrogatory No. 2 states:

12        Please DESCRIBE any actions undertaken at the FACILITY by YOU in

13        response to receiving STORM WATER monitoring results indicating

14        levels of a POLLUTANT or POLLUTANTS in excess of WATER

15        QUALITY CRITERION or WATER QUALITY CRITERIA for such

16        POLLUTANT or POLLUTANTS.

17  There is no limit to 5 years of information in that interrogatory.  Interrogatory No. 3 states:

18        Please IDENTIFY any and all PERSONS who have provided YOU with

19        any services relating to compliance with the Clean Water Act at the

20        FACILITY.

21  There is no limit to 5 years of information in that interrogatory.  Interrogatory No. 6 states:

22        Please DESCRIBE any STORM WATER pollution management practices

23        or treatment technologies that have been considered by YOU but not

24        implemented at the FACILITY, including but not limited to the reason for

25        not implementing any such measures or technologies, the POLLUTANT

26        intended to be addressed by such practices or technologies, the location

27        within the FACILITY considered for the application of such practices or

28        technologies, and the cost of such practices or technologies.

There is no limit to 5 years of information in that interrogatory.  Interrogatory No. 7 states:

> Please IDENTIFY the POLLUTANTS in STORM WATER
> DISCHARGE ASSOCIATED WITH INDUSTRIAL ACTIVITY at the
> FACILITY.

There is no limit to 5 years of information in that interrogatory.

*Surprisingly, Plaintiff never agreed to limit those interrogatories to only 5 years of information, even though that objection was raised as to Interrogatory No. 9 from the very beginning.*  While Plaintiff complains about rummaging through documents, it nevertheless still demands that Defendants rummage through nearly a century of documents and inquire of potentially dozens of individuals, in an effort to obtain information that has no relevancy on the claims in this case whatsoever due to the statute of limitations.

Until recently, Plaintiff ignored the fact that Defendants provided additional information responsive to the interrogatories has already been provided to Plaintiff when Defendants produced about 150 additional documents to Plaintiff on April 7, 2023, and April 10, 2023, which documents contain such information in addition to the original 177 documents described in the initial responses to interrogatories.

What is most frustrating to Defendants, and should be troubling to this Court, is that in these interrogatories Plaintiff seeks exactly the same current information that Defendants are already providing to Plaintiff informally during the course of settlement discussions.  Thus, the interrogatories are completely duplicative to the settlement process, and not needed for settlement purposes.  Indeed, as discussed below, the very same current information Plaintiff now seeks in its interrogatories is being prepared for a settlement discussion in early May between the parties and their consultants.

This case certainly appears to have morphed into (a) litigation by financial attrition; (b) a not-so-veiled effort designed by Plaintiff to threaten the financial viability of Defendants' family farm; and (c) a "dual track" effort by Plaintiff to rack up far more attorneys' fees that are reasonably needed to resolve this case.  The interrogatories are a key element in that strategy.  That is simply wrong.  Those truths are not ad hominem attacks, and they are accurate.  Seeking 100 years of

1   information is definitely designed to harass Defendants and places an undue burden on Defendants.

2   Plaintiff only backed down during the latter part of this Joint Statement process – but the

3   inappropriate motives are clearly demonstrated in the original discovery requests.

4        The mere fact that Defendants had to incur substantial attorneys' fees to engage in this Meet

5   and Confer and Joint Statement process to get Plaintiff to limit the interrogatories to only 5 years

6   demonstrates the financial attrition that this litigation by Plaintiff continues to inflict on Defendants.

7        Early on, Plaintiff agreed to delay the responses to the interrogatories because the parties are

8   actively engaged in settlement negotiations.  Defendants accordingly withheld spending their

9   resources on answering such discovery and instead focused their resources on settling this case.

10  Then Plaintiff abruptly changed course and provided no more extensions, even as settlement

11  discussions continued.  That required Defendants to provide immediate responses to the

12  interrogatories, when their expert/consultant was unavailable (and he has the responsive

13  information).

14       Defendants can only answer the interrogatories (and all other discovery propounded in this

15  case by Plaintiff) through the assistance of their expert/consultant, Travis Peterson.  Plaintiff is fully

16  aware of that fact.  Mr. Carlon's letter to Defendants' counsel of April 14, 2023, accurately states

17  that Defendants' counsel informed Plaintiff's counsel of the following:

18         You [Defendants' counsel] agreed to ask Defendants' consultant for a
           timeframe in which he could provide that current information, but were
19         not able to commit to a date by which that information could be produced.

20  In his supporting declaration, Mr. Carlon wrote:

21         I asked Mr. Hansen to provide a date by which Defendants would agree to

22         provide the information already available to them that was responsive to
           the Interrogatories, but Mr. Hansen said that he did not know, and that he

23         would have to check with Defendants' consultant.

