# EXHIBIT 2

| | |
|---|---|
| 1 | Diane Kindermann (SBN 144426) |
|   | dkindermann@aklandlaw.com |
| 2 | Glen C. Hansen (SBN 166923) |
|   | ghansen@aklandlaw.com |
| 3 | ABBOTT & KINDERMANN, INC. |
|   | 2100 21st Street |
| 4 | Sacramento, California 95818 |
|   | Telephone:   (916) 456-9595 |
| 5 | Facsimile:    (916) 456-9599 |

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation, | Case No: 3:22-CV-09065-AGT |
| Plaintiff, | **DEFENDANTS' RESPONSES TO INTERROGATORIES** |
| v. | **SET ONE** |
| REICHARDT DUCK FARM, INC., and JOHN REICHARDT, | |
| Defendants. | |

**PROPOUNDING PARTY:**    Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS

**RESPONDING PARTY:**    Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT

**SET NUMBER:**    One

Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT (collectively, "Defendants") respond to Plaintiff CALIFORNIANS FOR ALTERNATIVES TO TOXICS ("Plaintiff")'s Interrogatories, Set One, as follows:

-1-
**DEFENDANTS' RESPONSES TO INTERROGATORIES, SET ONE**

**GENERAL OBJECTIONS**

1. To the extent any of these interrogatories may be construed as calling for information which is subject to a claim of privilege, including, without limitation, the attorney/client privilege, the attorney work product doctrine, the right to privacy under common law, the California Constitution or the United States Constitution or any other lawfully recognized privilege or immunity which may attach to the information or documents requested, Defendants hereby assert such doctrine and privileges and objects to such interrogatory on that basis.

2. Defendants have not yet completed its review and investigation of the facts relating to this case. The following responses are necessarily based on information presently known to, in the possession of, or identified by Defendants, and the information provided pursuant to these requests are provided without prejudice to Defendants' right to utilize subsequently discovered facts or documents and to amplify the meaning of existing facts or documents, all of which may lead to substantial additions to and changes in the responses herein provided. Discovery is in its preliminary stages and is continuing.

3. In responding to the interrogatories herein, Defendants do not concede the relevancy of materiality of any interrogatories. Defendants' responses are made expressly subject to, and without in any way waiving or intending to waive, any objections as to competency, relevancy, materiality or privilege, as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, including trial of this action.

4. Defendants object to these interrogatories on the grounds, and to the extent, that they require information from persons or entities outside of Defendants' control.

5. Defendants will make reasonable efforts to respond to any interrogatory, to the extent it has not been objected to, as Defendants understand and interpret the interrogatory. If Plaintiff subsequently asserts an interpretation of the interrogatory which differs from that of Defendants, they reserve the right to object to and supplement their response(s).

6. Defendants object to these interrogatories on the grounds, and to the extent, that they attempt or purport to impose obligations on Defendants beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other federal law or rule of court.

7. Defendants object to these interrogatories on the grounds, and to the extent, that they seek information and data peculiarly within the possession, custody or control of Plaintiff and not Defendants, or that they seek information or data equally within Plaintiff's possession, custody, or control.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please DESCRIBE any action undertaken at the FACILITY by YOU since October 21, 2017 to the present to prevent or reduce STORM WATER DISCHARGE ASSOCIATED WITH INDUSTRIAL ACTIVITY contaminated with POLLUTANTS from the FACILITY, including but not limited to the dates and duration of all such activities, the type of activities, the portions of the FACILITY where the activity is or was conducted, PERSONS conducting the activity, and the specific purpose of the activity.

**RESPONSE TO INTERROGATORY NO. 1:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information became known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 2:**

Please DESCRIBE any actions undertaken at the FACILITY by YOU in response to receiving STORM WATER monitoring results indicating levels of a POLLUTANT or

POLLUTANTS in excess of WATER QUALITY CRITERION or WATER QUALITY CRITERIA for such POLLUTANT or POLLUTANTS.

**RESPONSE TO INTERROGATORY NO. 2:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information become known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 3:**

Please IDENTIFY any and all PERSONS who have provided YOU with any services relating to compliance with the Clean Water Act at the FACILITY.

**RESPONSE TO INTERROGATORY NO. 3:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information become known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 4:**

Please IDENTIFY any and all samples of STORM WATER DISCHARGE ASSOCIATED WITH INDUSTRIAL ACTIVITY taken at the FACILITY, including the date, time, PERSON who collected the sample, the lab which performed the analysis, and the results of that analysis since October 21, 2017.

