UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REICHARDT DUCK FARM, INC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-09065-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 33 |

　　　　This order resolves the parties' April 24 dispute about defendants' document production.

　　1.　　Production Deadline

　　Defendants produced documents responsive to certain RFPs but report that they are "continuing to look for more responsive documents, if any exist, and [that] such additional documents, if found, will be produced when they are located." Dkt. 33 at 3–4. Plaintiff seeks a court order that would require defendants to finalize their production within a week. *See id.* at 6.

　　At this time, the Court won't set a deadline by which defendants must complete their production. The fact-discovery cutoff isn't until May 29, 2024, more than a year from now, *see* Dkt. 27, and plaintiff hasn't explained why it needs the outstanding documents within a week.

　　The Court isn't suggesting that defendants can wait until the discovery cutoff to complete their production. But when either side asks the Court for discovery by a date certain, the requesting party must offer reasons for why it needs discovery by the date requested and identify prejudice that will result from delay. Plaintiff hasn't provided this information here.

　　Admittedly, defendants' open-ended response—about continuing to look for responsive

documents for some unspecified time—isn't very helpful. But this lack of specificity is a meet-and-confer issue. Defendants must identify a date by which they will finalize their production. If plaintiff believes defendants' proposed date is too far away, plaintiff must explain why it needs the outstanding documents sooner.

    2.    <u>Corporate Defendant's Tax Returns</u>

The corporate defendant, Reichardt Duck Farm, Inc. (RDF), must, in response to RFP 32, produce its federal income tax returns from October 21, 2017, to the present. *See* Dkt. 33-1 at 14. RDF's financial condition is relevant to the amount (if any) of civil penalties to be imposed under the Clean Water Act. *See* 33 U.S.C. § 1319(d). Liability hasn't been established, but the case also hasn't been bifurcated. Before litigation accelerates, plaintiff reasonably wants to evaluate RDF's ability to pay a potential penalty.

RDF asserts that it already produced "extensive financial documents." Dkt. 33 at 4. Even so, RDF's tax returns merit review because they reflect financial representations made under penalty of perjury: a threat that increases the likelihood of accuracy.

RDF invokes the "public policy against unnecessary public disclosure" of tax returns. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *see also In re: Yosemite Nat'l Park Hantavirus Litig.*, No. 14-MD-02532-MMC (KAW), 2016 WL 5335550, at *3 (N.D. Cal. Sept. 23, 2016) (indirectly relying on this policy in denying motion to compel production of tax returns). That public policy won't be contravened here. A protective order is in place, under which plaintiff isn't permitted to publicly disclose defendants' confidential information. *See* Dkt. 24 § 7.

RDF must produce its tax returns, but RDF need not produce all source documents underlying those returns (e.g., copies of all tax forms RDF used to prepare its tax returns). RDF's financial condition is relevant, but a full-scale audit of RDF isn't warranted.

    3.    <u>Individual Defendant's Tax Returns</u>

Plaintiff asked the individual defendant, John Reichardt, to produce his tax returns and IRS form 1099s from October 21, 2017, to the present, and to produce documents disclosing

his income and net worth. *See* Dkt. 33-1 at 12–14. Reichardt produced his W-2s but no other personal financial information, prompting plaintiff to request a more fulsome response.

For now, the Court won't require Reichardt to produce additional financial information. Reichardt is a named defendant who has answered the complaint, *see* Dkt. 13, but plaintiff's theory of liability as to him isn't obvious: the complaint doesn't identify actions taken by him. Perhaps plaintiff seeks to hold Reichardt liable for the acts of the corporate defendant, RDF, but plaintiff hasn't made this clear, nor has plaintiff identified legal authority that would allow for piercing the corporate veil in this context. The Court will allow plaintiff to renew its request for Reichardt's financial information, in a new joint statement. But the Court won't compel Reichardt to produce additional financial information until plaintiff makes a more persuasive showing of relevance.

Each side shall bear its own costs for this discovery dispute.

**IT IS SO ORDERED.**

Dated: May 5, 2023

Alex G. Tse
United States Magistrate Judge