1  Diane Kindermann (SBN 144426)
   dkindermann@aklandlaw.com
2  Glen C. Hansen (SBN 166923)
   ghansen@aklandlaw.com
3  ABBOTT & KINDERMANN, INC.
   2100 21st Street
4  Sacramento, California 95818
   Telephone:    (916) 456-9595
5  Facsimile:    (916) 456-9599

6  Attorneys for Defendants
   REICHARDT DUCK FARM, INC., and
7  JOHN REICHARDT

8

   **UNITED STATES DISTRICT COURT**
9
   **NORTHERN DISTRICT OF CALIFORNIA**
10

11  CALIFORNIANS FOR ALTERNATIVES       Case No: 3:22-CV-09065-AGT
    TO TOXICS, a non-profit corporation,
12                                       **DEFENDANTS' ANSWER TO AMENDED**
             Plaintiff,                  **COMPLAINT FOR DECLARATORY AND**
13                                       **INJUNCTIVE RELIEF AND CIVIL**
    v.                                   **PENALTIES**
14
    REICHARDT DUCK FARM, INC., and       **DEMAND FOR JURY TRIAL**
15  JOHN REICHARDT,
                                         (Federal Water Pollution Control Act, 33 U.S.C.
16   Defendants.                         §§ 1251-1387)

17                                       The Honorable Alex G. Tse

18

19       Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT

20  (collectively, "Defendants") answer the Amended Complaint for Declaratory and Injunctive

21  Relief and Civil Penalties ("Complaint") filed by Plaintiff CALIFORNIANS FOR

22  ALTERNATIVES TO TOXICS ("Plaintiff") pursuant to the Federal Water Pollution Control

23  Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. §§1251 *et seq.* as follows:

24  **I.    JURISDICTION AND VENUE**

25       1.    Answering Paragraph 1, Defendants admit that this is a civil suit.  Defendants

26  lack knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations in Paragraph 1 and on that basis deny those remaining allegations.

28

2.      Answering Paragraph 2, Defendants admit that Plaintiff provided written notice to Defendants on October 21, 2022, and deny that Defendants violated the Act.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis deny those remaining allegations.

3.      Answering Paragraph 3, Defendants admit the Complaint was filed on December 21, 2022.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis deny those allegations.

4.      Answering Paragraph 4, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis deny those allegations.

5.      Answering Paragraph 5, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis deny those allegations.

6.      Answering Paragraph 6, Defendants admit that venue is proper in the Northern District of California, that venue is proper because a substantial part of the events or omissions alleged in the Complaint occurred in this District, and that intra-district venue is proper in San Franciso or Oakland, California.  Defendants deny each and every remaining allegation contained in Paragraph 6.

## II.   **INTRODUCTION**

7.      Answering Paragraph 7, Defendants admit that the Facility is located at 3770 Middle Two Rock Road, outside of Petaluma, California, and that the total north and south Facility areas encompass about 373 acres.  Defendants deny each and every remaining allegation in paragraph 7.

8.      Answering Paragraph 8, Defendants lack knowledge or information sufficient to form a belief as to the truth of the unnamed creek.  Defendants admit that Laguna Lake discharges to Chileno Creek, which is a tributary to Walker Creek, which ultimately discharges to Tomales Bay and into the Pacific Ocean.  Defendants deny each and every remaining allegation in paragraph 8.

9.      Answering Paragraph 9, Defendants deny the allegations contained therein.

10.     Answering Paragraph 10, Defendants deny the allegations contained therein.

11.     Answering Paragraph 11, Defendants deny the allegations contained therein.

12.     Answering Paragraph 12, Defendants deny the allegations contained therein.

13.     Answering Paragraph 13, Defendants deny the allegations contained therein.

14.     Answering Paragraph 14, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding the general consensus among regulatory agencies and water quality specialists and on that basis deny those allegations. Defendants deny each and every remaining allegation in paragraph 14.

