ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 Sixteenth Street, Suite 204
Arcata, CA 95521
Tel: (707) 630-5061
Email: wverick@igc.org

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>          Plaintiff,<br><br>     vs.<br><br>REICHARDT DUCK FARM, INC., et al.<br><br>          Defendants. | Case No. 3:22-cv-09065-AGT<br><br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT NO. 4 (DOCUMENT PRODUCTION)** |

As required by Local Rule 37-1 and the Civil Standing Order for Magistrate Judge Alex G. Tse, the parties hereinafter briefly set forth their jointly held view on discovery issues raised by Plaintiff, unless otherwise specifically noted as being a view held separately.

## I.     ATTESTATION RE PARTIES' MEET AND CONFER EFFORTS

The Parties met and conferred by Zoom on June 6, 2023 to address the discovery disputes herein.  Defendants were able to confirm they had concluded their diligent search and produced (by June 1, 2023) all non-privileged documents responsive to 49 of the 55 document requests at issue. The remaining 6 document requests concern (a) Defendant John Reichardt's taxes and financial

1 information (Nos 29-33), and (b) the "medicines, pharmaceuticals, hormones, supplements,

2 nutrients, or probiotics given or applied to ducks at the FACILITY" (No. 55).

3 **II.      PARTIES' POSITIONS CONCERNING THE DISPUTE**

4           **A. Plaintiff's Statement**

5           This is a citizen suit enforcement action for alleged violations of California's General

6 Industrial Storm Water Permit ("General Permit").  Plaintiff propounded its First Set of Requests for

7 Production of Documents Pursuant to Federal Rule of Civil Procedure 34 (Nos. 1-33) on January 27,

8 2023, and a Second Set (Nos. 34-55) on April 7, 2023.  The instant dispute addresses document

9 request Nos. 29-33 and No. 55.  True and correct copies of Defendants' Amended Responses to Set

10 1, and Responses to Set 2 are attached hereto as Exhibits 1 and 2, respectively.

11           **Refusal to Produce Any Financial Information Regarding Defendant John Reichardt.**

12 Document Requests Nos. 29-33 seek financial information concerning Defendant John Reichardt

13 including balance sheets, profit and loss statements, annual financial statements, and tax returns

14 ("Financial Information").  **Exhibit 1**.  Defendants object on two grounds: (1) that each of the

15 requests "seeks confidential information;" and, (2) that each of the requests "seeks tax returns and

16 private financial information."  The first objection is obviated by the Protective Order entered on

17 March 31, 2023.  (Dkt. 24.)  The second objection is not a valid objection under the rules of

18 discovery.

19           John Reichardt is the CEO and General Manager of Defendant Reichardt Duck Farm, Inc.

20 (Defendants' Initial Disclosures), and is an individual defendant in this case under the "responsible

21 corporate officer" doctrine, as applied to liability under the Clean Water Act.  *United States v.*

22 *Iverson*, 162 F.3d 1015, 1025 (9th Cir. 1998): "[A] person is a 'responsible corporate officer' if the

23 person has authority to exercise control over the corporation's activity that is causing the discharges.

24 There is no requirement that the officer in fact exercise such authority or that the corporation

25 expressly vest a duty in the officer to oversee the activity."  The Court's May 5, 2023 discovery

26 order indicated that "plaintiff's theory of liability as to him isn't obvious."  CAT hopes this clarifies

27 the theory of liability for the Court (CAT is not seeking to "pierce the corporate veil").

28

**Refusal to Produce Any Documents Responsive to Document Request No. 55.**  This request seeks documents "describing medicines, pharmaceuticals, hormones, supplements, nutrients, or probiotics given or applied to ducks at the FACILITY."   Defendants object on each of the following grounds, together with CAT's response in italics:

(a)  not limited to the statute of limitations; *CAT has agreed to limit all of the document requests to the five-year statute of limitations period (October 22, 2017 forward)*;

(b)  *not relevant to any claim or defense; CAT is informed and believes that any "medicines, pharmaceuticals, hormones, supplements, nutrients, or probiotics given or applied to ducks at the FACILITY" will excreted, in part, by the more 100,000 animals that reside at the FACILITY at any given time and that such pollutants are "likely to be present" in Defendants' storm water discharges, and hence legally required sampling parameters in Defendants' Monitoring and Implementation Plan.*

(c)  not proportional to the needs of the case; *See above*; and,

(d)  seeks CONFIDENTIAL INFORMATION and proprietary trade secrets.  *Use the Protective Order for its intended purposes.*

These objections are without merit, and Plaintiff requests that the Court issue sanctions.

**B.  <u>Defendants' Statement</u>**

    **1.  Defendants Should Not Have To Produce The Financial Information Of John Reichardt.**

        a.  <u>Producing the financial information of John Reichardt is inappropriate and premature</u>.

On April 20, 2023, Defendants produced the W-2s for 2017-2022 for Defendant John Reichardt, the President and General Manager of RDF. However, Plaintiff's demand for the personal financial information of Mr. Reichardt at this point in the litigation (and settlement process) is inappropriate and premature because (1) the litigation only involves the operations of the RDF Facility; (2) Plaintiff has yet to **<u>failed</u>** to demonstrate **<u>any</u>** water quality violation or **<u>any</u>** impact to water quality from RDF's operations in this case, so there is no basis for mitigation payments here

1  (in lieu of civil penalties), and therefore it is premature to mandate the disclosure of financial

2  information, especially the financial information of an individual officer of RDF such as John

3  Reichardt;  (3) Plaintiff's demand that John Reichardt, a private individual, produce "balance sheets,

4  profit and loss statements, annual financial statements" is simply nonsensical – what private

5  individual has such documents? (4) requiring John Reichardt to disclose all of his personal assets

6  and liabilities is harassment and is not proportional to the needs of the case, considering the

7  importance of the issues at stake in the action, the amount in controversy, the parties' relative access

8  to relevant information, the parties' resources, the importance of the discovery in resolving the

9  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit,

10  FRCP 26(b)(1); and (5) Plaintiff cannot demonstrate that RDF is unable to pay for any potential

11  mitigation payments, compliance monitoring funding or reimbursement of reasonable attorneys' fees

12  and costs, and so Plaintiff's current pursuit of John Reichardt's personal financial information is

13  premature, unreasonable and designed to harass Mr. Reichardt.

14          b.  <u>Plaintiff has failed to establish the basis for the disclosure of private tax</u>

15              <u>returns of John Reichardt.</u>

16        Plaintiff also wants the personal tax returns of Mr. Reichardt, even though it has already been

17  provided Mr. Reicharct's W-2s.  This Court should refuse that request.  What additional information

18  can the tax returns provide beyond that of the W-2s?

19        Also, Plaintiff has not satisfied the preliminary requirement that Magistrate Judge Westmore

20  (N.D.Ca.) stated in *In re Yosemite National Park Hantavirus Litigation*, 2016 U.S. Dist. LEXIS

21  130706, 2016 WL 5335550, at *21-*23 (N.D.Cal.2016), before tax returns need to be produced.

22  There, Judge Westmore stated:

23           "[S]everal courts have found that 'federal law recognizes a privilege that protects

24           tax returns from disclosure, although that privilege is not absolute.'  [Citation.]

25           These courts 'have formulated a two-prong test for deciding whether to compel

26           the production of tax records in discovery.'  [Citation.]  'Courts generally apply a

27           two-pronged test to assure a balance between the liberal scope of discovery and

28           the policy favoring the confidentiality of tax returns'.  First, the Court looks at

1    whether the tax return is relevant to the subject matter of the action. [Citation.]