24  Mr. Hansen did just that.  Late on Tuesday, April 18, 2023, Mr. Peterson provided that information

25  to Mr. Hansen.  Mr. Peterson states that he will be able to provide current information that is

26  responsive to the interrogatories by May 5, 2023.  Incidentally, he is compiling that identical

27  information for a global settlement discussion with Plaintiff in early May.  Thus, once again, the

28  discovery propounded by Plaintiff is completely duplicative of the settlement efforts between the

1  parties.  Which is wrong.

2  **III.     PARTIES' FINAL PROPOSED COMPROMISE**

3       **A.  Plaintiff's Statement**

4       As discussed above, in the course of the meet and confer process, Defendants represented

5  that they already have some of the information sought in these Interrogatories.  The information that

6  is apparently already readily available to Defendants includes the responsive information that relates

7  to the current day-to-day operations at Defendants' duck farm.  Carlon Decl. at ¶ 4.  Defendants

8  represented that it would take them some time, approximately 5-6 weeks, to gather information

9  relating to more historic practices (the Interrogatories seek information going back as far as five

10  years from the filing of the Complaint, due to the statute of limitations for civil penalties in this case)

11  and provide an amended response.  *Id.* at ¶ 7.  However, Defendants, in the course of the meet and

12  confer process, were not able to commit to a specific date by which the amended responses would be

13  provided, and have only tentatively agreed to provide "current information" by May 5, 2023 –

14  *depending on the availability of their consultant.  Id.* at ¶ 8.

15       Therefore, Plaintiff proposes that Defendants immediately provide amended responses to the

16  Interrogatories that include the readily-available information regarding Defendants' current day-to-

17  day operations at the duck farm that Defendants have admitted is already in their possession.

18  Plaintiff proposes allowing Defendants six weeks to further amend the responses to the

19  Interrogatories to the extent that the information sought is not readily available, and relates to

20  historic operations at the duck farm.  Plaintiff will further agree, at this time, to limit the requests to

21  the five-year statute of limitations, but reserves the right to seek amended responses in the future,

22  should older information become relevant to the dispute (e.g., information regarding the construction

23  of manure-storage ponds and infrastructure may pre-date the statute of limitations cut-off agreed to

24  herein, but is highly relevant to the issues at stake in this action).

25       **B.  Defendants' Statement**

26       Because Mr. Peterson is not able to assist any earlier, Defendants will provide current

27  information that is responsive to the interrogatories by <u>May 5, 2023</u> (which Mr. Peterson is also

28  preparing for settlement discussions).  The information sough by Plaintiffs is in the possession of

1 Mr. Peterson.

2      Defendants will provide additional, non-current, information that is responsive to the

3 interrogatories, but is not older than October 21, 2017, by <u>June 1, 2023</u>.

4      As to the historical information sought by Plaintiff in the interrogatories beyond 5 years,

5 such information should *not* have to be provided by Defendants at all.  Plaintiff wrongly seeks

6 information that is "[NOT] relevant to any party's claim or defense and [NOT] proportional to the

7 needs of the case, considering the importance of the issues at stake in the action, the amount in

8 controversy, the parties' relative access to relevant information, the parties' resources, the

9 importance of the discovery in resolving the issues, and whether the burden or expense of the

10 proposed discovery outweighs its likely benefit."  FRCP 26(b)(1).  Therefore, it is quite surprising

11 that, until the latter part of this Joint Statement process,  Plaintiff continued to insist on Defendants

12 spending a huge amount of resources in searching for such irrelevant information that is decades old.

13 But again, that is all part of Plaintiff's unreasonable litigation strategy in this case.

14

15 Dated: April 24, 2023      LAW OFFICES OF ANDREW L. PACKARD

16

17       By: ___/s/ William N. Carlon_____

18          William N. Carlon
         Attorneys for Plaintiff

19          CALIFORNIANS FOR ALTERNATIVES TO TOXICS

1   Dated: April 24, 2023                    ABBOTT & KINDERMANN, INC.

2                                            By:   /s/ Glen C. Hansen
                                                 _____
3                                                DIANE G. KINDERMANN
                                                 GLEN C. HANSEN
4                                                Attorneys for Defendants
                                                 REICHARDT DUCK FARM, INC., and
5                                                JOHN REICHARDT

6                              **ATTESTATION FOR E-FILING**

7          I hereby attest pursuant to Civil L.R. 5-1(i) (3) that I have obtained concurrence in the filing
    of this document from the above Signatory prior to filing.

8
    DATED: April 24, 2023                              By: /s/ William N. Carlon
9                                                          _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28