**RESPONSE TO INTERROGATORY NO. 4:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information become known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 5:**

Please IDENTIFY any and all PERSONS who took or will take samples of STORM WATER DISCHARGE ASSOCIATED WITH INDUSTRIAL ACTIVITY at the FACILITY, the analytical results of which were or will be submitted to the REGIONAL BOARD since October 21, 2017 including the date(s) of any samples taken by each such PERSON.

**RESPONSE TO INTERROGATORY NO. 5:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information become known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 6:**

Please DESCRIBE any STORM WATER pollution management practices or treatment technologies that have been considered by YOU but not implemented at the FACILITY, including but not limited to the reason for not implementing any such measures or technologies, the POLLUTANT intended to be addressed by such practices or technologies, the location within the FACILITY considered for the application of such practices or technologies, and the cost of such practices or technologies.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants are not aware of any at this time. Defendants will amend this response as additional documents and information become known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 7:**

Please IDENTIFY the POLLUTANTS in STORM WATER DISCHARGE ASSOCIATED WITH INDUSTRIAL ACTIVITY at the FACILITY.

**RESPONSE TO INTERROGATORY NO. 7:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information became known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 8:**

Please DESCRIBE the process by which YOU have evaluated whether the BMPs and other GENERAL PERMIT compliance measures at the FACILITY constitute BAT or BCT since October 21, 2017.

**RESPONSE TO INTERROGATORY NO. 8:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff: Reichardt 0001-0177. Defendants will amend this response as additional documents and information became known to Defendants during the course of investigation and discovery. Discovery is continuing in this case.

**INTERROGATORY NO. 9:**

Please DESCRIBE in as much detail as possible any and all industrial activities conducted at the FACILITY at all times since commencing YOUR operations at the FACILITY.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object on the ground that the terms "as much detail as possible" is vague and ambiguous.

Also, because the Facility has been in operation at this location for approximately 100 years, through several generations, Defendants object to this Interrogatory on the ground that it seeks information that is neither relevant nor proportional to the needs of the case.

Without waiving such objections, Defendants respond as follows:

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff:  Reichardt 0001-0177.  Defendants will amend this response as additional documents and information became known to Defendants during the course of investigation and discovery.  Discovery is continuing in this case.

**INTERROGATORY NO. 10:**

Please DESCRIBE all uses of non-storm water at the FACILITY, including where such non-storm water discharges from the FACILITY.

**RESPONSE TO INTERROGATORY NO. 10:**

Pursuant to FRCP 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the following business records, and the burden of deriving or ascertaining the answer will be substantially the same for either Plaintiff or Defendants, and therefore Defendants refer Plaintiff to the following documents, which have already been produced to Plaintiff:  Reichardt 0001-0177.  Defendants will amend this response as additional documents and information became known to Defendants

**DEFENDANTS' RESPONSES TO INTERROGATORIES, SET ONE**

during the course of investigation and discovery.  Discovery is continuing in this case.

Dated:  March 27, 2023                    ABBOTT & KINDERMANN, INC.


                                          By:   */s/ Glen C. Hansen*
                                              GLEN C. HANSEN
                                              DIANE G. KINDERMANN
                                              Attorneys for Defendants
                                              REICHARDT DUCK FARM, INC., and
                                              JOHN REICHARDT

# PROOF OF SERVICE

I, Lisa Haddix, declare as follows:

I am employed in the County of Sacramento, over the age of eighteen years and not a party to this action. My business address is 2100 21st Street, Sacramento, California 95818. On March 27, 2023, I served the foregoing document(s) described as:

## DEFENDANTS' RESPONSES TO INTERROGATORIES

## SET ONE

On the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Andrew L. Packard<br>William N. Carlon<br>LAW OFFICES OF ANDREW L. PACKARD<br>245 Kentucky Street, Suite B3<br>Petaluma, CA 94952<br>Tel: (707) 782-4060<br>Fax: (707) 782-4062<br>andrew@packardlawoffices.com<br>wncarlon@packardlawoffices.com | Attorneys for Plaintiff<br>CALIFORNIANS FOR ALTERNATIVES TO TOXICS |

    **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**X**   **BY ELECTRONIC SERVICE [EMAIL]:** Sending a true copy of the above-described document(s) via electronic transmission from email address lhaddix@aklandlaw.com to the persons listed above on March 27, 2023. The transmission was reported as complete and without error. [CRC 2.256 (a)(4), 2.260].

    **BY OVERNIGHT DELIVERY:** On the above-mentioned date, I enclosed the documents in a sealed envelope and addressed to the persons listed on the attached service list. I placed the envelope or package for collection with the USPS with overnight delivery instructions following our ordinary business practices.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on March 27, 2023, at Sacramento, California.

_____
Lisa Haddix