**III.   PARTIES**

15.     Answering Paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis deny those allegations.

16.     Answering Paragraph 16, Defendants deny the allegations contained therein regarding Defendants' alleged discharge of storm water containing pollutants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis deny those remaining allegations.

17.     Answering Paragraph 17, Defendants deny the allegations contained therein regarding Defendants' alleged discharges of pollutants, regarding Defendants' alleged ongoing failure to comply with the Clean Water Act, and regarding Defendants' alleged activities. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis deny those remaining allegations.

18.     Answering Paragraph 18, Defendants admit the allegations contained therein.

19.     Answering Paragraph 19, Defendants admit the allegations contained therein.

20.     Answering Paragraph 20, Defendants admit the allegations contained therein.

21.     Answering Paragraph 21, Defendants deny the allegations in Paragraph 18 to the extent that they allege that Defendants violated the terms of the General Permit. Defendants admit the remaining allegations in Paragraph 21.

22.    Answering Paragraph 22, Defendants deny the allegations contained therein.

## IV.    LEGAL BACKGROUND

### A.    Clean Water Act.

23.    Answering Paragraph 23, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

24.    Answering Paragraph 24, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

25.    Answering Paragraph 25, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

26.    Answering Paragraph 26, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

27.    Answering Paragraph 27, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

28.    Answering Paragraph 28, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

29.    Answering Paragraph 29, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

30.    Answering Paragraph 30, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

**B.      State Regulations.**

31.      Answering Paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny those allegations.

32.      Answering Paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny those allegations.

33.      Answering Paragraph 33, Defendants deny that there are polluted discharges from the Facility.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and on that basis deny those remaining allegations.

**C.      California Industrial Storm Water General Permit.**

34.      Answering Paragraph 34, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

35.      Answering Paragraph 35, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

36.      Answering Paragraph 36, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

37.      Answering Paragraph 37, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

38.      Answering Paragraph 38, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

39.   Answering Paragraph 39, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

40.   Answering Paragraph 40, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

41.   Answering Paragraph 41, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

42.   Answering Paragraph 42, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

43.   Answering Paragraph 43, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

44.   Answering Paragraph 44, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

45.   Answering Paragraph 45, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

46.   Answering Paragraph 46, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

47.   Answering Paragraph 47, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

48.     Answering Paragraph 48, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

49.     Answering Paragraph 49, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

50.     Answering Paragraph 50, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

51.     Answering Paragraph 51, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

52.     Answering Paragraph 52, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

53.     Answering Paragraph 53, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

54.     Answering Paragraph 54, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

55.     Answering Paragraph 55, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

56.     Answering Paragraph 56, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

57.     Answering Paragraph 57, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

58.     Answering Paragraph 58, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

59.     Answering Paragraph 59, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

## V.     STATEMENT OF FACTS

### A.  The Facility

60.     Answering Paragraph 60, Defendants admit the allegations contained therein.

61.     Answering Paragraph 61, Defendants admit the allegations contained therein.

62.     Answering Paragraph 62, Defendants admit that the Facility generally houses more than 100,000 ducks at any given time and keeps them year-round, and that the areas within which the animals are confined do not sustain any crops, vegetation, forage growth, or post-harvest residues in the normal growing season.  Defendants deny the remaining allegations in Paragraph 62.

63.     Answering Paragraph 63, Defendants admit the allegations contained therein.

64.     Answering Paragraph 64, Defendants deny the allegations contained therein.

65.     Answering Paragraph 65, Defendants deny the allegations contained therein.

66.     Answering Paragraph 66, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis deny those allegations.

67.     Answering Paragraph 67, Defendants admit there is no individual NDES permit for the Facility.  Defendants deny the remaining allegations.