2    Second, the Court considers whether 'there is a compelling need for the returns

3    because the information contained therein is not otherwise readily obtainable.'"

4    Id. at *21-*23  (bold added).

5    Even assuming that the tax returns are relevant here – which Plaintiff has not shown – Plaintiff has

6    not, and cannot, establish the second prong of that test.  Any relevant information contained in the

7    tax returns is readily available in the W-2 financial documents that have already been produced to

8    Plaintiff.

9    In the past, Plaintiff has relied on *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*,

10   2014 U.S.Dist. LEXIS 144173, 2014 WL 5093398 ("*CSPA*") (E.D.Ca. 2014) as the basis for the

11   production of tax returns.  However, the *CSPA* case (which is in the Eastern District and is earlier

12   than Judge Wetmore's decision in *In re Yosemite National Park Hantavirus Litigation*) did not

13   include an objection based on the tax return privilege.  Indeed, the analysis and decision in *CSPA did*

14   *not even include any discussion about the issue of whether tax returns should be produced over an*

15   *objection based on the tax return privilege*.  Not surprisingly, the *CSPA* case is not discussed in the

16   two-prong test that is later declared and applied in the Northern District by Judge Wetmore.  Thus,

17   *CSPA* is not authority on the tax return privilege objection because that objection was simply never

18   addressed by the court in *CSPA*.  *See Gomez v. Wells Fargo Bank, N.A* , 676 F.3d 655, 662 (8th Cir.

19   2011) ["the court in *McKell* did not consider the question of standing, and the case has no persuasive

20   value for that issue. *See San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 55 Cal. Rptr.

21   2d 724, 920 P.2d 669, 699 (Cal. 1996) (explaining '[c]ases are not authority, of course, for issues not

22   raised and resolved').''']; *Alli-Balogun v. United States*, 281 F.3d 362, 370 fn. 7 (2nd Cir. 2002)

23   ["Because the statute of limitations issue was not raised, however, *Adames* is not authority or

24   precedent on the subject."]; *See e.g., United States v. Valentine*, 63 F.3d 459, 464 fn. 1 (6th Cir.

25   1995) ["The government relies on the indictment in *United States v. Sanderson*, 966 F.2d 184 (6th

26   Cir. 1992) as support for its contention that there is no one-year time limit. In *Sanderson*, the

27   indictment covered acts from October 1985 through December 1986; however, the time issue was

28   not raised on appeal. Thus, *Sanderson* is not authority that supports the government's position."]

1    Also, the mere fact that tax returns were ordered produced in *CSPA* proves nothing as to the legal

2    question of whether the responding party could have objected to such production in that case based

3    on the tax return privilege.  *See Stegall v. Federal Land Bank of St. Louis*, 865 F.2d 140, 142 (7th

4    Cir. 1989) ["A point of law merely assumed in an opinion, not discussed, is not authoritative."]  For

5    example, in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), the Supreme Court

6    explained:  "These cases thus did not directly confront the question before us. '[When] questions of

7    jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself

8    bound when a subsequent case finally brings the jurisdictional issue before us.'"  *Id.* at p. 119.

9         Thus, *CSPA* is not authority for Plaintiff's position regarding tax returns at all.

10         In short, Plaintiff pursued its demand for John Reichardt's personal tax returns even before it

11    tried to satisfy the two-prong test set forth by Judge Westmore.  Plaintiff has not even attempted to

12    comply with Judge Westmore's preliminary requirements.  This Court should not order that John

13    Reichardt's tax returns be produced in this case.

14              **2.**   **Defendants Should Not Have To Produce Documents "Describing Medicines,**

15                 **Pharmaceuticals, Hormones, Supplements, Nutrients, Or Probiotics Given**

16                 **Or Applied To Ducks At The FACILITY."**

17         Defendants should not have to produce documents in response to Request No. 55 because

18    the requested documents and information is not relevant to any party's claim or defense in this

19    action and not proportional to the needs of this case.  Plaintiff alleges that this is a citizen suit

20    enforcement action for alleged violations of California's General Industrial Storm Water Permit

21    ("General Permit").  As a matter of law, whatever medicines, pharmaceuticals, hormones,

22    supplements, nutrients, or probiotics are given or applied to ducks at Defendants' Facility is not,

23    and cannot be, a violation of the General Permit, as matter of law.  Such compounds are not

24    discussed in the General Permit, 40 CFR, Chapter I, Subchapter N, Part 412, Porter Cologne

25    Water Quality Control Act, or the Water Quality Control Plan for the San Francisco Bay Basin as

26    potential pollutants that must be monitored or controlled in any watershed statewide.  These

27    compounds, to the extent any exist, are not regulated pollutants and have no established federal or

28    state water quality criteria. There is no basis upon which Defendants must act and Defendants are

1   not aware of a statute or regulation that delineates any responsibilities or obligations. In addition,

2   there is no consensus among agencies that defines what these compounds may be, how they

3   behave in poultry, if or how they are excreted, if or how they are transferred to water, what

4   compounds are expected to be excreted, how to test for the presence of any compounds in tissue

5   or in water, the fate or transport of any compound in the environment, or the potential effects to

6   human health or the environment.  In addition, since the facility actively segregates its wastewater

7   from storm water throughout the operation, it is unlikely that any such compounds will be present

8   in storm water discharge in any detectable amount. If any identifiable compounds were specified,

9   it is not likely that a California Environmental Laboratory Accreditation Program (ELAP)

10   certified laboratory would be able or willing to routinely analyze samples for these compounds

11   since no other similar facility in the state is required to monitor as described.

12   Thus, the requested documents are neither relevant in this action nor proportional to the

13   needs of the case, considering the importance of the issues at stake in the action, the amount in

14   controversy, the parties' relative access to relevant information, the parties' resources, the

15   importance of the discovery in resolving the issues, and whether the burden or expense of the

16   proposed discovery outweighs its likely benefit.

17

18   **III.   PARTIES' FINAL PROPOSED COMPROMISE**

19   **A.  Plaintiff's Statement**

20   Plaintiff is proposing that all non-privileged documents responsive to requests Nos. 29-33

21   and No. 55 be produced within twenty (20) days.  If Defendants believe any such documents need to

22   be covered under the terms of the Stipulated Protective Order, they should designate the documents

23   accordingly, with Plaintiff having all of the rights to challenge such designations under its terms.

24

25   **B.  Defendants' Statement**

26   This Court should deny Plaintiff's requests for production of John Reichart's financial

27   information and tax returns beyond the W-2s that have already been produced.  Even though all of

28   the requested documents are covered by the Stipulated Protective Order, this Court should deny

Requests Nos. 29-33 and No. 55, for the reasons explained in the Defendants' Statement, above.

Dated: June 9, 2023                    LAW OFFICES OF ANDREW L. PACKARD

By:  /s/ Andrew L. Packard
         ANDREW L. PACKARD
         Attorneys for Plaintiff
         CALIFORNIANS FOR ALTERNATIVES TO TOXICS

Dated: June 9, 2023                    ABBOTT & KINDERMANN, INC.

By:      /s/ Glen C. Hansen
         DIANE G. KINDERMANN
         GLEN C. HANSEN
         Attorneys for Defendants
         REICHARDT DUCK FARM, INC., and
         JOHN REICHARDT

**ATTESTATION FOR E-FILING**

        I hereby attest pursuant to Civil L.R. 5-1(i) (3) that I have obtained concurrence in the filing of this document from the above Signatory prior to filing.