### B.  The Facility

68.     Answering Paragraph 68 Defendants deny the allegations contained therein.

69.     Answering Paragraph 69 Defendants deny the allegations contained therein.

70.     Answering Paragraph 70 Defendants deny the allegations contained therein.

71.     Answering Paragraph 71 Defendants deny the allegations contained therein.

72.     Answering Paragraph 72 Defendants deny the allegations contained therein.

73.     Answering Paragraph 73 Defendants deny the allegations contained therein.

74.     Answering Paragraph 74 Defendants deny the allegations contained therein.

75.     Answering Paragraph 75 Defendants admit the allegations contained therein.

76.     Answering Paragraph 76 Defendants admit the allegations contained therein.

77.     Answering Paragraph 77 Defendants admit the allegations contained therein.

78.     Answering Paragraph 78 Defendants admit the allegations contained therein.

79.     Answering Paragraph 79, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis deny those allegations.

80.     Answering Paragraph 80, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis deny those allegations.

81.     Answering Paragraph 81 Defendants admit the allegations contained therein.

**C. Defendant's Storm Water Violations**

82.     Answering Paragraph 82 Defendants deny the allegations contained therein.

83.     Answering Paragraph 83, Defendants admit that the ducks are raised and slaughtered at the Facility, and that the operations at the Facility have the following Standard Industrial Classification (SIC) codes:  SIC code 0259 (Poultry and Eggs, not elsewhere classified), and SIC code 2015 (Poultry Slaughtering and Processing).  Defendants deny each and every remaining allegation contained in Paragraph 83.

84.     Answering Paragraph 84, Defendants deny that the Facility has dry litter and manure disposal facilities.  Defendants admit the remaining allegations in Paragraph 84.

85.     Answering Paragraph 85, Defendants deny the allegations contained therein.

86.     Answering Paragraph 86, Defendants admit that the Facility may discharge storm

water, but it may be from more or fewer locations than indicated in the depiction in Paragraph 86.  Defendants deny each and every remaining allegation contained in Paragraph 86.

87.     Answering Paragraph 87, Defendants admit that they filed a Notice of Intent on January 26, 2015, for the current General Permit, and that the Facility was assigned the Waste Discharge Identification number 2 49I014770. Defendants deny each and every remaining allegation contained in Paragraph 87.

88.     Answering Paragraph 88, Defendants admit that since January 26, 2015, the Facility has operated under the General Permit. Defendants deny each and every remaining allegation contained in Paragraph 88.

89.     Answering Paragraph 89, Defendants admit that the Facility has sampled storm water; that that pollutants that were measured have exceeded EPA Benchmarks but that EPA Benchmarks are not the proper measure for this General Permit; that Numeric Action Levels (NALs) are not the same as from EPA benchmarks; that what actions are required in response to an EPA Benchmark exceedance have been identified as a problem by the Water Boards, industry and environmental stakeholders; and that the Facility has reported required data to the RWQCB. Defendants deny each and every remaining allegation contained in Paragraph 89.

90.     Answering Paragraph 90, Defendants admit that they measured discharges containing levels of total suspended solids and phosphorus in excess of the EPA Benchmark values; that EPA Benchmarks are not the proper measure for this General Permit; that Numeric Action Levels (NALs) are not the same as from EPA benchmarks; that what actions are required in response to an EPA Benchmark exceedance have been identified as a problem by the Water Boards, industry and environmental stakeholders; and that the Facility has submitted reports to the RWQCB. Defendants deny each and every remaining allegation contained in Paragraph 90.

91.     Answering Paragraph 91, Defendants deny the allegations contained therein.

92.     Answering Paragraph 92, Defendants admit that Laguna Lake discharges to Chileno Creek, which is a tributary to Walker Creek, which ultimately discharges to Tomales Bay and into the Pacific Ocean.  Defendants deny each and every remaining allegation in paragraph 92.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

93.     Answering Paragraph 93, Defendants deny the allegations contained therein.

94.     Answering Paragraph 94, Defendants deny the allegations contained therein.

**D.  The Facility's SWPPP**

95.     Answering Paragraph 95, Defendants admit that the format of the SWPPP is not prescribed in the Industrial General Permit, and that multi-part documents are commonly submitted by the regulated industries.  Defendants lack knowledge or information sufficient to form a belief as to whether Defendants' SWPPP is confusing or incomprehensible to Plaintiffs. Defendants deny each and every remaining allegation contained therein.