DATED: June 10, 2023                         By: /s/ Andrew L. Packard

**EXHIBIT 1**

1   Diane Kindermann (SBN 144426)
    dkindermann@aklandlaw.com
2   Glen C. Hansen (SBN 166923)
    ghansen@aklandlaw.com
3   ABBOTT & KINDERMANN, INC.
    2100 21st Street
4   Sacramento, California 95818
    Telephone:    (916) 456-9595
5   Facsimile:    (916) 456-9599

6   Attorneys for Defendants
    REICHARDT DUCK FARM, INC., and
7   JOHN REICHARDT

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIANS FOR ALTERNATIVES        Case No: 3:22-CV-09065-AGT
    TO TOXICS, a non-profit corporation,
12                                        DEFENDANTS' *AMENDED* RESPONSES
              Plaintiff,                  TO REQUESTS FOR PRODUCTION OF
13                                        DOCUMENTS
    v.
14                                        SET ONE
    REICHARDT DUCK FARM, INC., and
15  JOHN REICHARDT,

16    Defendants.

17

18  PROPOUNDING PARTY:    Plaintiff CALIFORNIANS FOR ALTERNATIVES TO
                          TOXICS
19
    RESPONDING PARTY:     Defendants REICHARDT DUCK FARM, INC., and JOHN
20                        REICHARDT

21  SET NUMBER:           One

22

23        Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT

24  (collectively, "Defendants") respond to Plaintiff CALIFORNIANS FOR ALTERNATIVES

25  TO TOXICS ("Plaintiff")'s Requests for Production of Documents, Set One, as follows:

26

27

28

                                      -1-

## GENERAL OBJECTIONS

1.     To the extent any of these requests may be construed as calling for information which is subject to a claim of privilege, including, without limitation, the attorney/client privilege, the attorney work product doctrine, the right to privacy under common law, the California Constitution or the United States Constitution or any other lawfully recognized privilege or immunity which may attach to the information or documents requested, Defendants hereby assert such doctrine and privileges and objects to such document request on that basis.

2.     Defendants have not yet completed their review and investigation of the facts relating to this case.  The following responses are necessarily based on information presently known to, in the possession of, or identified by Defendants, and the information provided pursuant to these requests are provided without prejudice to Defendants' right to utilize subsequently discovered facts or documents and to amplify the meaning of existing facts or documents, all of which may lead to substantial additions to and changes in the responses herein provided.  Discovery is in its preliminary stages and is continuing.

3.     In responding to the requests for production herein, Defendants do not concede the relevancy of materiality of any request for documents.  Defendants' responses are made expressly subject to, and without in any way waiving or intending to waive, any objections as to competency, relevancy, materiality or privilege, as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, including trial of this action.

4.     Defendants object to these requests for production on the grounds, and to the extent, that they require information from persons or entities outside of Defendants' control.

5.     Defendants will make reasonable efforts to respond to any request, to the extent it has not been objected to, as Defendants understand and interpret the requests.  If Plaintiff subsequently asserts an interpretation of the request which differs from that of Defendants, they reserve the right to object to and supplement their response(s).

6.     Defendants object to these requests on the grounds, and to the extent, that they attempt or purport to impose obligations on Defendants beyond those imposed or authorized by

the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other federal law or rule of court.

7.      Defendants object to these requests on the grounds, and to the extent, that they seek documents, information and data peculiarly within the possession, custody or control of Plaintiff and not Defendants, or that they seek documents, information or data equally within Plaintiff's possession, custody, or control.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS comprising YOUR SWPPP for the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 1.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS comprising YOUR STORM WATER MONITORING PROGRAM for the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 2.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS in which the term SWPPP is used or referenced.

**RESPONSE TO REQUEST NO. 3.**

Defendants object to this Request on the ground that it seeks documents sthat are not relevant and will not lead to relevant evidence.  Defendants further object to this Request on the ground that it is overbroad and subjects Defendants to annoyance, undue burden, and expense.

/ /

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS evidencing any visual observations of STORM WATER at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 4.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS evidencing any sampling or analysis of STORM WATER at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 5.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any site inspections concerning STORM WATER management at the FACILITY conducted between October 21, 2017 and the present.

**RESPONSE TO REQUEST NO. 6.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS comprising YOUR ANNUAL REPORTS for the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 7.**

Defendants object to this Request on the ground that it seeks documents sthat are not relevant and will not lead to relevant evidence. Defendants further object to this Request on the ground that it is overbroad and subjects Defendants to annoyance, undue burden, and expense.

/ /

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS, including correspondence, provided to or received from the STATE WATER BOARD or the REGIONAL BOARD, related to the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 8.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS evidencing any conversation related to STORM WATER at THE FACILITY with a representative of the STATE WATER BOARD or REGIONAL BOARD, for all years from October 21, 2017 the present.

**RESPONSE TO REQUEST NO. 9.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS, including correspondence to or from a representative of any local regulatory agency other than the REGIONAL BOARD or the STATE BOARD concerning STORM WATER at the FACILITY, for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 10.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS evidencing a conversation with a representative of any local regulatory agency other than the REGIONAL BOARD or the STATE BOARD concerning STORM WATER at the FACILITY, for all years from 1997 to the present.

/ /

/ /

DEF.'S *AMENDED* RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST NO. 11.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS concerning Best Management Practices ("BMPs"), Best Available Technology Economically Achievable ("BAT"), and Best Conventional Pollutant Control Technology ("BCT"), as those terms are defined under the CLEAN WATER ACT to control discharges of POLLUTANTS from the FACILITY.

**RESPONSE TO REQUEST NO. 12.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS concerning YOUR NUTRIENT MANAGEMENT PLAN for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 12.**

Defendants object to this Request on the ground that it is vague and ambiguous.  The term "Nutrient Management Plan" is defined in reference to 40 CFR §122.42(e)(1), which applies to regulated CAFOs, and the Facility here is not a regulated CAFO.

Without waiving that objection, Defendants respond as follows:

Defendants are not aware of any responsive documents at this time.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS pertaining to HAZARDOUS MATERIAL stored on or around the FACILITY, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans.

**RESPONSE TO REQUEST NO. 13.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

/ /

1  **REQUEST FOR PRODUCTION NO. 14:**

2    Any and all DOCUMENTS pertaining to spills or discharges of HAZARDOUS

3  MATERIALS on or around the FACILITY, including but not limited to, correspondence to

4  or from, and disclosures to representatives of DEFENDANTS, state or local agencies, notices

5  of violation, and clean-up orders or plans.

6  **RESPONSE TO REQUEST NO. 14.**

7    Defendants will produce, or has already produced, all responsive documents in their

8  possession, custody and control.

9  **REQUEST FOR PRODUCTION NO. 15:**

10    Any and all DOCUMENTS pertaining to groundwater contamination and/or testing

11  on or around the FACILITY, including but not limited to, correspondence to or from, and

12  disclosures to, state or local agencies, notices of violation, and clean-up orders or plans.

13  **RESPONSE TO REQUEST NO. 15.**

14    Defendants will produce, or has already produced, all responsive documents in their

15  possession, custody and control.

16  **REQUEST FOR PRODUCTION NO. 16:**

17    Any and all DOCUMENTS pertaining to YOUR HAZARDOUS MATERIALS

18  storage or handling permits.

19  **RESPONSE TO REQUEST NO. 16.**

20    Defendants will produce, or has already produced, all responsive documents in their

21  possession, custody and control.

22  **REQUEST FOR PRODUCTION NO. 17:**

23    Any and all DOCUMENTS that evidence any insurance contracts YOU have which

24  may provide coverage for any claims relating to this litigation.