96.     Answering Paragraph 96, Defendants admit the allegations therein.

97.     Answering Paragraph 97, Defendants admit that the Powerpoint and the Word document dated June 23, 2015 (collectively "2015 SWPPP") contains significant amounts of information, but not all of the information, that is required by General Permit Section X. Defendants deny each and every remaining allegation contained therein.

98.     Answering Paragraph 98, Defendants admit that the 2015 SWPPP contains significant amounts of information, but not all of the information, that is required by General Permit Section X. Defendants deny each and every remaining allegation contained therein.

99.     Answering Paragraph 99, Defendants admit that the Facility has made modifications to relevant SWPPP elements since June 23, 2015; that such modifications were certified on June 13, 2018, July 15, 2020, and March 11, 2021; and that such modifications were uploaded to SMARTS. Defendants deny each and every remaining allegation contained therein.

100.    Answering Paragraph 100, Defendants admit that while the "Word SWPPP" does not identify a Pollution Prevention Team, the "Powerpoint SWPPP" does; and that the "Word SWPPP" does not need to identify a Pollution Prevention Team where the "Powerpoint SWPPP" does. Defendants deny each and every remaining allegation contained therein.

101.    Answering Paragraph 101, Defendants admit that the titles of the Storm Water Team are identified in the "Powerpoint SWPPP"; and that while the responsibilities, duties and activities of each member of the Storm Water Team are not explicitly stated in the "Powerpoint SWPPP," they are implicitly identified by the titles that are explicitly stated in the "Powerpoint

1  SWPPP." Defendants deny each and every remaining allegation contained therein.

2      102.    Answering Paragraph 102, Defendants admit that the names and titles of five (5)

3  Facility staff who are alternative team members to implement the SWPPP and conduct required

4  monitoring when the regularly assigned team members are temporarily unavailable are explicitly

5  identified in the "Powerpoint SWPPP"; and that the "procedures to identify alternate team

6  members" is fully satisfied by the explicit identification of the names and titles of such Facility

7  staff in the "Powerpoint SWPPP." Defendants deny each and every remaining allegation

8  contained therein.

9      103.    Answering Paragraph 103, Defendants admit the allegations therein.

10      104.    Answering Paragraph 104, Defendants admit that while the "Word SWPPP" does

11  not include a site map of the Facility, the "Powerpoint SWPPP" does; and that the "Word

12  SWPPP" does not need to include a site map of the Facility where the "Powerpoint SWPPP"

13  does. Defendants deny each and every remaining allegation contained therein.

14      105.    Answering Paragraph 105, Defendants deny the allegations therein.

15      106.    Answering Paragraph 106, Defendants deny the allegations therein.

16      107.    Answering Paragraph 107, Defendants admit that the Facility is a farm and that

17  there are no specific areas of excess soil erosion to identify; that sediment control is

18  acknowledged in the 2015 SWPPP; and that BMPs are shown on the maps in 2015 SWPPP.

19  Defendants deny each and every remaining allegation contained therein.

20      108.    Answering Paragraph 108, Defendants admit that the site maps in the 2015

21  SWPPP show a substantial representation of the storm water collection and conveyance systems

22  at the Facility by showing roads, gutters and buildings with roofs. Defendants deny each and

23  every remaining allegation contained therein.

24      109.    Answering Paragraph 109, Defendants admit that the site maps in the 2015

25  SWPPP show a substantial representation of the storm water structural control measures by

26  showing the sediment pond, the spill containment inlet, the litter storage area berm and the catch

27  basin. Defendants deny each and every remaining allegation contained therein.

28

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

110.    Answering Paragraph 110, Defendants admit that the impervious buildings in the Facility are clearly visible, and their roofs are identified, which make up the vast majority of impervious surfaces of the Facility.  Defendants deny each and every remaining allegation contained therein.

111.    Answering Paragraph 111, Defendants admit that the site maps in the 2015 SWPPP show a substantial representation of the industrial areas where materials are directly exposed to precipitation by showing shop, chlorine, gas station, duck houses, wastewater, litter storage and manure separator.  Defendants deny each and every remaining allegation contained therein.