25  **RESPONSE TO REQUEST NO. 17.**

26    Defendants are not aware of any responsive documents at this time.

27  **REQUEST FOR PRODUCTION NO. 18:**

28    Any and all DOCUMENTS pertaining to any physical alteration or addition to the

1   FACILITY for all years from October 21, 2017 to the present.

2   **RESPONSE TO REQUEST NO. 18.**

3       Defendants object to this Request on the ground that it is overbroad and seeks

4   documents that are neither relevant nor could reasonably lead to the discovery of relevant

5   evidence.

6       Defendants also object to this Request on the ground that it is vague and ambiguous as

7   to the terms "physical alteration or addition to the FACILITY."

8       Without waiving that objection, Defendants respond as follows:

9       Defendants are not aware of any responsive documents at this time.

10   **REQUEST FOR PRODUCTION NO. 19:**

11       Any and all DOCUMENTS pertaining to any HAZARDOUS MATERIAL storage, or

12   transport of HAZARDOUS MATERIAL to or from the FACILITY for all years from

13   October 21, 2017 to the present.

14   **RESPONSE TO REQUEST NO. 19.**

15       Defendants will produce, or has already produced, all responsive documents in their

16   possession, custody and control.

17   **REQUEST FOR PRODUCTION NO. 20:**

18       Any and all DOCUMENTS pertaining to any construction, upgrades, maintenance or

19   repairs to any structure, including berms, designed to control the flow of storm water, at the

20   FACILITY for all years from October 21, 2017 to the present.

21   **RESPONSE TO REQUEST NO. 20.**

22       Defendants are not aware of any responsive documents at this time.

23   **REQUEST FOR PRODUCTION NO. 21:**

24       Any and all DOCUMENTS, including any reports, estimates, or service orders,

25   regarding the construction of any retaining walls in any location at the FACILITY for all

26   years from October 21, 2017 to the present.

27   **RESPONSE TO REQUEST NO. 21.**

28       Defendants are not aware of any responsive documents at this time.

-8-

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS, including any reports, estimates, or service orders, regarding the construction of any infiltration or catchment basins, evaporation ponds, percolation ponds, or combined sanitary/storm sewer system at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 22.**

Defendants are not aware of any responsive documents at this time.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS concerning any land surveys, soil studies, hydrology studies or percolation studies, conducted at the FACILITY for all years from October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 23.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS pertaining to any exemption from the GENERAL PERMIT or any GENERAL PERMIT requirements which YOU may be claiming in this litigation.

**RESPONSE TO REQUEST NO. 24.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS, including but not limited to plans, work orders, and invoices, evidencing any effort by YOU to capture and retain STORM WATER at the FACILITY.

**RESPONSE TO REQUEST NO. 25.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS which demonstrate any ownership interest of any kind, held by any person or entity, in the FACILITY.

**RESPONSE TO REQUEST NO. 26.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS evidencing, referring to, or related to leases between YOU and the owner of the FACILITY.

**RESPONSE TO REQUEST NO. 27.**

Defendants are not aware of any such documents at this time

**REQUEST FOR PRODUCTION NO. 28:**

Any and all NOTICES OF INTENT related to GENERAL PERMIT coverage for the FACILITY.

**RESPONSE TO REQUEST NO. 28.**

Defendants will produce, or has already produced, all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS setting forth DEFENDANTS' assets, liabilities and net worth at all times since October 21, 2017 to the present.

**RESPONSE TO REQUEST NO. 29.**

Defendants object to this Request on the ground that it seeks confidential information.

Defendants further object to this Request on the ground that it seeks tax returns and private financial information of defendant John Reichardt.  Pursuant to the order of the Court, Defendants produced financial information and tax returns for defendant Reichardt Duck Farm, Inc., pursuant to the "Confidential Information" provisions of a Protective Order entered in this action by the Court, but will not produce tax returns or financial information for defendant John Reichardt.

-10-

1   **REQUEST FOR PRODUCTION NO. 30:**

2         Any and all of DEFENDANTS' annual financial statements since October 21, 2017.

3   **RESPONSE TO REQUEST NO. 30.**

4         Defendants object to this Request on the ground that it seeks confidential information.

5         Defendants further object to this Request on the ground that it seeks tax returns and

6   private financial information of defendant John Reichardt.  Pursuant to the order of the Court,

7   Defendants produced financial information and tax returns for defendant Reichardt Duck

8   Farm, Inc., pursuant to the "Confidential Information" provisions of a Protective Order

9   entered in this action by the Court, but will not produce tax returns or financial information

10  for defendant John Reichardt.

11  **REQUEST FOR PRODUCTION NO. 31:**

12        Any and all DOCUMENTS that REFER, RELATE OR PERTAIN to

13  DEFENDANTS' income from October 21, 2017 to the present, including but not limited to

14  all statements of annual gross income and annual net income.

15  **RESPONSE TO REQUEST NO. 31.**

16        Defendants object to this Request on the ground that it seeks confidential information.

17        Defendants further object to this Request on the ground that it seeks tax returns and

18  private financial information of defendant John Reichardt.  Pursuant to the order of the Court,

19  Defendants produced financial information and tax returns for defendant Reichardt Duck

20  Farm, Inc., pursuant to the "Confidential Information" provisions of a Protective Order

21  entered in this action by the Court, but will not produce tax returns or financial information

22  for defendant John Reichardt.

23  **REQUEST FOR PRODUCTION NO. 32:**

24        All DOCUMENTS comprising DEFENDANTS' federal income tax returns for all

25  years from October 21, 2017 to the present.

26  **RESPONSE TO REQUEST NO. 32.**

27        Defendants object to this Request on the ground that it seeks confidential information.

28        Defendants further object to this Request on the ground that it seeks tax returns and

-11-

1  private financial information of defendant John Reichardt.  Pursuant to the order of the Court,

2  Defendants produced tax returns for defendant Reichardt Duck Farm, Inc., pursuant to the

3  "Confidential Information" provisions of a Protective Order entered in this action by the

4  Court, but will not produce tax returns for defendant John Reichardt.

5  **REQUEST FOR PRODUCTION NO. 33:**

6       All DOCUMENTS that comprise DEFENDANTS' IRS form 1099s submitted to the

7  IRS for all years from October 21, 2017 to the present.

8  <u>**RESPONSE TO REQUEST NO. 33.**</u>

9       Defendants object to this Request on the ground that it seeks confidential information.

10       Defendants further object to this Request on the ground that it seeks tax returns of

11  defendant John Reichardt.  Pursuant to the order of the Court, Defendants produced tax

12  returns for defendant Reichardt Duck Farm, Inc., pursuant to the "Confidential Information"

13  provisions of a Protective Order entered in this action by the Court, but will not produce tax

14  returns or financial information for defendant John Reichardt.

15

16  Dated:  June 2, 2023            ABBOTT & KINDERMANN, INC.

17

18                      By:   */s/ Glen C. Hansen*

19                         GLEN C. HANSEN
                       DIANE G. KINDERMANN

20                         Attorneys for Defendants
                       REICHARDT DUCK FARM, INC., and

21                         JOHN REICHARDT

22

23

24

25

26

27

28

**DEF.'S *AMENDED* RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**PROOF OF SERVICE**

I, Lisa Haddix, declare as follows:

I am employed in the County of Sacramento, over the age of eighteen years and not a party to this action.  My business address is 2100 21st Street, Sacramento, California 95818.   On June 2, 2023, I served the foregoing document(s) described as:

**DEFENDANTS' AMENDED RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

On the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

Andrew L. Packard                                   Attorneys for Plaintiff
William N. Carlon                                    CALIFORNIANS FOR
LAW OFFICES OF ANDREW L. PACKARD     ALTERNATIVES TO TOXICS
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
andrew@packardlawoffices.com
wncarlon@packardlawoffices.com

     **BY MAIL:**  I placed a true copy in a sealed envelope addressed as indicated above on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

**X**    **BY ELECTRONIC SERVICE [EMAIL]:**  Sending a true copy of the above-described document(s) via electronic transmission from email address lhaddix@aklandlaw.com to the persons listed above on June 2, 2023.  The transmission was reported as complete and without error. [CRC 2.256 (a)(4), 2.260].