112.    Answering Paragraph 112, Defendants deny the allegations therein.

113.    Answering Paragraph 113, Defendants admit that while the shipping and receiving areas at the Facility are not explicitly identified as such in the site maps in the "Powerpoint SWPPP," such shipping and receiving areas are identified within the areas of industrial activities that are explicitly identified in the maps in the 2015 SWPPP.  Defendants deny each and every remaining allegation contained therein.

114.    Answering Paragraph 114, Defendants admit that while the vehicle and equipment storage/maintenance areas at the Facility are not explicitly identified as such in the site maps in the "Powerpoint SWPPP," such vehicle and equipment storage/maintenance areas are identified within the areas of industrial activities that are explicitly identified in the maps in the 2015 SWPPP.  Defendants deny each and every remaining allegation contained therein.

115.    Answering Paragraph 115, Defendants admit that while the material handling and processing areas at the Facility are not explicitly identified as such in the site maps in the "Powerpoint SWPPP," such material handling and processing areas are identified within the areas of industrial activities that are explicitly identified in the maps in the 2015 SWPPP. Defendants deny each and every remaining allegation contained therein.

116.    Answering Paragraph 116, Defendants admit that, while the site maps contained in the "Powerpoint SWPPP" do not identify dust or particulate generating areas, the Facility is a farm, and such areas did not exist at the Facility in the discharger's opinion at the time the site

maps in the 2015 SWPPP were created. Defendants deny each and every remaining allegation contained therein.

117.    Answering Paragraph 117, Defendants admit that, while the site maps contained in the "Powerpoint SWPPP" do not identify cleaning and material reuse areas that may have potential pollutant sources, no such areas existed at the Facility.  Defendants deny each and every remaining allegation contained therein.

118.    Answering Paragraph 118, Defendants admit that the site maps in the 2015 SWPPP show a substantial representation of the industrial areas where storm water may be exposed to industrial activity.  Defendants deny each and every remaining allegation contained therein.

119.    Answering Paragraph 119, Defendants admit the allegations therein.

120.    Answering Paragraph 120, Defendants admit that the 2015 SWPPP did not include a complete description of potential pollutant sources at the Facility; and that additional SWPPP elements were certified and uploaded to SMARTS on June 13, 2018, July 15, 2020, and March 11, 2021, which contained more description as additional information became available. Defendants deny each and every remaining allegation contained therein.

121.    Answering Paragraph 121, Defendants admit that the 2015 SWPPP did not include a complete assessment of potential pollutant sources at the Facility; and that additional SWPPP elements were certified and uploaded to SMARTS on June 13, 2018, July 15, 2020, and March 11, 2021, which contained more assessment as additional information became available. Defendants deny each and every remaining allegation contained therein.

122.    Answering Paragraph 122, Defendants admit the allegations therein.

123.    Answering Paragraph 123, Defendants admit that the summary table in the "Word SWPPP" does not identify any BMPs developed or implemented after June 28, 2015; and that additional BMPs were identified, implemented and placed in a summary table, which documents were uploaded to SMARTS on July 15, 2020, and March 11, 2021.  Defendants deny each and every remaining allegation contained therein.

124.   Answering Paragraph 124, Defendants admit that while the "Powerpoint SWPPP" does not contain a BMP summary table, the "Word SWPPP" does; and that additional BMPs were identified, implemented and placed in a summary table, which documents were uploaded to SMARTS on July 15, 2020, and March 11, 2021.  Defendants deny each and every remaining allegation contained therein.

125.   Answering Paragraph 126, Defendants admit that the "Powerpoint SWPPP" identifies six practices as Minimum BMPs; and that additional Minimum BMPs were identified, implemented and documented in documents that were uploaded to SMARTS on July 15, 2020, and March 11, 2021.  Defendants deny each and every remaining allegation contained therein.