     **BY OVERNIGHT DELIVERY:**  On the above-mentioned date, I enclosed the documents in a sealed envelope and addressed to the persons listed on the attached service list.  I placed the envelope or package for collection with the USPS with overnight delivery instructions following our ordinary business practices.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on June 2, 2023, at Sacramento, California.

                         */s/ Lisa Haddix*
                            Lisa Haddix

**DEF.'S *AMENDED* RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

1  Diane Kindermann (SBN 144426)
   dkindermann@aklandlaw.com
2  Glen C. Hansen (SBN 166923)
   ghansen@aklandlaw.com
3  ABBOTT & KINDERMANN, INC.
   2100 21st Street
4  Sacramento, California 95818
   Telephone:    (916) 456-9595
5  Facsimile:    (916) 456-9599

6  Attorneys for Defendants
   REICHARDT DUCK FARM, INC., and
7  JOHN REICHARDT

8

                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | CALIFORNIANS FOR ALTERNATIVES | Case No: 3:22-CV-09065-AGT |
   | TO TOXICS, a non-profit corporation, | |
12 | | **DEFENDANTS' RESPONSES TO** |
   | Plaintiff, | **REQUESTS FOR PRODUCTION OF** |
13 | | **DOCUMENTS** |
   | v. | |
14 | | **SET TWO** |
   | REICHARDT DUCK FARM, INC., and | |
15 | JOHN REICHARDT, | |
16 | Defendants. | |

17

18 **PROPOUNDING PARTY:**   **Plaintiff CALIFORNIANS FOR ALTERNATIVES TO**
                              **TOXICS**
19
20 **RESPONDING PARTY:**   **Defendants REICHARDT DUCK FARM, INC., and JOHN**
                            **REICHARDT**
21 **SET NUMBER:**          **Two**

22

23       Defendants REICHARDT DUCK FARM, INC., and JOHN REICHARDT

24 (collectively, "Defendants") respond to Plaintiff CALIFORNIANS FOR ALTERNATIVES

25 TO TOXICS ("Plaintiff")'s Requests for Production of Documents, Set Two, as follows:

26

27

28

                                      -1-
   **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1

**GENERAL OBJECTIONS**

2      1.    To the extent any of these requests may be construed as calling for information

3  which is subject to a claim of privilege, including, without limitation, the attorney/client

4  privilege, the attorney work product doctrine, the right to privacy under common law, the

5  California Constitution or the United States Constitution or any other lawfully recognized

6  privilege or immunity which may attach to the information or documents requested, Defendants

7  hereby assert such doctrine and privileges and objects to such document request on that basis.

8      2.    Defendants have not yet completed their review and investigation of the facts

9  relating to this case.  The following responses are necessarily based on information presently

10  known to, in the possession of, or identified by Defendants, and the information provided

11  pursuant to these requests are provided without prejudice to Defendants' right to utilize

12  subsequently discovered facts or documents and to amplify the meaning of existing facts or

13  documents, all of which may lead to substantial additions to and changes in the responses herein

14  provided.  Discovery is in its preliminary stages and is continuing.

15      3.    In responding to the requests for production herein, Defendants do not concede

16  the relevancy of materiality of any request for documents.  Defendants' responses are made

17  expressly subject to, and without in any way waiving or intending to waive, any objections as to

18  competency, relevancy, materiality or privilege, as evidence or for any other purpose, of any of

19  the information referred to or of the responses given herein, or of the subject matter thereof, in

20  any proceeding, including trial of this action.

21      4.    Defendants object to these requests for production on the grounds, and to the

22  extent, that they require information from persons or entities outside of Defendants' control.

23      5.    Defendants will make reasonable efforts to respond to any request, to the extent it

24  has not been objected to, as Defendants understand and interpret the requests.  If Plaintiff

25  subsequently asserts an interpretation of the request which differs from that of Defendants, they

26  reserve the right to object to and supplement their response(s).

27      6.    Defendants object to these requests on the grounds, and to the extent, that they

28  attempt or purport to impose obligations on Defendants beyond those imposed or authorized by

-2-

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1  the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other federal law or rule

2  of court.

3        7.      Defendants object to these requests on the grounds, and to the extent, that they

4  seek documents, information and data peculiarly within the possession, custody or control of

5  Plaintiff and not Defendants, or that they seek documents, information or data equally within

6  Plaintiff's possession, custody, or control.

7

8  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

9  **REQUEST FOR PRODUCTION NO. 34:**

10        Any and all DOCUMENTS evidencing YOUR protocols for the storage of

11  MANURE, litter, and PROCESS WASTEWATER at the FACILITY.

12  **RESPONSE TO REQUEST NO. 34:**

13        Defendants object to this Request on the ground that it implies, from the incorporation

14  of the definitions of "PROCESS WASTEWATER" and "ANIMAL FEEDING

15  OPERATION," that the Facility is a CAFO (which it is not) or that the Facility is governed

16  by the regulations that apply to CAFOs (which it is not).   Defendants' response to this

17  Request is not an admission that the Facility is a CAFO or that the Facility is governed by the

18  regulations that apply to CAFOs.

19        Defendants also object to this Request on the ground that, because the requested

20  documents are not limited to the applicable statute of limitations period, the Request seeks

21  documents and information that is not relevant to any party's claim or defense, and that is not

22  proportional to the needs of the case, considering the importance of the issues at stake in the

23  action, the amount in controversy, the parties' relative access to relevant information, the

24  parties' resources, the importance of the discovery in resolving the issues, and whether the

25  burden or expense of the proposed discovery outweighs its likely benefit.

26        Without waiving those objections, and limiting the responsive documents to those that

27  fall within the applicable statute of limitations period, Defendants respond as follows:

28

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1    Defendants are not aware of any written protocols at the Facility for the storage of

2    manure, or litter or process wastewater.

3    **REQUEST FOR PRODUCTION NO. 35:**

4    Any and all DOCUMENT evidencing records of the storage of MANURE, litter, and

5    PROCESS WASTEWATER at the FACILITY.

6    **RESPONSE TO REQUEST NO. 35:**

7    Defendants object to this Request on the ground that it implies, from the incorporation

8    of the definitions of "PROCESS WASTEWATER" and "ANIMAL FEEDING

9    OPERATION," that the Facility is a CAFO (which it is not) or that the Facility is governed

10   by the regulations that apply to CAFOs (which it is not).  Defendants' response to this

11   Request is not an admission that the Facility is a CAFO or that the Facility is governed by the

12   regulations that apply to CAFOs.

13   Defendants also object to this Request on the ground that, because the requested

14   documents are not limited to the applicable statute of limitations period, the Request seeks

15   documents and information that is not relevant to any party's claim or defense, and that is not

16   proportional to the needs of the case, considering the importance of the issues at stake in the

17   action, the amount in controversy, the parties' relative access to relevant information, the

18   parties' resources, the importance of the discovery in resolving the issues, and whether the

19   burden or expense of the proposed discovery outweighs its likely benefit.

20   Without waiving those objections, and limiting the responsive documents to those that

21   fall within the applicable statute of limitations period, Defendants respond as follows:

22   Defendants are not aware of any records for the storage of manure, or litter or process

23   wastewater at the Facility.