126.   Answering Paragraph 126, Defendants admit that the "Powerpoint SWPPP" identifies six practices as Minimum BMPs; and that additional Minimum BMPs were identified, implemented and documented in documents that were uploaded to SMARTS on July 15, 2020, and March 11, 2021.  Defendants deny each and every remaining allegation contained therein.

127.   Answering Paragraph 127, Defendants admit that additional Minimum BMPs were identified, implemented and documented in documents that were uploaded to SMARTS on July 15, 2020, and March 11, 2021; and that such additional documents incorporate CASQA BMP Fact Sheets.  Defendants deny each and every remaining allegation contained therein.

128.   Answering Paragraph 128, Defendants admit the allegations therein.

129.   Answering Paragraph 129, Defendants admit that Defendants uploaded to SMARTS the 2018 Assessment with additional SWPPP elements as additional information was made available; that the 2018 Assessment reflected the Defendants' developing understanding of the pollutants on-site; and that a revised SWPPP was not specifically submitted to SMARTS. Defendants deny each and every remaining allegation contained therein.

130.   Answering Paragraph 130, Defendants admit that Defendants uploaded to SMARTS the 2018 Assessment with additional SWPPP elements as additional information was made available; that the 2018 Assessment reflected the Defendants' developing understanding of the pollutants on-site; and that a revised SWPPP was not specifically submitted to SMARTS. Defendants deny each and every remaining allegation contained therein.

131.    Answering Paragraph 131, Defendants admit that the "Powerpoint SWPPP" does not include a Monitoring Implementation Plan; and that the document uploaded by Defendants to SMARTS on July 15, 2020, does.  Defendants deny each and every remaining allegation contained therein.

132.    Answering Paragraph 132, Defendants admit that the document uploaded by Defendants to SMARTS on July 15, 2020, contains an adequate Monitoring Implementation Plan.  Defendants deny each and every remaining allegation contained therein.

133.    Answering Paragraph 133, Defendants admit that Monitoring Implementation Plan in the "Word SWPPP" does not identify procedures for field instrument calibration instructions and does not include an example chain of custody form; and that such field instrumentation calibration instructions and chain or custody form are maintained at the Facility with on-site records.  Defendants deny each and every remaining allegation contained therein.

134.    Answering Paragraph 134, Defendants admit the allegations therein.

135.    Answering Paragraph 135, Defendants admit the allegations therein.

136.    Answering Paragraph 136, Defendants deny the allegations contained therein.

137.    Answering Paragraph 137, Defendants admit the allegations therein.

138.    Answering Paragraph 138, Defendants deny the allegations contained therein.

139.    Answering Paragraph 139, Defendants deny the allegations contained therein.

**E.  Storm Water Monitoring**

140.    Answering Paragraph 140, Defendants admit that duck manure contains pathogens and nutrients.  Defendants deny each and every remaining allegation contained therein.

141.    Answering Paragraph 141, Defendants admit that the Facility does not analyze storm water samples for pathogens; and that the Facility is not explicitly required to do so under the General Plan. Defendants deny each and every remaining allegation contained therein.

142.    Answering Paragraph 142, Defendants deny the allegations contained therein.

143.    Answering Paragraph 143, Defendants admit that on only a few occasions all required data was not submitted to the RWQCB via SMARTS within the 30-day time frame; and

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

that on most occasions it was submitted within that 30-day time frame. Defendants deny each and every remaining allegation contained therein.

144.   Answering Paragraph 144, Defendants deny the allegations contained therein.

145.   Answering Paragraph 145, Defendants deny the allegations contained therein.

146.   Answering Paragraph 146, Defendants admit the allegations therein.

147.   Answering Paragraph 147, Defendants deny the allegations contained therein.

148.   Answering Paragraph 148, Defendants admit the allegations therein.

149.   Answering Paragraph 149, Defendants admit the allegations therein.

150.   Answering Paragraph 150, Defendants deny the allegations contained therein.

151.   Answering Paragraph 151, Defendants deny the allegations contained therein.

152.   Answering Paragraph 152, Defendants admit the allegations therein.

153.   Answering Paragraph 153, Defendants admit the allegations therein.

154.    Answering Paragraph 154, Defendants deny the allegations contained therein.

155.   Answering Paragraph 155, Defendants deny the allegations contained therein.

**VI.      CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Discharges of Contaminated Storm Water from the Facility**
**in Violation of Permit Conditions and the Act**
**(Violations of 33 U.S.C. §§ 1311(a), 1342)**

156.   Answering Paragraph 156, Defendants incorporate by reference all of the responses set forth in paragraphs 1-155 above.