24   **REQUEST FOR PRODUCTION NO. 36:**

25   Any and all DOCUMENTS evidencing YOUR protocols for the management of

26   mortalities (i.e., dead animals) at the FACILITY.

27   **RESPONSE TO REQUEST NO. 36:**

28

-4-

1    Defendants object to this Request on the ground that, because the requested

2    documents are not limited to the applicable statute of limitations period, the Request seeks

3    documents and information that is not relevant to any party's claim or defense, and that is not

4    proportional to the needs of the case, considering the importance of the issues at stake in the

5    action, the amount in controversy, the parties' relative access to relevant information, the

6    parties' resources, the importance of the discovery in resolving the issues, and whether the

7    burden or expense of the proposed discovery outweighs its likely benefit.

8    Defendants also object to this Request on the ground that Plaintiff is seeking each and

9    every document regarding every managerial aspect of Defendants' duck processing

10   operations at the Facility, which documents are not relevant to any party's claim or defense,

11   and which documents are not proportional to the needs of the case, considering the

12   importance of the issues at stake in the action, the amount in controversy, the parties' relative

13   access to relevant information, the parties' resources, the importance of the discovery in

14   resolving the issues, and whether the burden or expense of the proposed discovery outweighs

15   its likely benefit.

16   Defendants also object to this Request on the ground that Plaintiff is seeking

17   documents relating to the protocols for the management of ducks that die at the farm

18   operations at the Facility, which documents and information are not relevant to any party's

19   claim or defense, and which documents and information are not proportional to the needs of

20   the case, considering the importance of the issues at stake in the action, the amount in

21   controversy, the parties' relative access to relevant information, the parties' resources, the

22   importance of the discovery in resolving the issues, and whether the burden or expense of the

23   proposed discovery outweighs its likely benefit.

24   Without waiving those objections, and limiting the responsive documents to those that

25   fall within the applicable statute of limitations period, Defendants respond as follows:

26   Defendants will not produce documents regarding managerial aspect of Defendants'

27   duck processing operations at the Facility.  Also, Defendants are not aware of any written

28   protocols regarding duck mortalities at the farm at the Facility.

-5-

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1

2  **REQUEST FOR PRODUCTION NO. 37:**

3        Any and all DOCUMENTS evidencing records of the management of mortalities (i.e.,

4  dead animals) at the FACILITY.

5  **RESPONSE TO REQUEST NO. 37:**

6        Defendants object to this Request on the ground that, because the requested

7  documents are not limited to the applicable statute of limitations period, the Request seeks

8  documents and information that is not relevant to any party's claim or defense, and that is not

9  proportional to the needs of the case, considering the importance of the issues at stake in the

10  action, the amount in controversy, the parties' relative access to relevant information, the

11  parties' resources, the importance of the discovery in resolving the issues, and whether the

12  burden or expense of the proposed discovery outweighs its likely benefit.

13        Defendants also object to this Request on the ground that Plaintiff is seeking each and

14  every document regarding every managerial aspect of Defendants' duck processing

15  operations at the Facility, which documents are not relevant to any party's claim or defense,

16  and which documents are not proportional to the needs of the case, considering the

17  importance of the issues at stake in the action, the amount in controversy, the parties' relative

18  access to relevant information, the parties' resources, the importance of the discovery in

19  resolving the issues, and whether the burden or expense of the proposed discovery outweighs

20  its likely benefit.

21        Defendants also object to this Request on the ground that Plaintiff is seeking

22  documents relating to the records of the management of ducks that die at the farm operations

23  at the Facility, which documents and information are not relevant to any party's claim or

24  defense, and which documents and information are not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, the parties' resources, the importance of the

27  discovery in resolving the issues, and whether the burden or expense of the proposed

28  discovery outweighs its likely benefit.

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

Without waiving those objections, and limiting the responsive documents to those that fall within the applicable statute of limitations period, Defendants respond as follows:

Defendants will not produce documents regarding managerial aspect of Defendants' duck processing operations at the Facility.  As to records of duck mortalities at the farm at the Facility, Defendants will produce all responsive documents in their possession, custody and control.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all DOCUMENTS evidencing YOUR protocols for the use of water in PRODUCTION AREAS at the FACILITY.

**RESPONSE TO REQUEST NO. 38:**

Defendants object to this Request on the ground that, because the requested documents are not limited to the applicable statute of limitations period, the Request seeks documents and information that is not relevant to any party's claim or defense, and that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving those objections, and limiting the responsive documents to those that fall within the applicable statute of limitations period, Defendants respond as follows:

Defendants are not aware of any written protocols for the use of water in production areas at the Facility.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all DOCUMENTS evidencing records of the use of water in PRODUCTION AREAS at the FACILITY.

**RESPONSE TO REQUEST NO. 39:**

Defendants object to this Request on the ground that, because the requested documents are not limited to the applicable statute of limitations period, the Request seeks documents and information that is not relevant to any party's claim or defense, and that is not

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1   proportional to the needs of the case, considering the importance of the issues at stake in the

2   action, the amount in controversy, the parties' relative access to relevant information, the

3   parties' resources, the importance of the discovery in resolving the issues, and whether the

4   burden or expense of the proposed discovery outweighs its likely benefit.

5          Without waiving those objections, and limiting the responsive documents to those that

6   fall within the applicable statute of limitations period, Defendants respond as follows:

7          Defendants are not aware of any written records of the use of water in production

8   areas at the Facility.

9   **REQUEST FOR PRODUCTION NO. 40:**

10         Any and all DOCUMENTS evidencing YOUR protocols for the handling of

11  chemicals at the FACILITY.

12  **RESPONSE TO REQUEST NO. 40:**

13         Defendants object to this Request on the ground that, because the requested

14  documents are not limited to the applicable statute of limitations period, the Request seeks

15  documents and information that is not relevant to any party's claim or defense, and that is not

16  proportional to the needs of the case, considering the importance of the issues at stake in the

17  action, the amount in controversy, the parties' relative access to relevant information, the

18  parties' resources, the importance of the discovery in resolving the issues, and whether the

19  burden or expense of the proposed discovery outweighs its likely benefit.

20         Without waiving those objections, and limiting the responsive documents to those that

21  fall within the applicable statute of limitations period, Defendants respond as follows:

22         Defendants will produce, or have already produced, all responsive documents in their

23  possession, custody and control.

24  **REQUEST FOR PRODUCTION NO. 41:**

25         Any and all DOCUMENTS evidencing records of the handling of chemicals at the

26  FACILITY.

27  **RESPONSE TO REQUEST NO. 41:**

28

-8-

1   Defendants object to this Request on the ground that, because the requested

2   documents are not limited to the applicable statute of limitations period, the Request seeks

3   documents and information that is not relevant to any party's claim or defense, and that is not

4   proportional to the needs of the case, considering the importance of the issues at stake in the

5   action, the amount in controversy, the parties' relative access to relevant information, the

6   parties' resources, the importance of the discovery in resolving the issues, and whether the

7   burden or expense of the proposed discovery outweighs its likely benefit.

8   Without waiving those objections, and limiting the responsive documents to those that

9   fall within the applicable statute of limitations period, Defendants respond as follows:

10   Defendants will produce, or have already produced, all responsive documents in their

11   possession, custody and control.