157.   Answering Paragraph 157, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

158.   Answering Paragraph 158, Defendants deny the allegations contained therein.

159.   Answering Paragraph 159, Defendants deny the allegations contained therein.

160.   Answering Paragraph 160, Defendants deny the allegations contained therein.

161.   Answering Paragraph 161, Defendants deny the allegations contained therein.

162.    Answering Paragraph 162, Defendants deny the allegations contained therein.

163.     Answering Paragraph 163, Defendants deny the allegations contained therein.

164.     Answering Paragraph 164, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF
### Failure to Develop and Implement an Adequate
### Storm Water Pollution Prevention Plan for the Facility
### (Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

165.     Answering Paragraph 165, Defendants incorporate by reference all of the responses set forth in paragraphs 1-164 above.

166.     Answering Paragraph 166, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

167.     Answering Paragraph 167, Defendants deny the allegations contained therein.

168.     Answering Paragraph 168, Defendants deny the allegations contained therein.

169.     Answering Paragraph 169, Defendants deny the allegations contained therein.

## THIRD CLAIM FOR RELIEF
### Failure to Develop and Implement the Best Available
### And Best Conventional Treatment Technologies at the Facility
### (Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)

170.     Answering Paragraph 170, Defendants incorporate by reference all of the responses set forth in paragraphs 1-169 above.

171.     Answering Paragraph 171, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

172.     Answering Paragraph 172, Defendants deny the allegations contained therein.

173.     Answering Paragraph 173, Defendants deny the allegations contained therein.

174.     Answering Paragraph 174, Defendants deny the allegations contained therein.

175.     Answering Paragraph 175, Defendants deny the allegations contained therein.

///

///

///

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**FOURTH CLAIM FOR RELIEF**
**Discharges of Contaminated Storm Water From The Facility**
**In Violation of the Permit's Water Quality-Based Conditions and the Act**
**(Violations of 33 U.S.C. §§ 1311(a), 1342)**

176.    Answering Paragraph 176, Defendants incorporate by reference all of the responses set forth in paragraphs 1-175 above.

177.    Answering Paragraph 177, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

178.    Answering Paragraph 178, Defendants deny the allegations contained therein.

179.    Answering Paragraph 179, Defendants deny the allegations contained therein.

180.    Answering Paragraph 180, Defendants deny the allegations contained therein.

**FIFTH CLAIM FOR RELIEF**
**Failure to Complete Required Exceedance Response Actions**
**(Violations of Permit Conditions and the Act, 33 U.S.C. §§ 1311, 1342)**

181.    Answering Paragraph 181, Defendants incorporate by reference all of the responses set forth in paragraphs 1-180 above.

182.    Answering Paragraph 182, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

183.    Answering Paragraph 183, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

184.    Answering Paragraph 184, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

185.    Answering Paragraph 185, Defendants deny the allegations contained therein.

186.    Answering Paragraph 186, Defendants deny the allegations contained therein.

187.    Answering Paragraph 187, Defendants deny the allegations contained therein.

188.    Answering Paragraph 188, Defendants deny the allegations contained therein.

189.    Answering Paragraph 189, Defendants deny the allegations contained therein.

## SIXTH CLAIM FOR RELIEF
### Discharge of Pollutants Without NPDES Permit
### (Violations of the Act, 33 U.S.C. §§ 1311, 1342)

190.    Answering Paragraph 190, Defendants incorporate by reference all of the responses set forth in paragraphs 1-189 above.