12   **REQUEST FOR PRODUCTION NO. 42:**

13   Any and all DOCUMENTS evidencing YOUR site-specific practices that are

14   implemented to control runoff of POLLUTANTS from the FACILITY to waters of the

15   United States.

16   **RESPONSE TO REQUEST NO. 42:**

17   Defendants object to this Request on the ground that, because the requested

18   documents are not limited to the applicable statute of limitations period, the Request seeks

19   documents and information that is not relevant to any party's claim or defense, and that is not

20   proportional to the needs of the case, considering the importance of the issues at stake in the

21   action, the amount in controversy, the parties' relative access to relevant information, the

22   parties' resources, the importance of the discovery in resolving the issues, and whether the

23   burden or expense of the proposed discovery outweighs its likely benefit.

24   Without waiving those objections, and limiting the responsive documents to those that

25   fall within the applicable statute of limitations period, Defendants respond as follows:

26   Defendants will produce, or have already produced, all responsive documents in their

27   possession, custody and control.

28   **REQUEST FOR PRODUCTION NO. 43:**

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1       Any and all DOCUMENTS evidencing YOUR protocols for testing of MANURE,

2       litter, PROCESS WASTEWATER, and soil at the FACILITY.

3       **RESPONSE TO REQUEST NO. 43:**

4       Defendants object to this Request on the ground that, because the requested

5       documents are not limited to the applicable statute of limitations period, the Request seeks

6       documents and information that is not relevant to any party's claim or defense, and that is not

7       proportional to the needs of the case, considering the importance of the issues at stake in the

8       action, the amount in controversy, the parties' relative access to relevant information, the

9       parties' resources, the importance of the discovery in resolving the issues, and whether the

10      burden or expense of the proposed discovery outweighs its likely benefit.

11      Without waiving those objections, and limiting the responsive documents to those that

12      fall within the applicable statute of limitations period, Defendants respond as follows:

13      Defendants are not aware of any written protocols for testing of manure, litter, process

14      wastewater, or soil at the Facility.

15      **REQUEST FOR PRODUCTION NO. 44:**

16      Any and all DOCUMENTS evidencing results from the testing of MANURE, litter,

17      PROCESS WASTEWATER, and soil at the FACILITY.

18      **RESPONSE TO REQUEST NO. 44:**

19      Defendants object to this Request on the ground that, because the requested

20      documents are not limited to the applicable statute of limitations period, the Request seeks

21      documents and information that is not relevant to any party's claim or defense, and that is not

22      proportional to the needs of the case, considering the importance of the issues at stake in the

23      action, the amount in controversy, the parties' relative access to relevant information, the

24      parties' resources, the importance of the discovery in resolving the issues, and whether the

25      burden or expense of the proposed discovery outweighs its likely benefit.

26      Without waiving those objections, and limiting the responsive documents to those that

27      fall within the applicable statute of limitations period, Defendants respond as follows:

28

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1   Defendants will produce, or have already produced, all responsive documents in their

2   possession, custody and control.

3   **REQUEST FOR PRODUCTION NO. 45:**

4   Any and all DOCUMENTS relating to the laboratory analysis of the samples collected

5   by YOU or on behalf of YOU at the March 15, 2023 site inspection that Plaintiff conducted at

6   the FACILITY, including but not limited to all analytical results relating to such samples

7   provided to YOU by any testing laboratories.

8   **RESPONSE TO REQUEST NO. 45:**

9   Defendants object to this Request on the ground that, because the requested

10  documents are not limited to the applicable statute of limitations period, the Request seeks

11  documents and information that is not relevant to any party's claim or defense, and that is not

12  proportional to the needs of the case, considering the importance of the issues at stake in the

13  action, the amount in controversy, the parties' relative access to relevant information, the

14  parties' resources, the importance of the discovery in resolving the issues, and whether the

15  burden or expense of the proposed discovery outweighs its likely benefit.

16  Without waiving those objections, and limiting the responsive documents to those that

17  fall within the applicable statute of limitations period, Defendants respond as follows:

18  Defendants will produce, or have already produced, all responsive documents in their

19  possession, custody and control.

20  **REQUEST FOR PRODUCTION NO. 46:**

21  Any and all DOCUMENTS evidencing your protocols for applying to land

22  MANURE, litter or PROCESS WASTEWATER at LAND APPLICATION AREAS.

23  **RESPONSE TO REQUEST NO. 46:**

24  Defendants object to this Request on the ground that, because the requested

25  documents are not limited to the applicable statute of limitations period, the Request seeks

26  documents and information that is not relevant to any party's claim or defense, and that is not

27  proportional to the needs of the case, considering the importance of the issues at stake in the

28  action, the amount in controversy, the parties' relative access to relevant information, the

-11-

1  parties' resources, the importance of the discovery in resolving the issues, and whether the

2  burden or expense of the proposed discovery outweighs its likely benefit.

3       Without waiving those objections, and limiting the responsive documents to those that

4  fall within the applicable statute of limitations period, Defendants respond as follows:

5       Defendants are not aware of any writ protocols for applying to land manure, litter or

6  process wastewater at land application areas.

7  **REQUEST FOR PRODUCTION NO. 47:**

8       Any and all DOCUMENTS evidencing the agricultural utilization of nutrients in

9  MANURE, litter or PROCESS WASTEWATER that is applied to LAND APPLICATION

10  AREAS.

11  **RESPONSE TO REQUEST NO. 47:**

12       Defendants object to this Request on the ground that, because the requested

13  documents are not limited to the applicable statute of limitations period, the Request seeks

14  documents and information that is not relevant to any party's claim or defense, and that is not

15  proportional to the needs of the case, considering the importance of the issues at stake in the

16  action, the amount in controversy, the parties' relative access to relevant information, the

17  parties' resources, the importance of the discovery in resolving the issues, and whether the

18  burden or expense of the proposed discovery outweighs its likely benefit.

19       Without waiving those objections, and limiting the responsive documents to those that

20  fall within the applicable statute of limitations period, Defendants respond as follows:

21       Defendants are not aware of any responsive documents.

22  **REQUEST FOR PRODUCTION NO. 48:**

23       Any and all DOCUMENTS comprising studies, reviews, or analysis that YOU

24  commissioned regarding the application of MANURE, litter or PROCESS WASTEWATER

25  to LAND APPLICATION AREAS.

26  **RESPONSE TO REQUEST NO. 48:**

27       Defendants object to this Request on the ground that, because the requested

28  documents are not limited to the applicable statute of limitations period, the Request seeks

-12-

1   documents and information that is not relevant to any party's claim or defense, and that is not

2   proportional to the needs of the case, considering the importance of the issues at stake in the

3   action, the amount in controversy, the parties' relative access to relevant information, the

4   parties' resources, the importance of the discovery in resolving the issues, and whether the

5   burden or expense of the proposed discovery outweighs its likely benefit.

6          Without waiving those objections, and limiting the responsive documents to those that

7   fall within the applicable statute of limitations period, Defendants respond as follows:

8          Defendants will produce, or have already produced, all responsive documents in their

9   possession, custody and control.

10  **REQUEST FOR PRODUCTION NO. 49:**

11         Any and all DOCUMENTS evidencing records of the volumes of MANURE, litter or

12  PROCESS WASEWATER applied to LAND APPLICATION AREAS.

13  **RESPONSE TO REQUEST NO. 49:**

14         Defendants object to this Request on the ground that, because the requested

15  documents are not limited to the applicable statute of limitations period, the Request seeks

16  documents and information that is not relevant to any party's claim or defense, and that is not

17  proportional to the needs of the case, considering the importance of the issues at stake in the

18  action, the amount in controversy, the parties' relative access to relevant information, the

19  parties' resources, the importance of the discovery in resolving the issues, and whether the

20  burden or expense of the proposed discovery outweighs its likely benefit.