191.    Answering Paragraph 191, Defendants contend that the allegations contained therein are legal contentions or legal conclusions, thus no response is required. To the extent a response is or may be required, Defendants deny the allegations contained therein.

192.    Answering Paragraph 192, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and on that basis deny those allegations.

193.    Answering Paragraph 193, Defendants deny the allegations contained therein.

194.    Answering Paragraph 194, Defendants deny the allegations contained therein.

195.    Answering Paragraph 195, Defendants deny the allegations contained therein.

## VII.    GENERAL DENIAL OF ANY ADDITIONAL MATTERS

As to any allegation of the Complaint, if any, which the Defendants have not expressly admitted or denied herein, Defendants deny generally and specifically each, every, and all of the allegations of the Complaint, and the whole thereof, to the extent it alleges liability on the part of Defendants and deny that Plaintiff has sustained any damages or harm in the manners alleged, or at all. Defendants further deny generally and specifically that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission by the answering Defendants, or their agents, servants or employees, or at all.

## VIII.    AFFIRMATIVE DEFENSES

Defendants allege the following separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim and cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Defendants have no liability for the claims and causes of action alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

The claims and causes of action in the Complaint are not ripe, and this Court should dismiss and/or abstain from hearing this action, as there is a pending suit involving some of the parties hereto and addressing issues that will affect the claims asserted herein.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe and on that basis, allege that Plaintiff has abandoned all claims in this matter.

**FIFTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the subject matter of the Complaint, and each cause of action alleged therein, and Plaintiff lacks standing to assert such claims.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff, by its own acts, breaches, conduct, and omissions, are barred and estopped from asserting the claims as set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff, by its own acts, breaches, conducts, and omissions, have knowingly and voluntarily waived each and every one of the claims and causes of action set forth in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief on the ground that Plaintiff failed to name all necessary and indispensable parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint was not filed with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which warrant the filing of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining relief on the grounds that Defendants hold all application licenses as required by the laws of the United States Government and the State of California.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an award of attorneys' fees because it cannot satisfy each required element for such recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over the subject matter of the individual defendants, and each cause of action alleged the individuals therein, because Plaintiff lacks standing to assert such claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The purported causes of action are moot by reason of the adoption of new rules and regulations adopted by the United States Environmental Protection Agency and the State of California.

**FURTHER AFFIRMATIVE DEFENSES**

Defendants lack sufficient knowledge or information upon which to form a belief as to whether Defendants may have additional, as yet unstated, defenses to the Complaint. Defendants therefore reserve the right to assert additional defenses in the event discovery and/or investigations reveal a factual and/or legal basis for such additional affirmative defenses.

IX.   **RELIEF REQUESTED**

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Complaint, and each and every claim and cause of action or claim for relief in the Complaint, be denied;

2.      That Plaintiff takes nothing and is afforded no relief by the Court;

-22-

1    3.      For costs of suit herein incurred; and

2    4.      For such other and further relief as the Court may deem just and proper.

3    **X.      DEMAND FOR JURY TRIAL**

4    Defendants hereby demand trial by jury.

5

6    Dated:  June 7, 2023                    ABBOTT & KINDERMANN, INC.

7

8                                    By:    */s/ Glen C. Hansen*
                                         GLEN C. HANSEN
9                                        DIANE G. KINDERMANN
                                         Attorneys for Defendants
10                                        REICHARDT DUCK FARM, INC., and
                                         JOHN REICHARDT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System.

**CALIFORNIANS FOR ALTERNATIVES TO TOXICS v. REICHARDT DUCK FARM, INC., and JOHN REICHARDT**

CASE NO. 3:22-CV-09065-AGT

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**

**DEMAND FOR JURY TRIAL**

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of the Northern District by using the CM/ECF system.

Participants in the case who are registered have been served via the Northern District of the United States District Court's CM/ECF system.

Date:  June 7, 2023                    ABBOTT & KINDERMANN, INC.

By:   _/s/ Lisa Haddix_____
        LISA HADDIX