21         Without waiving those objections, and limiting the responsive documents to those that

22  fall within the applicable statute of limitations period, Defendants respond as follows:

23         Defendants are not aware of any responsive documents.

24  **REQUEST FOR PRODUCTION NO. 50:**

25         Any and all DOCUMENTS evidencing records of the days on which MANURE, litter

26  or PROCESS WASTEWATER has been applied to LAND APPLICATION AREAS.

27  **RESPONSE TO REQUEST NO. 50:**

28

-13-

1      Defendants object to this Request on the ground that, because the requested

2  documents are not limited to the applicable statute of limitations period, the Request seeks

3  documents and information that is not relevant to any party's claim or defense, and that is not

4  proportional to the needs of the case, considering the importance of the issues at stake in the

5  action, the amount in controversy, the parties' relative access to relevant information, the

6  parties' resources, the importance of the discovery in resolving the issues, and whether the

7  burden or expense of the proposed discovery outweighs its likely benefit.

8      Without waiving those objections, and limiting the responsive documents to those that

9  fall within the applicable statute of limitations period, Defendants respond as follows:

10      Defendants are not aware of any responsive documents.

11  **REQUEST FOR PRODUCTION NO. 51:**

12      Any and all DOCUMENTS evidencing records of the locations where MANURE,

13  litter or PROCESS WASTEWATER has been applied to LAND APPLICATION AREAS.

14  <u>**RESPONSE TO REQUEST NO. 51:**</u>

15      Defendants object to this Request on the ground that, because the requested

16  documents are not limited to the applicable statute of limitations period, the Request seeks

17  documents and information that is not relevant to any party's claim or defense, and that is not

18  proportional to the needs of the case, considering the importance of the issues at stake in the

19  action, the amount in controversy, the parties' relative access to relevant information, the

20  parties' resources, the importance of the discovery in resolving the issues, and whether the

21  burden or expense of the proposed discovery outweighs its likely benefit.

22      Without waiving those objections, and limiting the responsive documents to those that

23  fall within the applicable statute of limitations period, Defendants respond as follows:

24      Defendants are not aware of any responsive documents.

25  **REQUEST FOR PRODUCTION NO. 52:**

26      Any and all DOCUMENTS describing the system, including the make and model of

27  the sprinkler systems used, the make and model of the pumps used, and the capacities by

28

-14-

1    volume of the system by which MANURE, litter or PROCESS WASTEWATER is applied to

2    LAND APPLICATION AREAS.

3    **RESPONSE TO REQUEST NO. 52:**

4            Defendants object to this Request on the ground that, because the requested

5    documents are not limited to the applicable statute of limitations period, the Request seeks

6    documents and information that is not relevant to any party's claim or defense, and that is not

7    proportional to the needs of the case, considering the importance of the issues at stake in the

8    action, the amount in controversy, the parties' relative access to relevant information, the

9    parties' resources, the importance of the discovery in resolving the issues, and whether the

10   burden or expense of the proposed discovery outweighs its likely benefit.

11           Without waiving those objections, and limiting the responsive documents to those that

12   fall within the applicable statute of limitations period, Defendants respond as follows:

13           Defendants will produce, or have already produced, all responsive documents in their

14   possession, custody and control.

15   **REQUEST FOR PRODUCTION NO. 53:**

16           Any and all DOCUMENTS comprising communications between YOU and Travis

17   Peterson since October 21, 2017.

18   **RESPONSE TO REQUEST NO. 53:**

19           Defendants object to this Request on the ground that the Request seeks attorney-client

20   communications and attorney work product between counsel for Defendants and the retained

21   expert for Defendants.

22           Without waiving those objections, Defendants respond as follows:

23           Defendants will produce, or has already produced, all responsive non-privileged and

24   non work-product documents in their possession, custody and control.

25   **REQUEST FOR PRODUCTION NO. 54:**

26           Any and all DOCUMENTS comprising communications between YOU and Dr. Mark

27   Bland since October 21, 2017.

28   **RESPONSE TO REQUEST NO. 54:**

1  Defendants will produce, or has already produced, all responsive documents in their

2  possession, custody and control.

3  **REQUEST FOR PRODUCTION NO. 55:**

4  Any and all DOCUMENTS describing medicines, pharmaceuticals, hormones,

5  supplements, nutrients, or probiotics given or applied to ducks at the FACILITY.

6  **RESPONSE TO REQUEST NO. 55:**

7  Defendants object to this Request on the ground that, because the requested

8  documents are not limited to the applicable statute of limitations period, the Request seeks

9  documents and information that is not relevant to any party's claim or defense, and that is not

10  proportional to the needs of the case, considering the importance of the issues at stake in the

11  action, the amount in controversy, the parties' relative access to relevant information, the

12  parties' resources, the importance of the discovery in resolving the issues, and whether the

13  burden or expense of the proposed discovery outweighs its likely benefit.

14  Defendants also object to this Request on the ground that it seeks CONFIDENTIAL

15  INFORMATION and proprietary trade secrets.

16  Defendants also object to this Request on the ground that it seeks documents and

17  information that is not relevant to any party's claim or defense in this action and not

18  proportional to the needs of this case.  Plaintiff alleges that this is a citizen suit enforcement

19  action for alleged violations of California's General Industrial Storm Water Permit ("General

20  Permit").  As a matter of law, whatever medicines, pharmaceuticals, hormones, supplements,

21  nutrients, or probiotics are given or applied to ducks at Defendants' Facility is not, and cannot

22  be, a violation of the General Permit, as matter of law.  Thus, the requested documents are

23  irrelevant in this action.  Also, the Request is not proportional to the needs of the case,

24  considering the importance of the issues at stake in the action, the amount in controversy, the

25  parties' relative access to relevant information, the parties' resources, the importance of the

26  discovery in resolving the issues, and whether the burden or expense of the proposed

27  //

28  //

-16-

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

1    discovery outweighs its likely benefit.

2

3    Dated:  May 5, 2023                        ABBOTT & KINDERMANN, INC.

4

5                                              By: _____

6                                              GLEN C. HANSEN
                                               DIANE G. KINDERMANN
7                                              Attorneys for Defendants
                                               REICHARDT DUCK FARM, INC., and
8                                              JOHN REICHARDT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

## PROOF OF SERVICE

I, Lisa Haddix, declare as follows:

I am employed in the County of Sacramento, over the age of eighteen years and not a party to this action.  My business address is 2100 21st Street, Sacramento, California 95818.  On May 5, 2023, I served the foregoing document(s) described as:

**DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**SET TWO**

On the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Andrew L. Packard | Attorneys for Plaintiff |
| William N. Carlon | CALIFORNIANS FOR |
| LAW OFFICES OF ANDREW L. PACKARD | ALTERNATIVES TO TOXICS |
| 245 Kentucky Street, Suite B3 | |
| Petaluma, CA 94952 | |
| Tel: (707) 782-4060 | |
| Fax: (707) 782-4062 | |
| andrew@packardlawoffices.com | |
| wncarlon@packardlawoffices.com | |

**BY MAIL:**  I placed a true copy in a sealed envelope addressed as indicated above on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

X  **BY ELECTRONIC SERVICE [EMAIL]:**  Sending a true copy of the above-described document(s) via electronic transmission from email address lhaddix@aklandlaw.com to the persons listed above on May 5, 2023.  The transmission was reported as complete and without error. [CRC 2.256 (a)(4), 2.260].

**BY OVERNIGHT DELIVERY:**  On the above-mentioned date, I enclosed the documents in a sealed envelope and addressed to the persons listed on the attached service list.  I placed the envelope or package for collection with the USPS with overnight delivery instructions following our ordinary business practices.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on May 5, 2023, at Sacramento, California.

_Lisa Haddix_
_____
Lisa Haddix

-18-