**EXHIBIT A**

1  Brian Gaffney (CBN 168778)
   LAW OFFICES OF BRIAN GAFFNEY APC
   2370 Market Street, Suite 103-318
2  San Francisco, CA 94114
   Tel: (650) 219 3187
3  brian@gaffneylegal.com

4  Richard Drury (CBN 163559)
   LOZEAU | DRURY LLP
5  1939 Harrison Street, Suite 150
   Oakland CA 94612
6  Tel: (510) 836-4200
   richard@lozeaudrury.com

7

8  Attorneys for Petitioners/Plaintiffs

9

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON
4/4/2023
By  /s/ **Vanessa Jimenez**
**Deputy Clerk**

10            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  IN AND FOR THE COUNTY OF SAN MATEO

12

13  COALITION OF PACIFICANS FOR AN           **Civil Case No. 20-CIV-05719**
    UPDATED PLAN, KRISTIN CRAMER,
14
                                            **DECLARATION OF RICHARD M. PEARL IN**
15        Petitioners and Plaintiffs,       **SUPPORT OF MOTION FOR ATTORNEYS'**
    v.                                      **FEES AND COSTS**
16
    CITY COUNCIL OF THE CITY OF             CASE FILED: DEC. 21, 2020
17  PACIFICA, CITY OF PACIFICA,             DEPT.: 4
                                            JUDGE: HON. NANCY L. FINEMAN
18        Respondents and Defendants.
                                            HEARING DATE: AUGUST 8, 2023
19  MONTEREY ROAD PACIFICA, LLC,            TIME: 2 P.M.
    JAVIER CHAVERRIA VISTA MAR
20  DEVELOPMENT, VISTAMAR
    DEVELOPMENT, JAVIER CHAVARRIA,
21  and DOES 3 through 20, inclusive,
22
23        Real Parties in Interest and Defendants.

24

25

26

27

28

I, Richard M. Pearl, declare:

1.      I am a member in good standing of the California State Bar. I am in private practice as principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California. I specialize in issues related to reasonable attorney fees, including serving as an expert witness regarding attorney fees, the representation of parties and attorneys in attorney fee litigation and appeals, and serving as a mediator and arbitrator in disputes concerning attorney fees and related issues. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.      In this case, I have been asked by Richard Drury and Brian Gaffney, counsel for Petitioners and Plaintiffs Coalition Of Pacificans For An Updated Plan and Kristin Cramer to render my opinion on the reasonableness of the hourly rates they are requesting pursuant to Code of Civil Procedure section 1021.5, California's Private Attorney General statute, for their successful enforcement of the California Environmental Quality Act (CEQA).  I make this declaration in my expert capacity in support of this Motion for Attorney Fees in the above-entitled case.

## My Background and Experience

3.      My Resume, which sets forth my experience and qualifications as an expert in this subject area, is attached hereto as **Exhibit A**.

4.      Briefly summarized, my background is as follows: I am a 1969 graduate of Berkeley (then Boalt Hall) School of Law, University of California, Berkeley, California. I took the California Bar Examination in August 1969 and learned that I had passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta (LASA), I was not admitted to the California Bar until February 1970. I worked for LASA until the summer of 1971, then went to work in California's Central Valley for California Rural Legal Assistance, Inc. (CRLA), a statewide legal services program. From 1977 to 1982, I was CRLA's Director of Litigation, supervising more than fifty attorneys. In 1982, I went into private practice, first in a small law firm, then as a sole practitioner. Martindale Hubbell rates my law firm "AV." I also have been selected as a Northern California "Super Lawyer" in Appellate Law for 2005, 2006,

2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023.

5. Since 1982, the focus of my legal work has been in general civil litigation and appellate practice, with an emphasis on cases and appeals involving court-awarded attorney fees. I have been a member of the California State Bar's Attorneys' Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues. I also have lectured and written extensively on the subject of attorneys' fees. I am the author of *California Attorney Fee Awards* (Cont. Ed. Bar 3d ed. 2010) and its cumulative annual Supplements between 2011 and March, 2022, as well as its forthcoming 2023 Supplement. I also was the author of *California Attorney Fee Awards* (Cont. Ed. Bar 2d ed. 1994), and its 1995 through 2008 annual Supplements, and co-authored the initial edition and its annual supplements.  In addition, I authored a federal manual on attorneys' fees entitled "Attorneys' Fees: A Legal Services Practice Manual," published by the Legal Services Corporation. I also co-authored the chapter on "Attorney Fees" in Volume 2 of CEB's *Wrongful Employment Termination Practice* (Cont. Ed. Bar 2d ed. 1997).

6. Several courts have referred to my CEB treatise as "[t]he leading California attorney fee treatise*." Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 621; *see also, e.g., Int'l Billing Servs., Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1193 ("the leading treatise"); *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 409 ("a leading treatise on California attorney's fees").  It also has been cited by the California Supreme Court and Court of Appeal on many occasions. *See, e.g., Graham v. DaimlerChrylser Corp.* (2004) 34 Cal.4th 553, 576, 584; *Lolley v. Campbell* (2002) 28 Cal.4th 367, 373; *In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214–15, 1217); *Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 530 n. 8; *Doe v. Regents of Univ. of California* (2020) 51 Cal.App.5th 531, 547; *Highland Springs Conference & Training Ctr. v. City of Banning* (2019) 42 Cal.App.5th 416, 428 n. 11; *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 409; *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.* (2019) 36 Cal.App.5th 970, 988; *Hardie v. Nationstar Mortg. LLC* (2019) 32 Cal.App.5th 714, 720; *Stratton v. Beck* (2018) 30 Cal.App.5th 901, 911; *Syers Props III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698, 700.  California Superior Courts also cite the treatise with approval.  *See, e.g., Davis v. St. Jude*

*Hosp.* (Orange Cty. Super. Ct. Aug. 31, 2018) No. 30201200602596CUOECX, 2018 WL 7286170 at *4; *Hartshorne v. Metlife, Inc.* (Los Angeles Super. Ct. May 02, 2017) No. BC576608, 2017 WL 1836635, at *10. Federal courts also have cited it. *See In re Hurtado* (E.D. Cal. Nov. 6, 2015) Case No. 09-16160-A-13, 2015 WL 6941127; *TruGreen Companies LLC v. Mower Brothers, Inc.* (D. Utah 2013) 953 F.Supp.2d 1223, 1236 nn.50, 51.

7.      More than 98% of my practice is devoted to issues involving court-awarded attorney fees. I have appeared as attorney of record in over 200 attorney fee applications in state and federal courts, both for myself and for other attorneys. I also have briefed and argued more than 40 appeals, at least 30 of which have involved attorney fees issues. I have successfully handled five cases in the California Supreme Court involving court-awarded attorney fees (1) *Maria P. v. Riles* (1987) 43 Cal.3d 1281, which upheld a C.C.P. section 1021.5 fee award based on a preliminary injunction obtained against the State Superintendent of Education, despite the fact that the case ultimately was dismissed under C.C.P. section 583; (2) *Delaney v. Baker* (1999) 20 Cal.4th 23, which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act; (3) *Ketchum v. Moses* (2001) 24 Cal.4th 1122, which reaffirmed that contingent risk multipliers are an essential consideration under California attorney fee law (note that in *Ketchum,* I was primary appellate counsel in the Court of Appeal and "second chair" in the California Supreme Court); (4) *Flannery v. Prentice* (2001) 26 Cal.4th 572, which held that under California law, in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and (5) *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, which held, *inter alia,* that the "catalyst" theory of fee recovery remained viable under California law and that lodestar multipliers could be applied to fee motion work.  In that case, I represented trial counsel in both the Court of Appeal (twice) and California Supreme Court, as well as on remand in the trial court.  I also represented and argued on behalf of *amicus curiae* in *Conservatorship of McQueen* (2014) 59 Cal.4th 602, which held that attorneys' fees incurred for appellate work were not "enforcement fees" subject to California's Enforcement of Judgments law; I presented the argument relied upon by the Court. Along with Richard Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus curiae* brief in *Vasquez v. State of*

*California* (2009) 45 Cal.4th 243. I also have handled numerous other appeals involving attorneys' fee issues, including: *Davis v. City & County of San Francisco* (9th Cir. 1992) 976 F.2d 1536; *Mangold v. CPUC* (9th Cir. 1995) 67 F.3d 1470; *Velez v. Wynne* (9th Cir. 2007) 2007 U.S. App. LEXIS 2194; *Camacho v. Bridgeport Financial, Inc.* (9th Cir. 2008) 523 F.3d 973; *Orr v. Brame* (9th Cir. 2019) 793 F.Appx. 485; *Center for Biological Diversity v. County of San Bernardino* (2010) 185 Cal.App.4th 866; *Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection et al* (2010) 190 Cal.App.4th 217; *Heron Bay Home Owners Association v. City of San Leandro* (2018) 19 Cal.App.5th 376; and *Robles v. Emp. Dev. Dept.* (2019) 38 Cal.App.5th 191. An expanded list of reported decisions in cases I have handled is set out in my resume, attached as **Exhibit A**.

8.      I also am frequently called upon to opine as an expert on the reasonableness of attorney fees. I estimate that I have testified, by declaration or in person, in more than 250 cases, and numerous federal and state courts have expressly relied on my testimony on attorneys' fee issues. For example:

- *Wit v. United Behav. Health* (N.D. Cal. 2022) 578 F.Supp.3d 1060, 1079  ("the Court places significant weight on Pearl's opinion");

- *Human Rights Defense Center v. County of Napa* (N.D. Cal. March 28, 2021) 2021 U.S. Dist. LEXIS 59778, *32, 2021 WL 1176640, 20-cv-01296-JCS  ("Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts");

- *Andrews v. Equinox Holdings, Inc.* (November 9, 2021) N.D. Cal. No. 20-cv-00485-SK ("Court similarly finds Pearl's opinions well supported and persuasive");

- *Antoninetti v. Chipotle Mexican Grill, Inc.* (9th Cir. 2012) No. 08-55867, Order filed Dec. 26, 2012, at 6;

- *Prison Legal News v. Schwarzenegger* (9th Cir. 2010) 608 F.3d 446, 455 (the expert declaration referred to is mine);

- *Roe v. SFBSC Mgmt., LLC* (N. D. Cal. Nov. 29, 2022) 2022 U.S. Dist. LEXIS 215122;

- *Independent Living Center of S. Cal. v. Kent* (C.D. Cal. 2020) 2020 U.S. Dist. LEXIS 13019;

- *Ridgeway v. Wal-Mart Stores, Inc.* (N.D. Cal. 2017) 269 F.Supp.3d 975, *aff'd* (9th Cir. 2020) 269 F.3d 1066;

- *Beaver v. Tarsadia Hotels* (S.D. Cal. 2017) 2017 U.S. Dist. LEXIS 160214;

- *Notter v. City of Pleasant Hill* (N.D. Cal. 2017) 2017 U.S. Dist. LEXIS 197404, 2017 WL 5972698;

- *Villalpondo v. Exel Direct, Inc.* (N.D. Cal. 2016) 2016 WL 1598663;

- *State Compensation Insurance Fund v. Khan et al,* Case No. SACV 12-01072- CJC(JCGx) (C.D. Cal.), Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6, 2016 (Dkt. No. 408);

- *In re Cathode Ray Tube Antitrust Litig.,* Master File No. 3:07-cv-5944 JST, MDL No. 1917 (N.D. Cal. 2016) 2016 U.S. Dist. LEXIS 24951 (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Class Representative), Dkt. 4351, dated January 28, 2016, *adopted in relevant part,* 2016 U.S. Dist. LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank* (N.D. Cal. 2015) 2015 U.S. Dist. LEXIS 67298;

- *Holman v. Experian Information Solutions, Inc.* (N.D. Cal. 2014) 2014 U.S. Dist. LEXIS 173698;

- *In re TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal. 2013) No. M 07-1827 SI, MDL No. 1827 (N.D. Cal.), Report and Recommendation of Special Master Re Motions for Attorneys' Fees And Other Amounts By Indirect-Purchaser Class Plaintiffs And State Attorneys General, Dkt. 7127, filed Nov. 9, 2012, adopted in relevant part, 2013 U.S. Dist. LEXIS 49885;

- *Walsh v. Kindred Healthcare* (N.D. Cal. 2013) 2013 U.S. Dist. LEXIS 176319;

- *A.D. v. California Highway Patrol* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 110743, at *4, rev'd on other grounds, (9th Cir. 2013) 712 F.3d 446, reaffirmed and additional fees awarded on remand, (N.D. Cal. 2013) 2013 U.S. Dist. LEXIS 169275;

- *Hajro v. United States Citizenship & Immigration Service* (N.D. Cal. 2012) 900 F.Supp.2d 1034, 1054;

- *Rosenfeld v. United States Dep't of Justice* (N.D. Cal. 2012) 904 F.Supp.2d 988, 1002;

- *Stonebrae, L.P. v. Toll Bros., Inc.* (N.D. Cal. 2011) 2011 U.S. Dist. LEXIS 39832, *9 (thorough discussion), aff'd (9th Cir. 2013) 2013 U.S. App. LEXIS 6369;

- *Armstrong v. Brown* (N.D. Cal. 2011) 2011 U.S. Dist. LEXIS 87428;

- *Lira v. Cate* (N.D. Cal. 2010) 2010 WL 727979;

- *Californians for Disability Rights, Inc. v. California Dep't of Transportation* (N.D. Cal. 2010) 2010 U.S. Dist. LEXIS 141030;

- *Nat'l Federation of the Blind v. Target Corp.* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 67139;

- *Prison Legal News v. Schwarzenegger* (N.D. Cal. 2008) 561 F.Supp.2d 1095;

- *Bancroft v. Trizechahn Corp.* (C.D. Cal. Aug. 14, 2006) No. CV 02-2373 SVW (FMOx), Dkt. 278;

- *Willoughby v. DT Credit Corp.* (C.D. Cal. July 17, 2006) No. CV 05-05907 MMM (CWx), Dkt. 65;

- *Oberfelder v. City of Petaluma* (N.D. Cal. 2002) 2002 U.S. Dist. LEXIS 8635, aff'd (9th Cir. 2003) 2003 U.S. App. LEXIS 11371.

My declaration also has been cited favorably in numerous reported California attorney fee decisions, including the following:

- *Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 986;

- *Wood v. Los Angeles County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases)* (2021) 2021 Cal.App. Unpub. LEXIS 5506;

- *Laffitte v. Robert Half Int'l Inc.* (2014) 231 Cal.App.4th 860, aff'd (2016) 1 Cal.5th 480;

- *Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88;

- *Habitat and Watershed Caretakers v. City of Santa Cruz* (2015) 2015 Cal.App. Unpub. LEXIS 7156;

- *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570;

- *Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009;

- *Wilkinson v. South City Ford* (2010) 2010 Cal.App. Unpub. LEXIS 8680;
- *Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740;
- *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628;
- *Kaku v. City of Santa Clara* (Santa Clara Cty. Super. Ct. Jan. 22, 2019) No. 17CV319862, 2019 WL 331053, at *3;
- *Davis v. St. Jude Hosp.* (Orange Cty. Super. Ct. Aug. 31, 2018) No. 30201200602596CUOECX, 2018 WL 7286170, at *4;
- *Hartshorne v. Metlife, Inc.* (Los Angeles Super. Ct. May 2, 2017) No. BC576608, 2017 WL 1836635, at *10.

These are just reported examples. Many other trial courts also have relied on my testimony in unreported fee awards.

9.     I have also been retained by various governmental entities, including the California Attorney General's office, at my then current rates to consult with them and serve as their expert regarding the State's affirmative attorney fee claims.  *See*, *e.g.*, *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 584; *Dep. of Fair Employ. and Hous. v. Law Sch. Admission Council, Inc.* (N.D. Cal. No. 12-cv-08130, filed Nov. 5, 2018) 2018 WL 5791869.

**<u>My Opinion in This Case</u>**

9.     To form my opinion in this case, I have familiarized myself generally with the history of the litigation, the nature of the legal work it required, and the results achieved.  I also have communicated with Mr. Drury and Mr. Gaffney about these materials and other aspects of the case.

10.     I also have familiarized myself further with the experience, credentials, and qualifications of the attorneys whose fees are being requested here. In that vein, I am personally familiar with both Mr. Drury and Mr. Gaffney, having worked with each of them on several occasions in the past. See, e.g., my work with Mr. Gaffney in *Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection et al* (2010) 190 Cal.App.4th 217. As such, I am aware that each has achieved the very highest levels of expertise, experience, and reputation in the environmental law field, as are their legal skills, judgment, and commitment that they bring to

their cases. In my view, they are at the very highest levels of their field and are entitled to rates that are commensurate with that stature.

11.    Counsels' requested hourly rates for this matter are as follows:

| Name | Years in Practice | Reasonable Hourly Rate |
|---|---|---|
| Brian Gaffney | 30 | $900 |
| Richard Drury | 33 | $900 |
| Rebecca Davis | 13 | $725 |
| Brian Flynn | 6 | $500 |
| Daniel Knierim | 4 | $430 |
| Amalia Bowley Fuentes | 2 | $375 |
| Paralegals | | $200 |

12.    As detailed below, it is my opinion that these hourly rates are well within the range of rates charged by comparably qualified San Francisco Bay Area attorneys for comparable services. That is the applicable standard. Under California law, counsels' requested hourly rates are reasonable if they are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bonta* (2002) 97 Cal.App.4th 740, 783.[1] Accord *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700-703. Indeed, it is my opinion that counsels' requested rates here are in the mid-range of noncontingent hourly rates charged by similarly qualified Bay Area attorneys who regularly engage in civil litigation of comparable complexity.

---

[1] Most California and federal courts use current rates to determine reasonable fees, as rough compensation for the delay in payment the prevailing attorneys have experienced. *See, e.g., Camacho v. Bridgeport Financial, Inc.* (9th Cir. 2008) 523 F.3d 973, 980; *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553; *Robles v. Employment Dev. Dept.* (2019) 38 Cal.App.5th 191, 205; Pearl, Cal Fee Awards, § 9.113, p. 9-132.

**The Bases for My Opinion**

13.    My opinion in this case is based on numerous factors in addition to my familiarity with the record here and counsels' excellent credentials. First, it is based on my extensive experience, research, and knowledge in this subject area as detailed above and in **Exhibit A**.

14.    Second, my opinion is based on the numerous judicial determinations that counsels' then current hourly rates were reasonable.  See ¶ 17 *infra.*

15.    Third, my opinion is informed by the numerous source and reference materials regarding attorney fee rates that I have reviewed over the years. Briefly summarized and described further later in this declaration, these materials include the following:

- **Exhibit B** is a document that I prepared and maintain which compiles attorney fee rates that San Francisco Bay Area courts recently have found to be reasonable.

- **Exhibit C** is a document that I prepared and maintain which compiles attorney fee rates charged by numerous San Francisco Bay Area law firms.

- **Exhibit D** consists of excerpts from the 2021 Real Rate Report by Wolters Kluwer, which is a widely used and relied on report of law firm rates based on invoice data.

- **Exhibit E** consists of an article from Bloomberg Law (Bureau of National Affairs, Inc.), entitled "Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge" (Jan. 19, 2023).

- **Exhibit F** is the Peer Monitor Public Rates Report of publicly reported attorney fee rates in 2018.

- **The Laffey Matrix** (www.laffeymatrix.com) is a survey of Washington D.C. Area attorney rates that is used by local courts with adjustments for differences in regional rates. *See DL v. D.C.* (D.C. Cir. 2019) 924 F.3d 585; *Syers Props III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702.

- **Chapter 11 Bankruptcy attorney fee applications** are another source of information regarding attorney fee rates charged and approved in this area. By way of example, *In Re PG&E Corporation,* N.D. Bank. Case No. 19-30088, includes hundreds of pages of court filings regarding attorney fee rates. *E.g.,* Dkt. No. 6331. See **Exhibit G.**

16.     The first factor I have relied upon is my long experience and expertise regarding attorneys' fees, as noted in the numerous reported cases listed above. See, e g., *Wit v. United Behav. Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, 1079  ("the Court places significant weight on Pearl's opinion"); *Human Rights Defense Center v. County of Napa* (N.D. Cal. March 28, 2021) 2021 U.S. Dist. LEXIS 59778, *32, 2021 WL 1176640, 20-cv-01296-JCS  ("Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts"). In this case, I have the added advantage of having worked with Mr. Gaffney and Mr. Drury in the past and therefore know first-hand their high levels of experience, expertise, lawyering skills, and commitment to their clients.

17.     The second factor recognizes that, as set out in Counsels' declarations, Mr. Drury's and Mr. Gaffney's hourly rates have been found reasonable by numerous other courts. See Drury Decl., ¶¶26-28; Gaffney Decl., ¶¶8-11. For example, Lozeau Drury, LLP has market-rate clients who pay partners hourly rates ranging from $700 and $850 per hour and who pay associates at  rates ranging from $375 to $550 per hour. In the 2021 case of *Durkin v. City and County of San Francisco,* San Francisco Superior Court Case No. CPF-20-517317, Judge Rochelle East awarded Mr. Drury an hourly rate of $850 per hour, plus a multiplier of 1.75 in a contested fee motion.  In the 2020 case of *Fowler v. City of Lafayette*, Contra Costa Superior Court Case No. MSN 16-2322 (Dec. 4, 2020), Judge Ed Weil of the Contra Costa Superior Court found in a contested motion that an hourly rate of $750 per hour was appropriate for Mr. Drury's work. In 2022, Mr. Gaffney's rate of $870/hour was found reasonable by the San Francisco Superior Court in approving multiple Consent Judgments in *Ecological Rights Foundation v. Wolf & Associates et al*, San Francisco Case No. CGC- 21-596304, in *Ecological Rights Foundation v. Staples, Inc. et al*, San Francisco Civil Case No. CGC-20-584232, and in *Ecological Rights Foundation v. 3D Print of North America Inc. et al*, San Francisco Civil Case No. CGC-19-580009. These findings are highly probative of their rates' reasonableness here. See, e.g., *Margolin v Regional Planning Comm'n* (1982) 134 Cal.App.3d 999, 1005 (rejecting defendants' argument that rates awarded plaintiff's counsel in prior litigation were not relevant because they may have reflected special factors such as difficulty of case).

18.     The third factor consists of the numerous hourly rate determinations made by local courts set out in **Exhibit B** that strongly support my opinion that the rates requested by Petitioners' Counsel are "within the range" of those found reasonable for reasonably comparable counsel performing reasonably similar services. For example, in *Roe v. SFBSC Mgmt., LLC* (N.D. Cal. November 29, 2022) 2022 U.S.Dist.LEXIS 215122, a wage and hour class action, as part of the lodestar cross-check, the court found that $973 per hour was a reasonable 2022 rate for a 21-year attorney and $873 was reasonable for a 17-year attorney. Likewise, in *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the court found that $875 per hour was a reasonable 2021 rates for a 14-year attorney. As highly-experienced partner-level attorneys at the top of their fields, Mr. Drury's and Mr. Gaffney's $900 hourly rates are well within this range of rates, especially considering the 4-6% rate increases in the Bay Area legal marketplace over the past two years.[2]

19.     Fourth, my opinion also is based on the reported rates of numerous local law firms set out in **Exhibit C** which I have gathered from declarations, surveys, articles, and individual correspondence. it too supports my opinion that counsels' rates here are in line with the San Francisco legal marketplace. For example, in 2019, the Cotchett Pitre firm billed a 27-year attorney at $925 per hour. Counsels' rates here, for 30 and 33-year attorneys in 2023, are $25 an hour *lower*.

20.     Likewise, Schneider Wallace Cottrell & Konecky, a public interest firm, billed a 26-year attorney in 2020 at $925 per hour, a rate that was found reasonable in *Nevarez v. Forty Niners,* N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action

---

[2] Listed billing rates, court awards, and published articles show that over the past four years, San Francisco Bay Area rates have risen an average of 4-6% per year, with an even higher average increase in 2023. *See* **Exhibit E** (showing 9%-10% increases in 2023 hourly rates). For example, in *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress* (N.D. Cal. Dec. 22, 2020) 2020 U.S. Dist. LEXIS 241035, at *13, the district court applied a 25% rate increase for the period from 2016 to 2020. More recently, similar rate increases in the legal marketplace have been observed by commentators. *See, e.g., Aggressive Billing Rate Increases Appear Likely, But Can Clients Stomach It?* Maloney, The American Lawyer (Jan. 24, 2022) (rates rose "nearly 4%" in 2021; Simons, *Big Law Should Reuse Partner Billing Rates 10+ Percent Now*, The Recorder (Nov. 15, 2018) at 3 ("In a normal year, partner rates would go up around 5 or 6 percent").

Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416]. In 2021, the same firm billed that same attorney at $1,005 per hour. Likewise, in 2020, local class action firm Goldstein Borgen Dardarian and Ho billed its 23 year attorney at $945 per hour; and, Feinberg, Jackson, Worthman & Wasow billed its 18 year partner at $1,050 per hour, its 16-year partner at $900,  and its 12-year partner at $800.  In 2022, Altshuler Berzon bills its 13-year attorney at $925 per hour and its 12-year attorney at $810 per hour. Counsels' rates here are easily within this range.

21.     Fifth, the relevant surveys and articles presented here in **Exhibits D-G** show that counsels' rates are well "within the range" of rates charged in the San Francisco Bay Area legal marketplace:

- The 2021 Real Rate Report by Wolters Kluwer **(Exhibit D)** describes the 2021 rates charged by 150 San Francisco partners and 108 associates who practiced "Litigation." For that Category, the Third Quartile hourly rate of surveyed attorneys was **$961** per hour for partners and **$628** per hour for associates. The Third Quartile rate means that 25% of the surveyed attorneys billed at that rate or higher. Here, given Counsels' specialized expertise and experience, they would certainly rank within that range. Inflation in rates and increased experience notwithstanding, Counsel here have requested rates that are $61 below the average Third Quartile rate.

- Similarly, the "High Level Data Cuts" section at page 34 of the Report describes the 2021 rates charged by 158 San Francisco partners with "21 or More Years" of experience. For that Category, the Third Quartile 2021 partner rate was **$960** per hour. Again, counsel would easily qualify for a Third Quartile rate but have requested  lower rates. The survey also shows that for associates, the Third Quartile hourly rate was $628; again, the requested rates here are comparable.

- The recent article from the Bloomberg Law (Bureau of National Affairs, Inc.), entitled "Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge" (Jan. 19, 2023) **(Exhibit E)** includes data showing that for commercial firms who submitted new 2023

hourly rates, those rates reflected increases over 2022 rates for top partners of nearly 10% on average and top associates of 9%.

- The 2020 rates charged by and paid to attorneys representing PGE in its Bankruptcy proceedings for the period from July 2020 (**Exhibit G**) show that the hourly rates requested here are far lower than the rates PG&E was charged and paid to its attorneys.[3] For example, in that matter, 31-and 32-year attorneys were billed at $1,640 per hour; 30-year attorneys were billed at $1,535 per hour; a 15-year attorney was billed at $1,270 per hour; and a 7-year attorney at $1,095. Here, Messrs. Drury and Gaffney, who also are 30- and 33-year attorneys, are seeking $900 per hour. Admittedly, the rates paid by PG&E are at the high end of the range, but Petitioners' rates here are significantly lower.

- The 2018 Peer Monitor Public Rates survey (**Exhibit F**) shows that Counsels' requested rates here are well below the range of hourly rates billed five years ago by major Northern California law firms.

- The current LSI Laffey Matrix (laffeymatrix.com) rate for attorneys with 20 or more years of experience is $997 per hour, and for attorneys with 8-10 years of experience $733 per hour. When adjusted to account for the cost-of- living differential between the Washington D.C. Area and the San Francisco Bay Area, these rates equal $1,109 and $855 per hour, respectively. *See* www.uscourts.gov/Careers/compensation/judiciary-salary-plan-pay-rate. Given counsels' specialized expertise and experience, the excellent

---

[3] Bankruptcy rates are relevant here because the federal bankruptcy rules require that firms attest that the rates they are requesting do not exceed their rates for other types of work. *See, e.g.*, Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, effective February 19, 2014, https://www.canb.uscourts.gov/procedure/guidelines-compensation-and-expense-reimbursementprofessional-and-trustees, at § 8 (requiring certification that, among other things, "the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the applicant and generally accepted by the applicant's clients"); Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf, 78 Fed. Reg. 36248, 36250 (June 17, 2013) ("The United States Trustee will ordinarily object to fees that are above the market rate for comparable services.").

work performed, and the results obtained here, rates that are approximately $200 lower than the Laffey rates counsels' rates are indisputably within the range suggested by the Laffey Matrix.[4]

22. Based on the foregoing, in my opinion, counsels' hourly rates for their work in this litigation are reasonable as they are well within the range of rates charged by and awarded to comparably qualified attorneys in this legal community for comparable services.

23. Further, it is my opinion that the 1.5 lodestar enhancement that Petitioners' Counsel request for their work on the merits is reasonable.

24. I am familiar with the legal standards governing the recovery of enhanced lodestars, commonly known as "multipliers," in cases in which statutory fees are recoverable under California law. Given the significant contingent risk involved, both as to the merits and as to the recovery of a fee, the excellent results and public benefits achieved, in my opinion, a 1.5 multiplier accurately reflects the fair market value of counsels' services consistent with the legal marketplace. See *Graham*, 34 Cal.4th at 579 ("The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.")

25. In the legal marketplace, law firms that take cases in which their compensation is entirely or largely contingent on success expect to receive significantly higher effective hourly rates when they succeed than would be paid on a win-or-lose, ongoing basis. That is especially true in hard-fought cases like this one where the result was uncertain. Lawyers who assume a significant financial risk on behalf of their public interest clients rightfully expect that their compensation will be

---

[4] The California courts have recognized that the Laffey Matrix, when adjusted, may be considered probative of the range of rates charged in California. See *Syers Props III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702; *Tukes v. Richard* (2022) 81 Cal.App.5th 1, 17. And, the District of Columbia courts have recognized that as between the USAO and LSI Laffey Matrixes, the LSI version is far more relevant to the rates charged in the urban Washington DC area for hard fought litigation as opposed to other types of services. *DL v. D.C.* (D.C. Cir. 2019) 924 F.3d 585.

1   significantly greater than if no risk was involved (i.e., if the client paid the bill in full on a monthly

2   basis).

3       26.     As the case law recognizes, compensating counsel for this type of risk does not result

4   in any "windfall" or undue "bonus." *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138. Rather,

5   adjusting court-awarded fees upward in contingent fee cases to reflect the risk of recovering no

6   compensation whatsoever for hundreds of hours of labor simply makes those fee awards consistent

7   with the legal marketplace. In so doing, risk multipliers help ensure that meritorious cases will be

8   brought to enforce important public interest policies and that clients who have meritorious claims will

9   be better able to obtain qualified counsel. *See, e.g.*, *Amaral v. Cintas Corp* (2008) 163 Cal.App.4th

10  1157, 1216 (affirming 1.65 multiplier, noting that "[t]he claims and defenses in this case raised a

11  significant number of complex legal issues of first impression, and class counsel took a substantial

12  risk that it would not prevail on these issues and thus would not recover a full fee. [Citation.] Our

13  courts have recognized that an enhanced fee award is necessary to compensate attorneys for taking

14  such risks…"). Accordingly, a contingent case with at least a 50% chance of not prevailing should

15  recover a fee that is at least twice the lodestar as compensation for the attorney's risk and loan of

16  services.

17      27.     In the case at bar, had they lost their CEQA Petition through Real Parties' first demur

18  challenging Petitioner CPUP's capacity to sue, or through Real Parties' second demur seeking to

19  dismiss the entire CEQA action, or on Petitioners' motion for judgment under CCP § 1094,

20  Petitioners' Counsel faced a substantial risk of receiving far less than full compensation for their

21  work. The fact that Counsel received partial compensation is no bar to a risk enhancement where the

22  ability to be fully compensated – ie. to be paid at market rates -- was at risk. See, e.g., *Building a*

23  *Better Redondo Beach, Inc. v City of Redondo Beach* (2012) 203 Cal.App.4th 852, 874 (affirming

24  1.25 multiplier in partially contingent case, where the attorney was paid 25% of the market rate by

25  the client).

26      28.     Likewise, in the legal marketplace, lawyers who display exceptional skill or expertise

27  that would warrant a higher fee than the requested lodestar are entitled to a lodestar multiplier to

28  reflect that fact. See *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 61. Here, Petitioners'

attorneys' exceptional expertise in land use and environmental law and litigation readily meet that standard.

29.     Similarly, law firms that obtain excellent results for their clients and cases that serve a significant public purpose can and do expect that those factors will be reflected in their fees. See *Graham*, 34 Cal.4th at 582.  Here, Petitioners have achieved their primary goals – a peremptory writ ordering the City of Pacifica to set aside the flawed Mitigated Negative Declaration and the approvals for the Vista Mar project reliant thereon, and a ruling finding substantial evidence of significant biological impacts, geomorphological and hydrological impacts, aesthetic impacts, and air quality health risk impacts. In doing so, Petitioners enforced the significant public purposes that underlie the California Environmental Quality Act. See *Center for Biological Diversity v. Cty of San Bernardino* (2010) 188 Cal.App.4th 603, 612 ("It is well settled that the private attorney general theory applies to an action to enforce provisions of CEQA")).

30.     Lastly, comparing the enhancement requested here to those applied in other hotly contested, risky land use and environmental cases also demonstrates that the 1.5 lodestar enhancement requested is reasonable. Those cases include:

- *Coalition for Los Angeles County Planning* (1977) 76 Cal.App.3d 241 (2.1 multiplier for land use challenge);

- *La Mirada Avenue Neighborhood Assn. of Hollywood* (2018) 22 Cal.App.5th 1149 (1.4 multiplier affirmed in land use action);

- *Center for Biological Diversity v. County of San Bernardino (NP Nurseries)* (2010) 185 Cal.App.4th 866, 899 (affirming 1.5 multiplier in CEQA action);

- *Center for Community Action and Environmental Justice,* Riverside County Superior Ct. No. RIC 1601988 MF, fee order filed August 8, 2019 (1.8 multiplier);

- *Uphold Our Heritage v. Town of Woodside,* San Mateo Superior Court No. 444270, *aff'd by unpublished decision,* 2008 Cal.App. Unpub. LEXIS 8875 (2.0 multiplier);

- *EPIC v. California Dept. of Fire & Forestry* (*EPIC II*)*,* Humboldt County Superior Court Nos. CV990445 and CV990452 (2.0 multiplier, reversed and remanded for reconsideration in light of appellate decision on merits (see 190 Cal.App.4th 217));

- *Affordable Clean Water Alliance v. Santa Clarita Valley Sanitation Dist. of Los Angeles County*, Los Angeles County Superior Ct. No. BS145869, Notice of Ruling Granting Motion for Attorneys' Fees, filed Sept. 14, 2016 (1.4 multiplier applied to successful challenge District's project approval process);

- *Living Rivers Council v. State Water Resources Control Board,* Alameda Superior Court No. RG 10543923, Fee Order filed March 23, 2013, *aff'd by unpublished opinion*, 2014 Cal.App. Unpub. LEXIS 7321 (1.5 multiplier affirmed in CEQA action);

- *Downey Cares v. Downey Community Dev. Com.* (1987) 196 Cal.App.3d 983 (redevelopment plan challenge; 1.5 multiplier);

- *Kern River Pub. Access Comm. v City of Bakersfield* (1985) 170 Cal.App.3d 1205, 1228 (environmental action challenging land use decision; 1.5 multiplier);

- *Sierra Club v. County of San Diego,* San Diego County Superior Court No. 37-2012-00101054-CU-TT-CTL, Fee Order filed August 7, 2015 (2.0 multiplier in CEQA case);

- *San Bernardino Valley Audubon Soc'y v County of San Bernardino* (1984) 155 Cal.App.3d 738 (CEQA action challenging land use decision; 1.4 multiplier);

- *Galante Vineyards v Monterey Peninsula Water Mgmt. Dist.* (1997) 60 Cal.App.4th 1109 (California Environmental Quality Act (CEQA) action; 1.43 multiplier).

In my opinion, the instant case fits well-within this line of cases and fully supports Counsels' requested multiplier.

31.     The expense and risk of public interest litigation have not diminished over the years; to the contrary, these cases are in many ways more difficult than ever. As a result, fewer and fewer attorneys and firms are willing to take on such litigation, and the few who are willing to do so can only continue if their fee awards reflect true market value.0

32.     I do not express any specific opinion regarding the necessity or reasonableness of those hours incurred or tasks performed by Defendant's counsel because I have not been asked to do so. However, the absence of such testimony from me does not in any way reflect a negative view of the reasonableness or necessity of the attorney time spent on this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

Executed on March 30, 2023, at Berkeley, California.

1

2

3

4

5



6

       Richard M. Pearl

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-3143 (facsimile)
rpearl@interx.net (e-mail)

**EDUCATION**

University of California, Berkeley, B.A., Economics (June 1966)
Berkeley School of Law (formerly Boalt Hall), Berkeley, J.D. (June 1969)

**BAR MEMBERSHIP**

Member, State Bar of California (admitted February 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior Courts and Court of Appeals.

**EMPLOYMENT**

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice (AV rating), with emphasis on court-awarded attorney's fees, class actions, and appellate practice. Selected Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, California Court of Appeal, First Appellate District (October 2000 to 2013) (program terminated).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to 2014): Taught *Public Interest Law Practice*, a 2-unit course that focused on the history, strategies, and issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation practice, as described above.

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

>  Director of Litigation (July 1977 to July 1982)
>  Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.
>
>  Regional Counsel (July 1982 to September 1983 part-time)
>  Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.
>
>  Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
>  Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.
>
>  Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
>  Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low-income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

## PUBLICATIONS

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010) and February 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, and March 2022 Supplements

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements

*Best Practices for Litigating a Civil Code Section 1717 Motion for Attorney Fees,* with the Hon. Elizabeth R. Feffer (Ret.), California Litigation (The Journal of the Litigation Section of the California Lawyers Association, Vol. 35, No. 1, 2022)

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

*Wrongful Employment Termination Practice, Second Edition* (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

*California Attorney's Fees Award Practice* (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees for numerous trainings, including for California Continuing Education of the Bar, the California Employment Lawyers Association, the California Lawyers Association, the California Department of Fair Housing and Employment, the Environmental Law, Labor Law, and Appellate Sections of the California State Bar, the California Academy of Appellate Lawyers, and many others.

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases* (September 1985) Los Angeles Lawyer

Program Materials on Remedies Training (Class Actions), sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

3

**PUBLIC SERVICE**

Member, Attorneys' Fee Task Force, California State Bar

Member, Board of Directors, California Rural Legal Assistance Foundation

Former Member, Border of Directors, Meals on Wheels of San Francisco

**REPRESENTATIVE CASES**

*ACLU of N. Cal. v. DEA*
   (N.D. Cal. 2012) 2012 U.S.Dist.LEXIS 190389

*Alcoser v. Thomas*
   (2011) 2011 Cal.App.Unpub.LEXIS 1180

*Arias v. Raimondo*
   (2018) 2018 U.S.App.LEXIS 7484

*Boren v. California Department of Employment*
   (1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
   (9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
   (9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
   (1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
   (2010) 185 Cal.App.4th 866

*Children & Families Commission of Fresno v. Brown*
   (2014) 228 Cal.App.4th 45

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
   (1991) 229 Cal.App.3d 633

**REPRESENTATIVE CASES (cont.)**

*David C. v. Leavitt*
  (D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
  (1999) 10 Cal.4th 23

*Dixon v. City of Oakland*
  (2014) 2014 U.S.Dist.LEXIS 169688

*Employment Development Dept. v. Superior Court (Boren)*
  (1981) 30 Cal.3d 256

*Environmental Protection Info. Ctr. v Department of Forestry & Fire Protection*
  (2010) 190 Cal.App.4th 217

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
  (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
  (2001) 26 Cal. 4th 572

*Graham v. DaimlerChrysler Corp.*
  (2004) 34 Cal. 4th 553

*Guerrero v. Cal. Dept. of Corrections etc.*
  (2016) 2016 U.S.Dist.LEXIS 78796, *aff'd in relevant part,* (9th Cir. 2017) 701
  Fed.Appx. 613

*Heron Bay Home Owners Assn. v. City of San Leandro*
  (2018) 19 Cal.App.5th 376

*Horsford v. Board of Trustees of Univ. of Calif.*
  (2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
  (2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
  (1978) 78 Cal.App.3d 951, *cert. denied* (1979)
  440 U.S. 951

*Lealao v. Beneficial  California, Inc.*
  (2000) 82 Cal.App.4th 19

5

**REPRESENTATIVE CASES (cont.)**

*Lewis v. California Unemployment Insurance Appeals Board*
      (1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
      (N.D. Cal. 1984) 580 F.Supp. 714,
      *aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
      (9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
      (1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
      (N.D. Cal. 1976) 411 F.Supp. 5,
      *aff'd* (9th Cir. 1977) 573 F.2d 555

*McQueen, Conservatorship of*
      (2014) 59 Cal.4th 602 (argued for *amici curiae*)

*McSomebodies v. Burlingame Elementary School Dist.*
      (9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
      (9th Cir. 1990) 897 F.2d 975

*Molina v. Lexmark International*
      (2013) 2013 Cal.App. Unpub. LEXIS 6684

*Moore v. Bank of America*
      (9th Cir. 2007) 2007 U.S. App. LEXIS 19597

*Moore v. Bank of America*
      (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
      (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
      5 Wage & Hour Cas. 2d (BNA) 1122

*Nadaf-Rahrov v. Nieman Marcus Group*
      (2014) 2014 Cal.App. Unpub. LEXIS 6975

**REPRESENTATIVE CASES (cont.)**

*Orr v. Brame*
(9th Cir. 2018) 727 Fed.Appx. 265, 2018 U.S.App.LEXIS 6094

*Orr v. Brame*
(9th Cir. 2019) 793 Fed.Appx. 485

*Pena v. Superior Court of Kern County*
(1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
(E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
(N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd on merits (fees not appealed)* 269 F.3d 1066 (9th Cir. 2020)

*Robles v. Employment Dev. Dept.*
(2019) 38 Cal.App.5th 191

*Rubio v. Superior Court*
(1979) 24 Cal.3d 93 (amicus)

*Ruelas v. Harper*
(2015) 2015 Cal.App. Unpub.LEXIS 7922

*Sokolow v. County of San Mateo*
(1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
(1976) 17 Cal.3d 719 (amicus)

*Swan v. Tesconi*
(2015) 2015 Cal.App. Unpub. LEXIS 3891

*Tongol v. Usery*
(9th Cir. 1979) 601 F.2d 1091,
*on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
*revs'd* (9th Cir. 1985) 762 F.2d 727

**REPRESENTATIVE CASES (cont.)**

*Tripp v. Swoap*
 (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
 (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part*
 *and revs'd in part sub nom Davis v. City and County*
 *of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
 *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
 (S.D.Cal. 1998) 18 F.Supp.2d 1090

*Vasquez v. State of California*
 (2008) 45 Cal.4th 243 (*amicus*)

*Velez v. Wynne*
 (9th Cir. 2007) 2007 U.S. App. LEXIS 2194

**JULY 2022**

# EXHIBIT B

## EXHIBIT B

## RATES FOUND REASONABLE IN SAN FRANCISCO BAY AREA CASES

### 2022 Rates

- In *Roe v. SFBSC Mgmt.,, LLC,* 2022 U.S.Dist.LEXIS 215122 (N.D. Cal. November 29, 2022), a wage and hour class action, as part of the lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiffs' law firm were reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **The Tidrick Law Firm** | | | |
| | Partner | 21 | $973 |
| | Partner | 17 | $873 |
| | Paralegals | NA | $180 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **Alioto Law Firm** | | | |
| | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | | | |
| | Ronald D. Foreman | 48 | $1,050 |

1

**2021 Rates**

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found that the following hourly rates billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|----------------------|------|
| **Cooley LLP** | | | |
| | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, the court found the following hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|--------------------|------|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |
| | Paralegals | | $250-390 |

- In *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Oder on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

2

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,250 |
| | Partner | 1997 | $875 |
| | Senior Counsel | 2010 | $600 |
| | Associate | 2018 | $350 |
| | Summer Associates | NA | $300 |
| | Paralegals | NA | $240-$275 |

### 2020 Rates

- In *UFCW & Employers Benefit Trust et al v. Sutter Health, et al,* San Francisco County Superior Court, Case No. CGC-14-538451, consolidated with Case No. CGC-18-565398, Order re Plaintiffs' Counsel's Joint Motion for Attorneys' Fees, Costs, and Service Award, filed August 27, 2021, the court found the following rates reasonable as part of its lodestar-cross check:

**Pillsbury & Coleman**

| Title | Law School Graduation | Rate |
|---|---|---|
| Of Counsel | 1979 | $960 |
| Partner | 1976 | $675 |
| Associate | 2010 | $475 |
| Paralegal | N/A | $225 |

**Farella Braun + Martel**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 2003 | $785 |
| | 1994 | $895 |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1985 | $935 |
| | 1982 | $925 |
| | 1991 | $795 |
| Associates | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2018 | $515 |
| | 2017 | $460 |
| Paralegals | NA | $355-$190 |
| Litigation Support | NA | $325-$285 |

**McCracken, Stemerman & Holsberry LLP**

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Partners | 1975 | $850 |
| | 1983 | $850 |
| | 1990 | $800 |
| | 2008 | $750 |
| Associates | 2011 | $575 |
| Associates | 2012 | $575 |
| | 2014 | $575 |
| | 2014 | $575 |
| | 2017 | $400 |
| | 2018 | $400 |
| | 2019 | $400 |

**Kellogg, Hansen, Todd, Figel & Frederick PLLC**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 1995 | $1,095 |
| | 2005 | $890 |
| | 2011 | $890 |
| | 1997 | $890 |
| Of Counsel | 1988 | $835 |
| Associates | 2014 | $805 |
| | 2015 | $750 |
| | 2017 | $690 |
| | 2017 | $690 |
| | 2016 | $635 |
| | 2018 | $535 |
| Staff Attorneys | 2007 | $460 |
| | 2000 | $460 |
| | 1997 | $460 |
| | 2002 | $460 |
| | 1998 | $400 |
| | 1977 | $400 |
| | 1999 | $460 |
| | 1991 | $460 |
| | 2012 | $400 |
| Paralegal Director | N/A | $430 |
| Paralegals | N/A | $430-$275 |
| Summer Associates | N/A | $185 |
| Research Manager | N/A | $260 |
| Research Analyst | N/A | $160 |
| IT Director | N/A | $200 |
| Litigation Support | N/A | $145 |
| Trial Coordinator | N/A | $115 |

**Cohen Milstein Sellers & Toll PLLC**

| Title | Law School Graduation Year | Hourly Rate 2020* |
|---|---|---|

| Partners | 1975 | $975 |
|---|---|---|
|  | 1983 | $995 |
|  | 1986 | $975 |
|  | 2005 | $720 |
|  | 2007 | $680 |
| Of Counsel | 2003 | $725 |
| Associates | 2009 | $650 |
|  | 2014 | $535 |
| Discovery Counsel | 2002 | $550 |
| Staff Attorneys | 1993 | $445 |
|  | 2002 | $430 |
|  | 2005 | $415 |
|  | 2006 | $415 |
| Investigator | N/A | $515 |
| Paralegals | N/A | $325-$310 |

- In *Human Rights Defense Center v. County of Napa*, a prisoner rights action, the court found that Plaintiffs' counsel's 2020 hourly rates were reasonable, "plac[ing] significant weight on the opinion of Mr. Pearl . . . [who] has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in etermining reasonable billing rates." Order Granting In Part And Denying In Part Motion For Attorneys' Fees, Costs And Expenses at 18, Doc. 50, No. 20-cv-01296 (N.D. Cal. March 28, 2021).

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
|  | Partner | 1962 | $1,110 |
|  | Partner | 1981 | $950 |
|  | Senior Counsel | 2009 | $625 |
|  | Senior Paralegal | NA | $350 |

- In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020), a RICO action challenging the defendants' invasive tactics, the

court found that Plaintiffs' counsel's 2020 hourly rates were "reasonable given the scope and complexity of this case, as well as in light of rates approved in this District for partners, associates, and paralegals for similarly experienced counsel and staff at similar firms." *Id.* at *3, *3 n.4.

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| Arnold & Porter Kaye Scholer LLP | | | |
| | Partner | 1974 | $1,280 |
| | Partner | 1993 | $1,150 |
| | Partner | 1990 | $1,085 |
| | Partner | 2005 | $1,015 |
| | Partner | 2002 | $925 |
| | Senior Associate | 2005 | $910 |
| | Senior Associate | 2012 | $910 |
| | Senior Associate | 2015 | $815 |
| | Associate | 2018 | $675 |
| | Staff Attorney | 2008 | $545 |
| | Paralegal | NA | $405 |
| | Paralegal | NA | $390 |
| Planned Parenthood | | | |
| | General Counsel | 1982 | $1,115 |
| | Sr. Staff Attorney | 2012 | $910 |

- In *Schneider v. Chipotle Mexican Grill*, a consumer class action, the court found that counsel for the putative class's 2020 hourly rates were "on the high end, although in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. 2020).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Kobre & Kim** | | | |
| | Partner | 1993 | $1,275 |
| | Partner | 1987 | $1,275 |
| | Partner | 1997 | $995 |
| | Associate | 2011 | $695 |
| | Analyst | NA | $495 |
| | Legal Assistant | NA | $195 |
| | Legal Assistant | NA | $195 |

- In *California Advocates for Nursing Home Reform v. Angell,* Alameda County Superior Court No. RG13700100, Order Awarding Attorneys' Fees filed October 2, 2020, a writ of mandate challenging unconsented to mental health treatment, the court found that a reasonable hourly rate for the plaintiffs' lead counsel, a 47 year attorney, was **$875** per hour (to which it also applied a 1.75 multiplier).

- In *Lashbrook v. City of San Jose,* N.D. Cal. Case No. 20-cv-01236-NC, a disability access class action, the court found the following hourly rates reasonable:

| **Bar Admission Year** | **Rate** |
|------------------------|----------|
| 1987 | $945 |
| 1992 | $895 |
| 2006 | $750 |
| 2017 | $415 |
| Senior Paralegal | $325 |
| Paralegals | $265-285 |

- In *Stiavetti v. Ahlin,* Alameda County Superior Court No. RG15-779731, Order Granting in Part Motion for Attorneys' Fees filed May

1, 2020, a challenge to state agencies for subjecting persons found incompetent to stand trial to excessively long waits before being admitted to state hospitals, the court found the following 2020 hourly rates reasonable for Plaintiffs' ACLU attorneys:

| Graduation Year | Rate |
|:---:|:---:|
| 1994 | $850 |
| 1996 | $775 |
| 1999 | $745 |
| 2004 | $650 |
| 2009 | $490 |
| 2014 | $325 |

- In *Lee One, LLC v. Facebook, Inc.*, N.D. Cal. No. 4:16-cv-06232-JSW, Order and Judgment Granting Motion for Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards, filed June 26, 2020 [Doc. 211], a class action challenging Facebook's systems for justifying the rates charged advertisers, the court approved a fee constituting 30% of the $40 million settlement fund, and in cross-checking that fee, found the following 2019 hourly rates reasonable (plus a 1.68 lodestar multiplier):

| Law Firm | Title | Bar Date | Rate |
|---|---|---|---|
| **Cohen Millstein Sellers & Toll** | | | |
| | Partners | 1983 | $940 |
| | | 2000 | $790 |
| | | 2004 | $740 |
| | Associates | 2012 | $545 |
| | | 2014 | $505 |

9

|  | Staff Attorney | 2012 | $395 |
|---|---|---|---|
|  | Contract Attorney | 2003 | $385 |
|  | Law Clerk | 2019 | $290 |
|  | Contract Attorneys | 2014 | $250 |
|  |  | 2017 | $250 |
| **Gibbs Law Group** |  |  |  |
|  | Partners | 1995 | $910 |
|  |  | 2000 | $750 |
|  |  | 2003 | $720 |
|  |  | 2007 | $710 |
|  | Associates | 2014 | $460 |
|  |  | 2016 | $430 |
| **Eglet Adams** |  |  |  |
|  | Partners | 1988 | $870 |
|  |  | 1998 | $800 |
|  |  | 1999 | $690 |
|  |  | 1999 | $650 |
|  | Associate | 2011 | $450 |
|  | Contract Attorney | 1998 | $200 |
|  | Investigator | -- | $490 |
|  | Paralegals | -- | $300-315 |

- In *Perez v. Rash Curtis & Associates*, N.D. Cal. No. 4:16-cv-03396-YGR, Order, *inter alia*, Granting in Part and Denying in Part Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed April 17, 2020 [Doc. 427], a consumer protection action under both federal and state law resulting in a $267 million judgment, the court awarded counsel a percentage-based common fund fee of 25% of the fund, cross-checked against a lodestar-based fee comprised of a $634.48 blended rate,  and a lodestar multiplier ranging from 13.42 to 18.15 depending on the number of hours eventually spent. The 2020 hourly rates from which the blended rate was derived were as follows:

| Admission to Bar | Rate |
|---|---|
| **PARTNERS**: | |
| 1997 | $1,000 |
| 2002 | $850 |
| 2006 | $750 |
| 2009 | $650 |
| 2013 | $550 |
| **ASSOCIATES:** | |
| 2010 | $550 |
| 2013 | $525 |
| 2016 | $400 |
| 2017 | $375 |
| 2019 | $325 |
| Law Clerk | $300 |
| Senior Litigation Support Spclist. | $275-300 |
| Litig. Support Spclist. | $200-250 |

- In *In re Wells Fargo & Company Shareholder Derivative Litigation*, N.D. Cal. No. 16-cv-05541-JST, Order Granting Motion for Final Approval and Motion for Attorneys' Fees, filed April 7, 2020 [Doc. 312], a shareholder derivative class action, the court found the following 2020 hourly rates reasonable:

11

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
|---|---|---|
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |
| | 2012 | $480-510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |

- In *Moen v. Regents of Univ. of California,* Alameda County Superior Court No. RG10-530493, Order (1) Granting Final Approval of Class Settlement and (2) Granting Motion for Award of Fees and Costs, filed April 10, 2020, a class action to enforce contractual health care rights, the court approved the following hourly rates as reasonable (indicating in addition that a 1.5 multiplier would have been applied but for the parties' agreed ceiling):

| LAW FIRM | LAW SCHOOL GRADUATION | RATE |
|---|---|---|
| Law Offices of Dov Grunschlag | 1966 | $975 |
| Sinclair Law Office | 1976 | $875 |
| Calvo Fisher LLP | 1976 | $875 |
| | 1990 | $775 |
| | 2000 | $650 |

| | 2004 | $625 |
|---|---|---|
| | Senior Paralegal | $300 |
| | Paralegal | $225 |

**2019 Rates**

- In *In re National Collegiate Athletic Assn. Athletic Grant-In-Aid Antitrust Litigation*, an antitrust class action, the court found the following 2019 "hourly rates are reasonable." *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Attorneys' Fees, Expenses, Service Awards, and Taxed Costs, Doc. 1259, at 4, No. 14-md-02541 (N.D. Cal. Dec. 6, 2019).

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| **Winston & Strawn LLP** | | | |
| | Partner | 1978 | $1,515 |
| | Partner | 1985 | $1,245 |
| | Partner | 2002 | $1,105 |
| | Partner | 1996 | $1,025 |
| | Associate | 2012 | $825 |
| | Associate | 2016 | $660 |
| | Associate | 2017 | $615 |

- In an earlier decision in the same case, the court also found the following 2017 hourly rates were "in line with market rates in this District." *See id.* at Doc. 745 (N.D. Cal. Dec. 6, 2017).

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| **Hagens Berman Sobol Shapiro LLP** | | | |
| | Partner | 1982 | $950 |
| | Associate | 1999 | $630 |
| | Associate | 2014 | $475 |
| | Contract Attorney | 2013 | $350 |

13

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| | Contract Attorney | 2006 | $300 |
| **Pearson, Simon & Warshaw LLP** | | | |
| | Partner | 1983 | $1,035 |
| | Partner | 1981 | $1,035 |
| | Of Counsel | 2001 | $900 |
| | Associate | 2006 | $635 |
| | Associate | 2008 | $520 |

- In *Nevarez v. Forty Niners*, N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416], a disability-access class action involving Levi's Stadium, the court found the following 2019 hourly rates reasonable:

| Schneider Wallace Cottrell Konecky LLP: | Law School Grad. | Rate |
|---|---|---|
| | 1993 | $925 |
| | 1977 | $875 |
| | 1997 | $840 |
| | 2015 | $680 |
| | 2014 | $625-$680 |
| | 2007 | $625 |
| | 2017 | $575 |
| | 2009 | $725 |
| | Paralegal | $300 |
| | | |
| **Goldstein Borgen Dardarian & Ho** | | |
| | 1987 | $925 |
| | 2006 | $710 |
| | 2015 | $450 |
| | 2008 | $595 |
| | 2013 | $475 |
| | 2017 | $400 |
| | Law Student | $300 |
| | Sr. Paralegals | $325 |
| | Paralegals | $275-295 |

- In *Bartoni et al v. American Medical Response West*, Alameda County
  Superior Court No. RG08-382130, a meal and rest break class action
  involving Schneider Wallace and other counsel, the court's Order
  Granting Plaintiffs' Motions on Final Approval of Class Settlement
  filed July 12, 2019, the court found the following 2019 hourly rates
  reasonable, based in part on my testimony:

| LAW FIRM | BAR ADMISSION DATE | RATE | BILLING YEAR* |
|---|---|---|---|
| **Leonard Carder / Hinton Alfert Sumner & Kaufmann** | | | |
| | 1990 | $860 | |
| | 1999 | $710 | |
| | 2008 | $445 | 6th year (2014) |
| | 2013 | $445 | |
| **Schneider Wallace Cottrell Konecky Wotkyns** | | | |
| | 1996 | $835 | |
| | 2009 | $525 | |
| | 2014 | $450 | |
| | 1997 | $675 | 15th year (partner) (2012) |
| | 2004 | $475 | 5th year (2009) |
| | 2005 | $450 | 4th year (2008) |
| | 2006 | $425 | 3rd year (2009) |
| | 2007 | $400 | 2nd year (2009) |
| | 2003 | $525 | 10th year (2013) |
| | 2014 | $350 | 1st year (2014) |
| **Kralowec Law, P.C.** | | | |
| | 1992 | $810 | |
| | 1986 | $795 | |
| | 2008 | $500 | 6th year |

15

| | | | (2014) |
|---|---|---|---|
| | 2008 | $525 | 7th year (2016) |
| **Schubert Jonckheer & Kolbe LLP** | | | |
| | 1992 | $600 | 18th year (2010) (2010) |
| *Parentheticals indicate billers' experience levels and year when they last worked on the case. | | | |

- In *National Federation of the Blind of California v. Uber Technologies, Inc.*, N.D. Cal. No. 14-cv-04086 NC Amended Order Granting in Part Plaintiffs' Motion for Attorneys' Fees and Costs, filed November 8, 2019 (Dkt. No. 203), a class action against Uber alleging that it violated federal antidiscrimination laws by allowing its drivers to refuse to accept service dogs, the court found the following 2019 hourly rates reasonable for monitoring Uber's compliance with the settlement:

| **Rosen Bien Galvan & Grunfeld LLP Class** | **Rate** |
|---|---|
| 1997 | $800 |
| 2011 | $525 |
| 2016 | $400 |
| Senior Paralegal | $350 |
| Paralegals | $250-275 |

| **Disability Rights Advocates** | **Rate** |
|---|---|
| 1998 | $785 |
| 2014 | $470 |
| 2014 | $425 |
| Paralegals | $230-275 |

- In *Shaw et al v. AMN Service, LLC et al*, N.D. Cal. No. 3:16-cv-02816 JCS, Order Granting Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, filed May 31, 2019 [Doc. 167], a wage

16

and hour class action, based in part on my testimony the court found
the following 2019 hourly rates reasonable, before applying a 2.4
lodestar multiplier:

| BAR ADMISSION DATE | RATE |
|---|---|
| 1996 | $835 |
| 2009 | $750 |
| 2014 | $675 |
| 1996 (Florida) | $600 |
| 2016 | $400 |
| 2017 | $380 |

## 2018 Rates

- In *Department of Fair Employment and Housing v. Law School
  Admission Council, Inc.,* N.D. Cal. No. 12-cv-08130-JCS, filed Nov. 5,
  2018, reported at 2018 WL 5791869, 2018 U.S.Dist.LEXIS 189191,
  an action for civil contempt based on violation of a consent decree,
  the court found the following 2018 hourly rates reasonable:

  | Years of Experience | Rate |
  |---|---|
  | 35 | $850 |
  | 5 and 6 | $425 |
  | Law Clerk and 1st year | $290 |

- In *Cornell v. City & County of San Francisco*, San Francisco Superior
  Court No. CGC-11-509240, Fee Order filed Oct. 9, 2018 (on remand
  from *Cornell v. City & County of San Francisco* (2017) 17
  Cal.App.5th 766), an individual police misconduct/employment case,
  the trial court found the following 2018 hourly rates reasonable for
  appellate work, before applying a 1.25 multiplier:

  | Years of Experience: | Rates: |
  |---|---|
  | 49 | $827 |
  | 27 | $800 |
  | 23 | $800 |
  | 9 | $475 |
  | 6 | $425 |

- In *Cole v. County of Santa Clara*, N.D. Cal. No. 16-CV-06594-LHK,
  Order Granting Final Approval of Class Settlement and Motion for

17

Attorneys' Fees, filed March 21, 2019, a disability rights class action, the court found the following 2018 hourly rates reasonable:

| Bar Admission Date | Rate |
|---|---|
| **Rosen, Bien, Galvan & Grunfeld LLP** | |
| 2006 | $650 |
| 2010 | $525 |
| 2016 | $375 |
| Paralegals | $225-340 |
| **Disability Rights Advocates** | |
| 1998 | $775 |
| 2005 | $655 |
| 2014 | $425 |
| Paralegals | $230 |

- In *In re Anthem, Inc. Data Breach Litigation*, the court found the following 2017 billing rates were "reasonable in light of prevailing market rates in this district." *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617, 2018 WL 3960068, at *16 (N.D. Cal. Aug. 17, 2018).

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Altshuler Berzon** | | | |
| | Partner | 1992 | $860 |
| | Partner | 1994 | $820 |
| | Partner | 1998 | $770 |
| | Partner | 2001 | $690 |
| | Associate | 2010 | $460 |
| | Associate | 2012 | $405 |
| | Legal Clerks | NA | $285 |
| | Paralegals | NA | $250 |

18

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Gibbs Law Group** | | | |
| | Partner | 1995 | $805 |
| | Partner | 1988 | $740 |
| | Partner | 2000 | $685 |
| | Partner | 2003 | $660 |
| | Partner | 2004 | $635 |
| | Partner | 2007 | $605 |
| | Partner | 2008 | $575 |
| | Associate | 2011 | $525 |
| | Associate | 2012 | $450 |
| | Associate | 2014 | $415 |
| | Associate | 2012 | $400 |
| | Associate | 2000 | $395 |
| | Associate | 2008 | $375 |
| | Associate | 2015 | $365 |
| | Associate | 2015 | $350 |
| | Associate | 2016 | $340 |
| | Contract Attorney | 2014 | $240 |
| | Paralegals | | $190-$220 |
| **Lieff Cabraser Heimann & Bernstein** | | | |
| | Partner | 1989 | $900 |
| | Partner | 2001 | $675 |
| | Partner | 2002 | $650 |
| | Partner | 2004 | $625 |
| | Partner | 2006 | $565 |
| | Partner | 2006 | $510 |

19

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| | Associate | 2011 | $455 |
| | Associate | 2015 | $370 |
| | Contract Attorneys | 1994-2017 | $240 |
| | Paralegals | NA | $350-$360 |
| **Finkelstein Thompson LLP** | | | |
| | Partner | 1993 | $850 |
| | Partner | 2000 | $600 |
| | Of Counsel | 2005 | $475 |
| | Of Counsel | 1997 | $850 |
| | Associate | 2013 | $300 |

- In *Kaku v. City of Santa Clara,* Santa Clara Superior Court No. 17CV319862, Fee Order filed January 22, 2019, reported at 2019 WL 331053 (Cal.Super. 2019), a voting rights action under the California Voting Rights Act, the court found the following 2018 hourly rates reasonable, before applying a 1.4 multiplier:

  **Goldstein, Borgen, Dardarian & Ho**

  | Graduation Year | Rates |
  |---|---|
  | 1970 | $875 |
  | 1994 | $860 |
  | 2013 | $450 |
  | 2015 | $405 |
  | 2016 | $375 |
  | Law Clerk | $295 |
  | Statistician & Senior Paralegal | $300 |
  | Paralegal | $250 |

**Law Office of Robert Rubin**

| Graduation Year | Rates |
|---|---|
| 1978 | $975 |
| 2013 | $615 |

**Asian Law Alliance**

| Graduation Year | Rates |
|---|---|
| 1978 | $550 |
| 2009 | $375 |

**(4)    2017 Rates.**

- In *Max Sound Corp. v. Google Inc.*, N.D. Cal. No. 14-cv-04412-EJD, Order Granting in Part and Denying in Part Defendants' Motion for Attorneys' Fees, filed October 11, 2017 (Dkt. No. 198), a patent infringement action awarding fees for defending a frivolous action pursuant to, *inter alia,* 35 U.S.C. § 285 and 28 U.S.C. § 1927, the court found the following hourly rates reasonable:

| Bar Admission | Rates |
|---|---|
| 2000 | $650-950 |
| 1995 | $905 |
| 2014 | $520-715 |
| 2007 | $504-608 |
| 2012 | $335-575 |

- In *May v. San Mateo County,* N.D. Cal. No. 3:16-cv-00252-LB, Stipulation and Order re Settlement filed Nov. 10, 2017 [Doc. No. 218], an individual police misconduct action, the court found the following hourly rates reasonable:

| Years of Experience | Rates |
|---|---|
| 26 | $775 |
| 22 | $775 |
| 10 | $475 |
| 5 | $425 |
| 48 | $825 |
| Paralegal | $240 |

21

- In *Hoeper v. City & County of San Francisco*, No. CGC-15-543553, Order After Hearing Granting in Part and Denying in Part Plaintiff Joanne Hoeper's Motion for Attorney Fees, filed July 12, 2017, an individual whistleblower case under Government Code section 12653(b), the court found the following 2017 hourly rates reasonable, before applying a 1.35 lodestar multiplier:

  | Bar | Rates |
  | --- | --- |
  | 1982 | $850-750 |
  | 1979 | $750 |
  | 2003 | $550 |
  | Associate | $350 |
  | Paralegal | $150-160 |

- In *Ridgeway v. Wal-Mart Stores, Inc.* (N.D. Cal. 2017) 269 F. Supp. 3d 975, a wage and hour class action, the court issued a statutory fee award against Wal-Mart based on the following 2017 rates (plus a 2.0 multiplier), to partially offset a 25% common fund fee award payable by the class:

  | Years of Experience | Rates |
  | --- | --- |
  | 46 | $900 |
  | 40 | $890 |
  | 38 | $870 |
  | 36 | $850 |
  | 34 | $830 |
  | 20 | $730 |
  | 37 (Senior | $700 |
  | 29 (Senior | $670 |
  | 19 (Senior | $610 |
  | 11 | $500 |
  | 7 | $450-500 |
  | 6 | $425 |
  | 3 | $355 |
  | 4 | $330 |
  | 1 | $300 |
  | Senior Paralegal | $225 |
  | Paralegal | $195 |

22

Law Clerk                $225

- In *Huynh v. Hous. Auth. Of Santa Clara,* 2017 U.S.Dist.LEXIS 39138 (N.D. Cal. 2017), a tenant class action challenging the Housing Authority's policy regarding the accommodation of households with disabled family members, the court found the following 2017 hourly rates reasonable:

  **Law Foundation of Silicon Valley**

  | Graduation Year | Rates |
  | --- | --- |
  | 1990 | $800 |
  | 2001 | $660 |
  | 2004 | $635 |
  | 2007 | $545 |
  | 2008 | $545 |
  | 2010 | $415 |
  | 2014 | $325 |
  | 2015 | $325 |

  **Fish & Richardson PC**

  | Graduation Year | Rates |
  | --- | --- |
  | 1996 | $862.07 |
  | 2002 | $700 |
  | 2005 | $676.75 |
  | 2011 | $530 |
  | 2007 | $475 |
  | 2014 | $362.54 |
  | 2015 | $329.09 |
  | 2016 | $330.11 |
  | Paralegal | $236-275 |

- In *Armstrong v. Brown*, N.D. Cal. No. 4:94-cv-02307-CW, Stipulated Order Confirming Undisputed Attorneys' Fees and Costs for the Third Quarter of 2017, filed December 19, 2017 (Dkt. No. 2708), a prisoners' rights class action, the court approved the following 2017 hourly rates for monitoring the injunction in that matter:

23

| Years of Experience | Rates |
| --- | --- |
| 37 | $950 |
| 33 | $825 |
| 20 | $780 |
| 24 (Of Counsel) | $700 |
| 12 (Partner) | $650 |
| 9 (Associate) | $490 |
| 8 | $480 |
| 7 | $470 |
| 6 | $440 |
| Paralegal | $240-325 |

- In *Cotter et al. v. Lyft, Inc.*, N.D. Cal. No. 13-cv-04065- VC, Order Granting Final Approval of Settlement Agreement, filed March 16, 2017 (Dkt. No. 310), a class action against Lyft alleging Lyft underpaid its drivers by classifying them as independent contractors, the court approved the percentage-based fee award requested by plaintiffs based on the following 2017 hourly rates, plus a 3.18 multiplier:

| Graduation Year | Rates |
| --- | --- |
| 1996 | $800 |
| 2010 | $500 |
| 2014 | $325 |
| Paralegal | $200 |

- In *Dropbox, Inc. v. Thru, Inc.*, 2017 U.S. Dist. LEXIS 33325 (N.D. Cal.), a trademark action, the court found reasonable "rates ranging from $275/hr for a paralegal to $900 for a senior partner" and "rates of $365/hr and $420/hr" for mid-level associates.

# EXHIBIT C

**Exhibit C**

**Rates Charged by San Francisco Bay Area Law Firms**

| *Akin Gump Strauss Hauer & Feld LLP* | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 2001 | $1,115 |
| | 1986 | $1,175-1,345 |
| | 2007 | $965 |
| | 2019 | $535-$625 |
| | | |

| *Alioto Law Firm* | | |
|---|---|---|
| **2022 Rate** | **Years of Experience** | **Rate** |
| | 53 | $1,500 |
| | | |

| *Altshuler Berzon LLP* | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 1983 | $1.225 |
| | 1989 | $1,125 |
| | 2008 | $950 |
| | 2010 | $875 |
| | 2019 | $625 |
| 2021 Rates | **Graduation Year** | **Rate** |
| | 1977 | $1,150 |
| **2018 Rates** | **Graduation Year** | **Rate** |
| | 1968-1983 | $940 |
| | 1985 | $920 |
| | 1989 | $900 |
| | 1991 | $885 |
| | 1992 | $875 |
| | 1994 | $835 |
| | 1998 | $795 |

| | 2000 | $740 |
|---|---|---|
| | 2001 | $725 |
| | 2008 | $540 |
| | 2009 | $515 |
| | 2010 | $485 |
| | 2012 | $435 |
| | 2013 | $415 |
| | 2014 | $390 |
| | 2015 | $365 |
| | Law Clerks | $285 |
| | Paralegals | $250 |
| **2017 Rates** | **Years of Experience/Level** | **Rates** |
| | Senior Partners | $930 |
| | Junior Partners (1991-2001) | $875-690 |
| | Associates (2008-2013) | $510-365 |
| | Paralegals | $250 |

| *Arnold Porter LLP* | | |
|---|---|---|
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $750-$1,150 |
| | Senior Counsel | $910-$1,280 |
| | Associates | $545-$910 |
| | Paralegals | $390-$405 |
| *Boies Schiller & Flexner LLP* | | |
| **2017 Rates** | **Bar Admittance or Law School Graduation** | **Rates** |
| | 1986 | $1,049 |
| | 2006 | $972 |
| | 1999-2000 | $830 |
| | 2004 | $760 |
| | 2006 | $680 |

| | 2007 | $714 |
|---|---|---|
| | 2009 | $800 |
| *Burson & Fisher* | | |
| **2020 Rates:** | **Bar Admission Year** | **Rate** |
| | **PARTNERS:** | |
| | 1997 | $1,000 |
| | 2002 | $850 |
| | 2006 | $750 |
| | 2009 | $650 |
| | 2013 | $550 |
| | **ASSOCIATES:** | |
| | 2010 | $550 |
| | 2013 | $525 |
| | 2016 | $400 |
| | 2017 | $375 |
| | 2019 | $325 |
| | Law Clerk | $300 |
| | Senior Litigation Support Specialist | $275-300 |
| | Litigation Support Specialist | $200-250 |
| *Cooley LLP* | | |
| **2021 Rates** | **Years of Experience** | **Rates** |
| | 27 (Partner) | $1,275 |
| | 27 (Special Counsel) | $1,090 |

| Farella Braun + Martel | Bar Admission | Rates |
|---|---|---|
| **2020 Rates** | | |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1982 | $925 |
| | 1985 | $935 |
| | 1991 | $795 |
| | 1994 | $895 |
| | 2003 | $785 |
| | 2011 (Assoc./Partner) | $710 |
| | **Associates** | |
| | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2017 | $460 |
| | 2018 | $515 |
| | Paralegals | $285-355 |
| | Case Clerk | $190 |
| | Practice Support Supervisor | $325 |
| | Practice Support Proj. Mgr. | $285 |
| **Fenwick & West** | | |
| **2021 Rates** | **Cal. Bar Admission** | **Rates** |
| | 1995 | $1,040 |
| | 2001 | $860 |
| | 2005 | $745 |
| | 2010 | $720 |
| | 2011 | $665 |
| | 2016 | $710 |
| | 2017 | $470-495 |
| | 2018 | $425 |
| | 2020 | $325 |

4

| | Paralegals | $395 |
|---|---|---|
| **Foreman & Brasso** | | |
| **2022 Rates** | **Years of Experience** | **Rate** |
| | 48 | $1,025 |
| *Gibson Dunn & Crutcher LLP* | | |
| **2020 Rates** | Level | Rates |
| | Senior Partners | $1,395 – 1,525 |
| | Senior Associates | $960 |
| | Mid-level Associate | $740 |
| | Paralegals | $480 |
| **2019 Rates** | Level | Rates |
| | Senior Partners | $1,335 – 1,450 |
| | Senior Associates | $915 |
| | Mid-level Associate | $625 |
| *Goldstein Borgen Dardarian & Ho* | | |
| **2020 Rates:** | **Bar Admission Year** | **Rates** |
| | 1987 | $945 |
| | 1992 | $895 |
| | 2006 | $750 |
| | 2017 | $415 |
| | Senior Paralegal | $325 |
| | Paralegals | $265-285 |
| **2019 Rates** | **Law School Graduation** | **Rates** |
| | 1987 | $925 |
| | 2006 | $710 |
| | 2008 | $595 |
| | 2013 | $475 |
| | 2015 | $450 |
| | 2017 | $400 |

5

|  | Law Student | $300 |
|  | Sr. Paralegals | $325 |
|  | Paralegals | $275-$295 |
| **Hooper, Lundy & Bookman** | | |
| **2019 Rates** | **Law School Graduation Year** | **Rates** |
|  | 1975 | $1,025 |
|  | 1976 | $965 |
|  | 1979 | $1,025 |
|  | 2007 | $815 |
|  | 2011 | $800 |
|  | 2015 | $640 |
|  | 2016 | $600 |
|  | 2019 | $440 |
| **2018 Rates** | **Law School Graduation Year** | **Rates** |
|  | 1975 | $1,025 |
|  | 1976 | $930 |
|  | 1979 | $995 |
|  | 2015 | $570 |
| **Keker & Van Nest, LLP** | | |
| **2019 Rates** | **Years of Experience** | **Rates** |
|  | 39 | $1,075 |
|  | 9 | $700 |
| **2018 Rates** | **Years of Experience** | **Rates** |
|  | 16 | $875 |
|  | 5 | $600 |
|  | 3 | $500 |

| Kirkland & Ellis | | |
|---|---|---|
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $1,085-$1,895 |
| | Of Counsel | $625-1,895 |
| | Associates | $625-$1,195 |
| | Paraprofessional | $255-475 |
| ***Lieff Cabraser Heimann & Bernstein, LLP*** | | |
| **2020 Rates** | **Law School Grad. Year** | **Rates** |
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |
| | 2012 | $480-$510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-$395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |
| ***McCracken, Stemerman & Holsberry*** | **Law School Grad. Year** | **Rates** |
| **2020 Rates** | | |
| | 1975 | $850 |
| | 2008 | $750 |
| | 2014 | $575 |
| | 2018-2019 | $400 |

| Morrison Foerster LLP | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,200 |
| | 2011 | $1,075 |
| | 2014 | $925 |
| | 2018 | $745 |
| | Paralegal | $295 |
| **2020 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,125 |
| | 2011 | $975 |
| | 2014 | $810 |
| | 2018 | $640 |
| | Paralegal | $275 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 40 | $1,050 |
| | 22 | $950 |
| | 11 | $875 |
| | 3 | $550 |
| | Paralegal | $325 |

| Munger, Tolles & Olson | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1991 | $1,725 |
| | 2009 | $995 |
| | 2016 | $825 |
| | Paralegal (43 years) | $365 |
| **2020 Rates** | **Law School Grad. Yr.** | **Rate** |
| | 1991 | $1,610 |
| | 2001 | $950 |
| | 2009 | $920 |
| | 2016 | $725 |
| | Paralegal (42 years) | $345 |
| | | |
| O'Melveny & Myers | | |
| **2019 Rates** | **Level** | **Rates** |
| | Senior Partner | $1,250 |
| | Partner (1998 Bar Admitted) | $1,050 |
| | 3rd Year Associate | $640 |
| | 2nd Year Associate | $656 |
| | | |
| Paul Hastings LLP | | |
| **2020 Rates** | **Years of Experience** | **Rates** |
| | 25 | $1,425 |
| | 7 | $885 |
| | 5 | $775 |
| | 3 | $645 |
| | Research assistant | $335 |
| Pearson Simon & Warshaw LLP | | |
| **2019 Rates** | **Years of Experience** | **Rates** |
| | 23-38 | $1,150 |
| | 10 | $900 |

9

| | | |
|---|---|---|
| | Of Counsel | $825 |
| | 6 | $500 |
| | 4 | $450 |
| | Paralegals | $225 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 22-37 | $1,050 |
| | 9 | $650 |
| | Of Counsel | $725 |
| | 5 | $450 |
| | 3 | $400 |
| | | |
| *Quinn Emanuel Urquhart & Sullivan* | | |
| **2020 Rates** | **Level** | **Rate** |
| | Partners | $870-$1,250 |
| | Associates | $600-$905 |
| **2018 Rates** | **Law School Graduation Yr.** | **Rates** |
| | 1980 | $1,135 |
| | 2016 | $630 |

| Rosen, Bien, Galvan & Grunfeld LLP | | |
|---|---|---|
| **2022 Rates** | **Law School Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,350 |
| | 1980 | $1,400 |
| | 1981 | $1,100 |
| | 1984 | $1,000 |
| | 1997 | $950 |
| | 2005 | $850 |
| | 2008 | $800 |
| | 2010 | $750 |
| **Of Counsel** | | |
| | 1993 | $825 |
| | 2003 | $800 |
| **Senior Counsel** | | |
| | 2008 | $750 |
| | 2009 | $725 |
| | 2010 | $700 |
| | 2011 | $675 |
| **Associates** | | |
| | 2011 | $650 |
| | 2013 | $600 |
| | 2015 | $575 |
| | 2016 | $550 |
| | 2017 | $500 |
| | 2018 | $425 |
| | 2019 | $400 |
| **Senior Paralegals** | | $375-$400 |
| **Paralegals** | | $300 |
| **Litigation Support/Paralegal Clerks** | | $260 |

11

| Law Students | | $350 |
|---|---|---|
| **2021 Rates (partial)** | **Law School Class** | **Rates** |
| **Partner** | 1984 | $925 |
| **Senior Counsel** | 2008 | $675 |
| | 2010 | $600 |
| **Associate** | 2016 | $465 |
| **Summer Associate** | NA | $300 |
| **Senior Paralegal** | | $375 |
| **Paralegal** | | $275 |
| **2020 Rates** | **Law School Class** | **Rate** |
| **Partners** | | |
| | 1962 | $1,100 |
| | 1980 | $1,100 |
| | 1981 | $950 |
| | 1984 | $875 |
| | 1997 | $825 |
| | 2005 | $730 |
| | 2008 | $660 |
| **Of Counsel** | | |
| | 1993 | $740 |
| | 2003 | $715 |
| **Senior Counsel** | | |
| | 2008 | $635 |
| | 2009 | $625 |
| | 2010 | $565 |
| **Associates** | | |
| | 2011 | $540 |
| | 2013 | $480 |
| | 2015 | $460 |
| | 2016 | $440 |

| | 2017 | $395 |
|---|---|---|
| **Sr. Paralegals** | | $320-$350 |
| **Paralegals** | | $250-$275 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2019 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,050 |
| | 1980 | $1,000 |
| | 1981 | $940 |
| | 1984 | $860 |
| | 1997 | $800 |
| | 2005 | $700 |
| | 2008 | $640 |
| **Of Counsel** | | |
| | 1993 | $725 |
| | 2003 | $700 |
| **Senior Counsel** | | |
| | 2008 | $610 |
| | 2009 | $585 |
| **Associates** | | |
| | 2010 | $540 |
| | 2011 | $525 |
| | 2013 | $460 |
| | 2015 | $440 |
| | 2016 | $400 |
| | 2017 | $350 |
| **Senior Paralegals** | | $350 |

13

| | | |
|---|---|---|
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2018 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,000 |
| | 1980 | $965 |
| | 1981 | $920 |
| | 1984 | $835 |
| | 1997 | $780 |
| | 2005 | $650 |
| **Of Counsel** | | |
| | 1983 | $800 |
| | 1993 | $700 |
| | 2003 | $675 |
| **Senior Counsel** | | |
| | 2008 | $585 |
| **Associates** | | |
| | 2009 | $535 |
| | 2010 | $525 |
| | 2011 | $500 |
| | 2013 | $440 |
| | 2015 | $410 |
| | 2016 | $375 |
| **Paralegals** | | $340-$240 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |

14

| Schneider, Wallace Cottrell Konecky LLP | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |
| | 2015 | $690 |
| **2020 Rates** | **Years of Experience** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |
| | 2015 | $690 |
| **2019 Rates** | **Years of Experience** | **Rate** |
| | 1993 | $925 |
| | 1977 (Of Counsel) | $875 |
| | 1997 | $840 |
| | 2015 | $680 |
| | | |
| **The Tidrick Law Firm** | | |
| **2022 Rates:** | **Graduation Year** | **Rate** |
| | 1999 | $973 |
| | 2004 | $873 |

| *Wilson Sonsini* | | |
|---|---|---|
| **2022 Rates** | **Level** | **Rates** |
| | Members | $975-$2,220 |
| | Associates | $550-$1,175 |
| | Of Counsel | $640-$1,875 |
| | Staff | $225-$935 |
| | Library Personnel | $200-$300 |
| *Winston & Strawn* **(partial)** | | |
| **2019 Rates** | **Title** | **Rates** |
| | Partners | $1,025-$1,515 |
| | Associates | $615-$825 |
| **2018 Rates** | **Title** | **Rates** |
| | Partners | $820-$1,445 |
| | Associates | $585-$765 |
| | Paralegals | $170-$340 |
| | Litigation Support Mgr. | $275 |
| | Review Attorneys | $85 |

# EXHIBIT D



# 2021 Real Rate Report®

## The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices

Wolters Kluwer

When you have to be right



ELM Solutions

**Report Editor**

**Jeffrey Solomon**
Senior Director, Product Management Legal
Analytics, Wolters Kluwer's ELM Solutions

**Lead Data Analysts**

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer's ELM Solutions

**Pankaj Saha**
Data Engineer
Wolters Kluwer's ELM Solutions

**ELM Solutions Creative**

**David Andrews**
Senior Graphic Designer
Wolters Kluwer's ELM Solutions

**Contributing Analysts and Authors**

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer's ELM Solutions

**Deniece Bushell**
Senior Product Marketing Manager
Wolters Kluwer's ELM Solutions

**Nathan Cemenska**
Associate Director, Product Management
Wolters Kluwer's ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer's ELM Solutions

**Executive Sponsor**

**Barry Ader**
Vice President, Product Management and
Marketing
Wolters Kluwer's ELM Solutions

© 2004 - 2021 Wolters Kluwer's ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

ELM Solutions, a Wolters Kluwer business
20 Church Street
Hartford, CT 06103 United States
ATTN: Marketing
+1-860-549-8795

**LEGAL CAVEAT**

Wolters Kluwer's ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer's ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer's ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer's ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

# Table of Contents - 2021 Real Rate Report

**A Letter to Our Readers • 4**

**Report Use Considerations • 5**

**Section I: High-Level Data Cuts • 9**
- Partners, Associates, and Paralegals
- Partners, Associates, and Paralegals by Practice Area and Matter Type
- Partners and Associates by City
- Partners and Associates by City and Matter Type
- Partners by City and Years of Experience
- Associates by City and Years of Experience
- Partners and Associates by Firm Size and Matter Type

**Section II: Industry Analysis • 64**
- Partners, Associates, and Paralegals by Industry Group
- Partners and Associates by Industry Group and Matter Type
- Basic Materials and Utilities
- Consumer Goods
- Consumer Services
- Financials (Excluding Insurance)
- Health Care
- Industrials
- Technology and Telecommunications

**Section III: Practice Area Analysis • 85**
- Bankruptcy and Collections
- Commercial
- Corporate: Mergers, Acquisitions, and Divestitures
- Corporate: Regulatory and Compliance
- Corporate: Other
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability (Litigation Only)
- Insurance Defense (Litigation Only)
- Intellectual Property: Patents
- Intellectual Property: Trademarks
- Intellectual Property: Other
- Real Estate

**Section IV: In-Depth Analysis for Select US Cities • 175**
- Boston, MA
- Chicago, IL
- Los Angeles, CA
- New York, NY
- Philadelphia, PA
- San Francisco, CA
- Washington, DC

**Section V: International Analysis • 195**

**Section VI: Matter Staffing Analysis • 227**

**Appendix: Data Methodology • 232**

# A Letter to Our Readers

**Welcome to the Wolters Kluwer's ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve. The Real Rate Report is powered by Wolters Kluwer's ELM Solutions LegalVIEW® data warehouse, the world 's largest source of legal performance benchmark data, which has grown to include over $150 billion in anonymized legal data.

This year, we launched our LegalVIEW Insights Report series, which explores the emerging trends behind the overall legal spend volatility seen in corporate legal departments. The insights reports coupled with the Real Rate Report are great tools to drive actionable decisions.

The legal services industry relies on internal analytics and the use of external data resources, such as the LegalVIEW® data warehouse, to support legal management strategies. The depth and details of the data in the Real Rate Report enable you to better benchmark and make more informed investment and resourcing decisions for your organization.

As with past Real Rate Reports, all of the data analyzed are from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters to give legal departments and law firms greater ability to pinpoint areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer's ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Barry Ader**
Vice President, Product Management and Marketing
Wolters Kluwer's ELM Solutions

# Report Use Considerations

**2021 Real Rate Report**
- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Clients might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location -** Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity -** The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation -** A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead -** The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size –** The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

### Rates increase in geographic areas with growing population

Additional analysis was performed to examine the impact of geographic location on law firm hourly rates. This report, like previous ones, shows that large, cosmopolitan legal services markets like New York City, San Francisco, and Los Angeles are associated with higher hourly rates. In addition, our analysis reveals a significant spike in hourly rates in areas of the country

---

[1] David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing Retrieved from: https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
[2] **Source:** **2018 RRR.** Factor order validated in multiple analyses since 2010

# Report Use Considerations

that are currently experiencing high population growth. Significant average rate increases occurred from 2020 to 2021 in many areas, but especially Fresno, California (~15% average rate increase), Greenville, SC (~18%), Miami, FL (~9%), Nashville, TN (~11%), Oklahoma City (~13%), Phoenix, AZ (~10%), and Seattle, WA (~11%) -- all of which have experienced much higher than average population growth in recent years.

The correlation between hourly rates and population growth makes sense. When people and businesses move into an area, it creates a spike in demand for all sorts of goods and services, including legal services. However, it is hard for the supply of legal services to move as quickly as demand because attorneys looking to move into a new geographic area face high switching costs that most will refuse to pay unless they absolutely have to.

First, attorneys looking to take work in a new state have to get licensed there, which takes time and effort and is a distraction that can reduce their current income in the form of the number of hours they are able to bill to clients. Second, despite the rise in remote working, many attorneys looking to establish practices in a new geographic location may have to establish at least some physical presence there, find a new office, new lodging, and potentially uproot their entire family. Third, even if the switching costs of licensure, physically moving, etc. are paid, attorneys may fear yet another switching cost in the form of attrition of their existing clients from their original geographic locale, who may view them as no longer investing in their knowledge of the legal problems and legal solutions that are specific to the original locale.

---

3 **Source: 2020 RRR.** Factor order validated in multiple analyses since 2010

# Section I:
## High-Level Data Cuts

All data and analysis based on data
collected thru Q3 2021

**2021 Real Rate Report**

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2021 - Real Rates for Associate and Partner**                    **Trend Analysis - Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2021 | 2020 | 2019 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| San Diego CA | Litigation | Associate | 19 | $150 | $175 | $325 | $254 | $257 | $268 |
| | Non-Litigation | Partner | 96 | $325 | $523 | $1,019 | $670 | $660 | $655 |
| | | Associate | 60 | $226 | $325 | $516 | $395 | $343 | $354 |
| San Francisco CA | Litigation | Partner | 150 | $392 | $663 | $961 | $704 | $703 | $667 |
| | | Associate | 108 | $314 | $415 | $628 | $486 | $471 | $451 |
| | Non-Litigation | Partner | 223 | $468 | $669 | $942 | $730 | $753 | $721 |
| | | Associate | 145 | $345 | $465 | $730 | $539 | $536 | $485 |
| San Jose CA | Litigation | Partner | 40 | $600 | $867 | $1,056 | $876 | $880 | $796 |
| | | Associate | 27 | $435 | $550 | $745 | $587 | $542 | $471 |
| | Non-Litigation | Partner | 61 | $618 | $795 | $1,165 | $918 | $910 | $803 |
| | | Associate | 38 | $370 | $515 | $865 | $622 | $575 | $570 |
| San Juan PR | Non-Litigation | Partner | 13 | $215 | $250 | $294 | $260 | $262 | $260 |
| Seattle WA | Litigation | Partner | 91 | $436 | $535 | $741 | $596 | $506 | $498 |
| | | Associate | 67 | $370 | $507 | $535 | $476 | $410 | $405 |
| | Non-Litigation | Partner | 150 | $406 | $505 | $697 | $547 | $553 | $523 |
| | | Associate | 117 | $300 | $366 | $504 | $411 | $389 | $381 |

# Section I: High-Level Data Cuts

## Cities
By Years of Experience

**2021 - Real Rates for Partner**                                              **Trend Analysis - Mean**

| City | Years of Experience | n | First Quartile | Median | Third Quartile | 2021 | 2020 | 2019 |
|------|--------------------|----|----------------|--------|----------------|------|------|------|
| Portland OR | 21 or More Years | 44 | $455 | $505 | $585 | $531 | $500 | $466 |
| Raleigh NC | Fewer Than 21 Years | 15 | $300 | $378 | $455 | $397 | $427 | $408 |
| | 21 or More Years | 24 | $275 | $480 | $571 | $452 | $485 | $466 |
| Richmond VA | Fewer Than 21 Years | 32 | $610 | $684 | $724 | $638 | $618 | $580 |
| | 21 or More Years | 36 | $420 | $665 | $805 | $655 | $635 | $625 |
| Salt Lake City UT | Fewer Than 21 Years | 20 | $274 | $342 | $432 | $349 | $347 | $381 |
| | 21 or More Years | 24 | $333 | $393 | $462 | $409 | $378 | $378 |
| San Diego CA | Fewer Than 21 Years | 27 | $395 | $540 | $945 | $663 | $552 | $507 |
| | 21 or More Years | 64 | $357 | $563 | $1,175 | $747 | $701 | $657 |
| San Francisco CA | Fewer Than 21 Years | 80 | $480 | $705 | $950 | $752 | $718 | $681 |
| | 21 or More Years | 158 | $535 | $694 | $960 | $757 | $778 | $737 |
| San Jose CA | Fewer Than 21 Years | 18 | $707 | $955 | $1,201 | $979 | $915 | $799 |
| | 21 or More Years | 56 | $600 | $819 | $1,153 | $915 | $918 | $841 |
| Seattle WA | Fewer Than 21 Years | 66 | $402 | $471 | $634 | $511 | $454 | $446 |
| | 21 or More Years | 90 | $467 | $571 | $698 | $583 | $573 | $547 |

# EXHIBIT E

Bloomberg Law News 2023-01-19T10:21:11887193214-05:00

# Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge

By Roy Strom 2023-01-19T05:30:06000-05:00

*Welcome back to the Big Law Business column on the changing legal marketplace written by me, Roy Strom . Today, we look at how much law firms are raising rates in 2023. Sign up to receive this column in your Inbox on Thursday mornings.*

Headlines about the law firm business seem gloomy.

Some firms are laying off associates. Many are set to pay partners significantly less than they did a year ago. Most expect another year of depressed transactional and capital markets work—a huge driver of profits.

But cheer up, law firm managing partners. It looks like your business is still great at an extremely important thing—raising billing rates.

A handful of Big Law firms and mid-size firms have raised their highest partner billing rates nearly 10% on average this year, a search of bankruptcy dockets shows. And top-paid associates are being billed out at 9% higher than last year's rates, the search showed.

The data lines up with an earlier report showing that law firms expect to raise rates by 8% this year, the largest figure in 15 years, according to Wells Fargo's Legal Specialty Group.

At the time of the Wells report, I wrote it was another example of Big Law's ability to defy basic economics. The number of lawyers at Big Law firms shot up last year, while demand for their time has fallen. And yet, the price for "top legal talent" is on the rise.

When supply increases and demand falls, prices typically decline—at least in normal markets.

Longtime followers of the business of law won't be surprised the firms are following through with rate hikes. It's an annual pastime. Law firms, in this respect and others, largely act as one.



© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge

The firms don't readily advertise their billing rates. But bankruptcy courts provide a source of transparency. Firms are required to disclose how much they bill, and they notify courts—and bankruptcy watchdogs at the U.S. Trustees' offices—when they plan to raise rates.

This year, at least 11 law firms have notified courts they are charging more for their services.

## No Sale

Law firms were expected to raise rates around 8% on average this year, and many appear to be following through.

| Firm | Top-Paid Partner New | Top-Paid Partner Old | % Change |
| --- | --- | --- | --- |
| Mayer Brown | $1,940 | $1,635 | 18.7% |
| Cole Schotz | $1,200 | $1,050 | 14.3% |
| Ice Miller | $1,110 | $975 | 13.8% |
| Kirkland & Ellis | $2,245 | $1,995 | 12.5% |
| Akin Gump | $2,145 | $1,995 | 7.5% |
| Latham & Watkins | $2,230 | $2,075 | 7.5% |
| Weil Gotshal | $2,095 | $1,950 | 7.4% |
| Paul Weiss | $2,175 | $2,025 | 7.4% |
| Paul Hastings | $2,075 | $1,935 | 7.2% |
| Brown Rudnick | $2,250 | $2,100 | 7.1% |
| Freshfields | $1,995 | $1,925 | 3.6% |
| Average | | | 9.7% |

Source: Bloomberg Law analysis of bankruptcy dockets.
Note: Some rates are "firm-wide," while others pertain only to an individual bankruptcy matter.

Bloomberg Law

There is some noise in the data.

For instance, some firms appear to present firm-wide billing rates—telling us how much their highest and lowest-paid partners, counsel and associates charge. Other firms report a range that only includes the lawyers they expect to work on an individual Chapter 11 case.

Still, the year-over-year changes are a good look at how much firms are raising rates for similar

© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge

lawyers.

## Associate Rates Rising

Law firms have told bankruptcy courts their associates will cost 9% more on average in 2023.

| Firm | Top-Paid Associate New | Top-Paid Associate Old | % Change |
|---|---|---|---|
| Akin Gump | $1,250 | $1,045 | 19.6% |
| Weil Gotshal | $1,345 | $1,200 | 12.1% |
| Kirkland & Ellis | $1,395 | $1,245 | 12.0% |
| Mayer Brown | $1,075 | $970 | 10.8% |
| Ice Miller | $665 | $610 | 9.0% |
| Cole Schotz | $730 | $670 | 9.0% |
| Paul Weiss | $1,380 | $1,280 | 7.8% |
| Latham & Watkins | $1,400 | $1,300 | 7.7% |
| Paul Hastings | $1,320 | $1,230 | 7.3% |
| Freshfields | $1,375 | $1,325 | 3.8% |
| Brown Rudnick | $975 | $975 | 0.0% |
| Average | | | 9.0% |

Source: Bloomberg Law analysis of bankruptcy dockets
Note: Some rates are "firm-wide," while others pertain only to an individual bankruptcy matter.

Bloomberg Law

While it was still somewhat rare for firms to report a partner billing $2,000 an hour last year, that threshold seems likely to be broken by most large firms this year. Four of the 11 firms broke that barrier this year—Kirkland & Ellis, Akin Gump, Weil Gotshal, and Paul Hastings. Freshfields was just $5 shy.

Most firms—six of the 11—rose partner rates in the 7% range.

There was less consistency in the hikes for associates—only three of the firms were in the 7% range, and two firms rose rates 9%.

One interesting nugget from the data was that the two smallest firms on the list—Ice Miller and Cole

**Bloomberg Law** ®

© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge

Schotz—had some of the highest percentage increases from last year.

One simple explanation: They have a long way to go before they bump up against the highest end of the market.

And that top end of the market is sure to go higher from here.

# Worth Your Time

**On FTX:** Removing Sullivan & Cromwell from the FTX bankruptcy would "severely, if not irreparably" harm customers and creditors, the cyrpto exchange's CEO John Ray told a judge. Justin Wise reports on the "army" of the firm's lawyers that have worked around the clock for the past two months—and why they say they have no conflict despite advising the company before its downfall.

**On IPOs:** It was a dismal year for US initial public offerings, with just $18 billion raised compared to $275 billion in 2021. I wrote about Big Law's busiest capital markets firms, which suffered a decline of 90% or more in deal value.

**On Weil:** Weil Gotshal has hired nearly 20 lawyers in Washington since 2021, indicative of a "strategic investment" the firm is making in the nation's capital, Justin reports.

**That's it for this week! Thanks for reading and please send me your thoughts, critiques, and tips.**

To contact the reporter on this story: Roy Strom in Chicago at rstrom@bloomberglaw.com

To contact the editors responsible for this story: Chris Opfer at copfer@bloomberglaw.com; John Hughes at jhughes@bloombergindustry.com

© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge

## Related Articles

Big Law Defies Economics as Firms Prepare Record Rate Increases

Big Law Rates Topping $2,000 Leave Value 'In Eye of Beholder'

Never Underestimate Big Law's Ability to Raise Billing Rates

Bloomberg Law®

© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

# EXHIBIT F

# PEER MONITOR
## INSIGHT. ADVANTAGE. COMPETITIVE INTELLIGENCE.

# PUBLIC RATES

In a time when the legal market continues to face fluctuating demand and challenges containing expenses, it's critical that your firm stays on top of the latest billing trends and maintains fair, competitive rates while maximizing revenue.

### Take Action to Inform Your Firm

**Public Rates** is a dynamic, web-based billing rate service that gives you anytime access to accurate, court reported, hourly rate data, with details drilling down to the named timekeeper.

It empowers you to quickly and easily slice and analyze rates across user-selected combinations of various attributes, sort targeted record results, view quartile and median rates for searched data, and more.

### Then Take Your Rate Analysis One Step Further

As efficient as it is intuitive, **Public Rates** offers deeper billing evaluation with query comparison that allows for firm-to-firm, case-to-case, or even person-to-person rate examination.

What's more, you can quickly and easily find critical insights with features such as click sorting, query naming, and auto-saved search history.

### Use Public Rates to:

- Determine optimal rates and profit opportunities
- Justify rates submitted to courts on fee applications
- Track lawyer performance
- Get pricing transparency in the marketplace





### Get Critical, Actionable Data

Search reported hourly rates by:
- Timekeeper
- Year of admission
- Firm
- Segment
- Location
- Jurisdiction
- Role
- Year of filing
- Case
- Historical records as far back as 7 years

**Learn more at** legalsolutions.com/peer-monitor

CONTACT US TODAY:
**Ruth Bowen**
ruth.bowen@thomsonreuters.com | 651.687.6891



the answer company™
**THOMSON REUTERS**®

© 2016 Thomson Reuters S019557/11-11

# California Rates (January–May 2018)

| Title | Professional | Firm | Graduated | Admitted | State | Rate | Hours | Total |
|-------|-------------|------|-----------|----------|-------|------|-------|-------|
| Partner | David M. Nemecek | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,395 | 2.4 | $3,348.00 |
| Partner | Leslie A. Plaskon | Paul Hastings LLP | 1988 | 1988 | CA | $1,275 | 260 | $331,500.00 |
| Partner | Thomas B. Walper | Munger Tolles & Olson LLC | 1980 | 1980 | CA | $1,225 | 166.7 | $204,207.50 |
| Partner | Jeffrey B Greenberg | Latham & Watkins LLP | 1996 | 1996 | CA | $1,175 | 3.3 | $3,877.50 |
| Partner | Mark E. McKane | Kirkland & Ellis LLP | 1997 | 1997 | CA | $1,175 | 79.1 | $92,942.50 |
| Partner | Paul D Tanaka | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,145 | 1.1 | $1,259.50 |
| Partner | Annie Kim | Proskauer Rose LLP | 2004 | 2004 | CA | $1,125 | 22.1 | $24,862.50 |
| Partner | Jonathan Benloulou | Proskauer Rose LLP | 2006 | 2006 | CA | $1,125 | 2.9 | $3,262.50 |
| Partner | Robert J Frances | Latham & Watkins LLP | 2001 | 2001 | CA | $1,125 | 1.7 | $1,912.50 |
| Partner | Dean A. Ziehl | Pachulski Stang Ziehl Young Jones & | 1978 | 1978 | CA | $1,050 | 73.3 | $76,965.00 |
| Partner | James I. Stang | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $1,050 | 111.4 | $116,970.00 |
| Partner | Alan J. Kornfeld | Pachulski Stang Ziehl Young Jones & | 1987 | 1987 | CA | $1,025 | 78.9 | $80,872.50 |
| Partner | Stephen D. Rose | Munger Tolles & Olson LLC | 1991 | 1991 | CA | $1,025 | 63.9 | $65,497.50 |
| Partner | Unger Sean | Paul Hastings LLP | 2004 | 2004 | CA | $1,025 | 103.2 | $105,780.00 |
| Partner | Stefanie I Gitler | Kirkland & Ellis LLP | 2009 | 2009 | CA | $995 | 225.1 | $223,974.50 |
| Partner | Tate Eric A. | Morrison & Foerster LLP | 1995 | 1995 | CA | $990 | 0.3 | $297.00 |
| Partner | Michael Esser | Kirkland & Ellis LLP | 2009 | 2009 | CA | $965 | 542.6 | $523,609.00 |
| Associate | Campbell Gavin | Kirkland & Ellis LLP | 2012 | 2012 | CA | $950 | 227.7 | $216,315.00 |
| Partner | David M. Bertenthal | Pachulski Stang Ziehl Young Jones & | 1993 | 1989 | CA | $950 | 107.7 | $102,315.00 |
| Associate | Olsen Katrina | Kirkland & Ellis LLP | 2014 | 2014 | CA | $950 | 4.6 | $4,370.00 |
| Partner | Janie F. Schulman | Morrison & Foerster LLP | 1987 | 1987 | CA | $925 | 0.2 | $185.00 |
| Associate | Jacob Johnston | Kirkland & Ellis LLP | 2013 | 2013 | CA | $905 | 5 | $4,525.00 |
| Partner | Kenneth H. Brown | Pachulski Stang Ziehl Young Jones & | 1981 | 1977 | CA | $895 | 5.9 | $5,280.50 |
| Partner | Kevin S. Allred | Munger Tolles & Olson LLC | 1986 | 1986 | CA | $875 | 209.7 | $183,487.50 |
| Partner | Knudsen Erik G. | Morrison & Foerster LLP | 2007 | 2007 | CA | $875 | 269.4 | $235,725.00 |
| Counsel | Adam Lin | Orrick, Herrington & Sutcliffe LLP | 2004 | 2004 | CA | $850 | 3 | $2,550.00 |
| Associate | Austin Klar | Kirkland & Ellis LLP | 2013 | 2013 | CA | $845 | 173 | $146,185.00 |
| Associate | Michael Saretsky | Kirkland & Ellis LLP | 2015 | 2015 | CA | $835 | 237.2 | $198,062.00 |
| Of Counsel | Harry D. Hochman | Pachulski Stang Ziehl Young Jones & | 1987 | 1987 | CA | $825 | 69.1 | $57,007.50 |
| Of Counsel | Lloyd W. Aubry | Morrison & Foerster LLP | 1975 | 1975 | CA | $825 | 1.6 | $1,320.00 |
| Partner | Seth Goldman | Munger Tolles & Olson LLC | 2002 | 2002 | CA | $825 | 260.5 | $214,912.50 |
| Of Counsel | Victoria A. Newmark | Pachulski Stang Ziehl Young Jones & | 1996 | 1996 | CA | $825 | 1.6 | $1,320.00 |
| Of Counsel | Yana S. Johnson | Morrison & Foerster LLP | 1999 | 1999 | CA | $825 | 3.2 | $2,640.00 |
| Associate | Austin Klar | Kirkland & Ellis LLP | 2013 | 2013 | CA | $810 | 23.3 | $18,873.00 |
| Associate | Cynthia Castillo | Kirkland & Ellis LLP | 2015 | 2015 | CA | $810 | 178.8 | $144,828.00 |
| Associate | Kevin Chang | Kirkland & Ellis LLP | 2014 | 2014 | CA | $810 | 8.4 | $6,804.00 |
| Of Counsel | Nardali Ali U. | Morrison & Foerster LLP | 2008 | 2008 | CA | $795 | 4.4 | $3,498.00 |
| Associate | Ramin Montazeri | Latham & Watkins LLP | 2016 | 2016 | CA | $795 | 10.9 | $8,665.50 |
| Associate | Lee Muhyung | Proskauer Rose LLP | 2015 | 2015 | CA | $780 | 37.5 | $29,250.00 |
| Of Counsel | Jeffrey L. Kandel | Pachulski Stang Ziehl Young Jones & | 1984 | 1984 | CA | $750 | 10.7 | $8,025.00 |
| Of Counsel | Bradley R. Schneider | Munger Tolles & Olson LLC | 2004 | 2004 | CA | $735 | 88.9 | $65,341.50 |
| Associate | Curtis Kelly M | Proskauer Rose LLP | 2016 | 2016 | CA | $730 | 39.6 | $28,908.00 |
| Associate | Cynthia Castillo | Kirkland & Ellis LLP | 2015 | 2015 | CA | $725 | 30.3 | $21,967.50 |
| Associate | Joanna A Gorska | Latham & Watkins LLP | 2014 | 2014 | CA | $725 | 2.4 | $1,740.00 |
| Counsel | Elissa A. Wagner | Pachulski Stang Ziehl Young Jones & | 2001 | 2001 | CA | $695 | 5 | $3,475.00 |
| Associate | Benjamin Butterfield | Morrison & Foerster LLP | 2014 | 2014 | CA | $660 | 883.2 | $582,912.00 |
| Partner | David M. Eaton | Kilpatrick Townsend & Stockton LLP | 1996 | 1996 | CA | $660 | 5.3 | $3,498.00 |
| Associate | Ankur Sharma | Kirkland & Ellis LLP | 2016 | 2016 | CA | $645 | 16.4 | $10,578.00 |
| Associate | Maxwell Coll | Kirkland & Ellis LLP | 2016 | 2016 | CA | $630 | 15 | $9,450.00 |
| Associate | Brashears Travis C | Proskauer Rose LLP | 2016 | 2016 | CA | $595 | 8.3 | $4,938.50 |
| Associate | Sadeghi Sam | Paul Hastings LLP | 2016 | 2016 | CA | $585 | 22.9 | $13,396.50 |
| Associate | Jenny Pierce | Kirkland & Ellis LLP | 2016 | 2016 | CA | $555 | 1.2 | $666.00 |
| Associate | Meg A Webb | Kirkland & Ellis LLP | 2017 | 2017 | CA | $555 | 1.4 | $777.00 |

| Associate | Peter E. Boos | Munger Tolles & Olson LLC | 2014 | 2014 | CA | $550 | 88.05 | $48,427.50 |
|---|---|---|---|---|---|---|---|---|
| Associate | Floyd Amani Solange | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 3.9 | $2,106.00 |
| Associate | Glock Jana | Morrison & Foerster LLP | 2015 | 2015 | CA | $540 | 22.2 | $11,988.00 |
| Associate | Kerry C. Jones | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 11.5 | $6,210.00 |
| Associate | Roumiantseva Dina | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 5 | $2,700.00 |
| Associate | Scheinok Brittany | Morrison & Foerster LLP | 2015 | 2015 | CA | $485 | 27.2 | $13,192.00 |
| Associate | Coleman Matthew | Ropes & Gray LLP | 2014 | 2014 | CA | $450 | 2.5 | $1,125.00 |
| Associate | Tobyn Yael Aaron | Morrison & Foerster LLP | 2016 | 2016 | CA | $435 | 26.4 | $11,484.00 |

## California Rates (June–December 2018)

| Title | Professional | Firm | Graduated | Admitted | State | Rate | Hours | Total |
|---|---|---|---|---|---|---|---|---|
| Partner | Kenneth Klee | Klee, Tuchin, Bogdanoff & Stern, LLP | 1975 | 1974 | CA | $1,475 | 46.4 | $68,440.00 |
| Partner | Eric Reimer | Milbank Tweed Hadley & McCloy LLP | 1987 | 1987 | CA | $1,465 | 7.9 | $11,573.50 |
| Partner | Gregory A. Bray | Milbank Tweed Hadley & McCloy LLP | 1984 | 1984 | CA | $1,465 | 234.1 | $342,956.50 |
| Partner | Madden P.C. Rick C | Kirkland & Ellis LLP | 1995 | 1995 | CA | $1,445 | 31.2 | $45,084.00 |
| Partner | David M. Nemecek | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,395 | 2.4 | $3,348.00 |
| Partner | Browning P.C. Marc C | Kirkland & Ellis LLP | 1998 | 1998 | CA | $1,375 | 4.2 | $5,775.00 |
| Partner | Isaac M Pachulski | Pachulski Stang Ziehl Young Jones & | 2014 | 2014 | CA | $1,295 | 0.7 | $906.50 |
| Partner | Walker Elizabeth W | Sidley Austin LLP | 1984 | 1984 | CA | $1,250 | 3.7 | $4,625.00 |
| Partner | David Stern | Klee, Tuchin, Bogdanoff & Stern, LLP | 1975 | 1975 | CA | $1,245 | 67.4 | $83,913.00 |
| Partner | Michael Tuchin | Klee, Tuchin, Bogdanoff & Stern, LLP | 1990 | 1990 | CA | $1,245 | 191.1 | $237,919.50 |
| Partner | Richard M. Pachulski | Pachulski Stang Ziehl Young Jones & | 1979 | 1979 | CA | $1,245 | 274.7 | $342,001.50 |
| Partner | Dennis  Arnold | Gibson Dunn & Crutcher, LLP | 1976 | 1975 | CA | $1,210 | 65.2 | $78,892.00 |
| Partner | Cromwell Montgomery | Gibson Dunn & Crutcher, LLP | 1997 | 1997 | CA | $1,205 | 0.9 | $1,084.50 |
| Partner | Oscar Garza | Gibson Dunn & Crutcher, LLP | 1990 | 1990 | CA | $1,205 | 116.1 | $139,900.50 |
| Partner | Austin V Schwing | Gibson Dunn & Crutcher, LLP | 2000 | 2000 | CA | $1,155 | 0.7 | $808.50 |
| Partner | Douglas Michael Fuchs | Gibson Dunn & Crutcher, LLP | 2007 | 2007 | CA | $1,155 | 53.5 | $61,792.50 |
| Partner | Annie Kim | Proskauer Rose LLP | 2004 | 2004 | CA | $1,125 | 11.6 | $13,050.00 |
| Partner | Jonathan Benloulou | Proskauer Rose LLP | 2006 | 2006 | CA | $1,125 | 2.9 | $3,262.50 |
| Partner | James I. Stang | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $1,095 | 63.4 | $69,423.00 |
| Partner | Farshad E. More | Gibson Dunn & Crutcher, LLP | 2003 | 2003 | CA | $1,080 | 0.8 | $864.00 |
| Partner | Jesse I. Shapiro | Gibson Dunn & Crutcher, LLP | 2000 | 2000 | CA | $1,080 | 10.9 | $11,772.00 |
| Partner | David Fidler | Klee, Tuchin, Bogdanoff & Stern, LLP | 1998 | 1997 | CA | $1,075 | 237.9 | $255,742.50 |
| Special | Brian Stern | Milbank Tweed Hadley & McCloy LLP | 2003 | 2003 | CA | $1,065 | 7.5 | $7,987.50 |
| Special | Haig Maghakian | Milbank Tweed Hadley & McCloy LLP | 2002 | 2002 | CA | $1,065 | 264.8 | $282,012.00 |
| Partner | Jesse A. Cripps Jr. | Gibson Dunn & Crutcher, LLP | 2011 | 2011 | CA | $1,045 | 16.2 | $16,929.00 |
| Partner | Mehta Anjna | Kirkland & Ellis LLP | 2000 | 2000 | CA | $1,045 | 10.9 | $11,390.50 |
| Of Counsel | Richard J. Gruber | Pachulski Stang Ziehl Young Jones & | 1982 | 1982 | CA | $1,025 | 9.1 | $9,327.50 |
| Partner | Samuel Newman | Gibson Dunn & Crutcher, LLP | 2001 | 2001 | CA | $1,010 | 326.5 | $329,765.00 |
| Partner | Debra I. Grassgreen | Pachulski Stang Ziehl Young Jones & | 1992 | 1992 | CA | $995 | 15.7 | $15,621.50 |
| Associate | Jessica Dombroff | Milbank Tweed Hadley & McCloy LLP | 2009 | 2009 | CA | $995 | 13.3 | $13,233.50 |
| Partner | Katherine V.A Smith | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $995 | 0.6 | $597.00 |
| Partner | Matthew B Dubeck | Gibson Dunn & Crutcher, LLP | 2017 | 2017 | CA | $995 | 44.1 | $43,879.50 |
| Partner | Robert J. Pfister | Klee, Tuchin, Bogdanoff & Stern, LLP | 2001 | 2001 | CA | $995 | 123.3 | $122,683.50 |
| Partner | David M. Bertenthal | Pachulski Stang Ziehl Young Jones & | 1993 | 1989 | CA | $975 | 6.5 | $6,337.50 |
| Partner | Jeffrey N. Pomerantz | Pachulski Stang Ziehl Young Jones & | 1989 | 1989 | CA | $975 | 66.5 | $64,837.50 |
| Associate | Campbell Gavin | Kirkland & Ellis LLP | 2012 | 2012 | CA | $950 | 336.5 | $319,675.00 |
| Partner | Henry C. Kevane | Pachulski Stang Ziehl Young Jones & | 1986 | 1986 | CA | $950 | 4.8 | $4,560.00 |
| Associate | Olsen Katrina | Kirkland & Ellis LLP | 2014 | 2014 | CA | $950 | 4.6 | $4,370.00 |
| Partner | Stanley E. Goldich | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $925 | 7 | $6,475.00 |
| Associate | Najeh Baharun | Milbank Tweed Hadley & McCloy LLP | 2013 | 2013 | CA | $910 | 28.3 | $25,753.00 |
| Partner | David M. Guess | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | $895 | 84.5 | $75,627.50 |
| Partner | Maria Sountas | Klee, Tuchin, Bogdanoff & Stern, LLP | 2006 | 2006 | CA | $895 | 23.2 | $20,764.00 |
| Partner | Whitman L. Holt | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | $895 | 54.7 | $48,956.50 |
| Associate | Allison Balick | Gibson Dunn & Crutcher, LLP | 2009 | 2009 | CA | $875 | 5.4 | $4,725.00 |
| Associate | Caldon Brendan W | Kirkland & Ellis LLP | 2007 | 2007 | CA | $875 | 1.5 | $1,312.50 |
| Associate | Daniel B. Denny | Gibson Dunn & Crutcher, LLP | 2005 | 2005 | CA | $875 | 436.1 | $381,587.50 |
| Associate | Douglas G. Levin | Gibson Dunn & Crutcher, LLP | 2009 | 2009 | CA | $875 | 205.2 | $179,550.00 |
| Associate | Genevieve G. Weiner | Gibson Dunn & Crutcher, LLP | 2007 | 2007 | CA | $875 | 93.7 | $81,987.50 |
| Partner | Maxim B. Litvak | Pachulski Stang Ziehl Young Jones & | 1997 | 1997 | CA | $875 | 89.6 | $78,400.00 |
| Associate | Melissa Leigh Barshop | Gibson Dunn & Crutcher, LLP | 2006 | 2006 | CA | $875 | 5 | $4,375.00 |
| Associate | Jonathan Schaefler | Gibson Dunn & Crutcher, LLP | 2016 | 2016 | CA | $860 | 1.9 | $1,634.00 |
| Partner | Joshua M. Fried | Pachulski Stang Ziehl Young Jones & | 1995 | 1995 | CA | $850 | 74.1 | $62,985.00 |
| Of Counsel | Gurule Julian I | Klee, Tuchin, Bogdanoff & Stern, LLP | 2007 | 2007 | CA | $825 | 39.3 | $32,422.50 |

| Associate | Ian T. Long | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $820 | 140 | $114,800.00 |
|---|---|---|---|---|---|---|---|---|
| Associate | Goldberg Zachary | Milbank Tweed Hadley & McCloy LLP | 2016 | 2016 | CA | $790 | 162.4 | $128,296.00 |
| Associate | Lee Muhyung | Proskauer Rose LLP | 2015 | 2015 | CA | $780 | 28.2 | $21,996.00 |
| Partner | Jamie L. Edmonson | Venable LLP | 1996 | 1996 | CA | $765 | 180.3 | $137,929.50 |
| Associate | Tiffany X. Phan | Gibson Dunn & Crutcher, LLP | 2013 | 2013 | CA | $760 | 8.7 | $6,612.00 |
| Of Counsel | Erin Gray | Pachulski Stang Ziehl Young Jones & | 1992 | 1991 | CA | $750 | 9.9 | $7,425.00 |
| Partner | Justin D. Yi | Klee, Tuchin, Bogdanoff & Stern, LLP | 2009 | 2009 | CA | $750 | 3.9 | $2,925.00 |
| Associate | Chapple Catherine L. | Morrison & Foerster LLP | 2012 | 2012 | CA | $725 | 4 | $2,900.00 |
| Associate | Jonathan M. Weiss | Klee, Tuchin, Bogdanoff & Stern, LLP | 2012 | 2012 | CA | $725 | 195.4 | $141,665.00 |
| Of Counsel | William Ramseyer | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $725 | 18.8 | $13,630.00 |
| Associate | Sarah A. Carnes | Cooley LLP | 2014 | 2014 | CA | $710 | 146.1 | $103,731.00 |
| Associate | Latta R T | Jones Day | 2011 | 2011 | CA | $700 | 194.5 | $136,150.00 |
| Associate | Samuel M. Kidder | Klee, Tuchin, Bogdanoff & Stern, LLP | 2012 | 2012 | CA | $675 | 88.6 | $59,805.00 |
| Associate | Thomas H Alexander | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $660 | 23.7 | $15,642.00 |
| Associate | Sasha M. Gurvitz | Klee, Tuchin, Bogdanoff & Stern, LLP | 2014 | 2014 | CA | $625 | 114.9 | $71,812.50 |
| Associate | Robert J. Smith | Klee, Tuchin, Bogdanoff & Stern, LLP | 2016 | 2016 | CA | $600 | 35.8 | $21,480.00 |
| Associate | Brashears Travis C | Proskauer Rose LLP | 2016 | 2016 | CA | $595 | 8.3 | $4,938.50 |
| Associate | Matthew S Coe-Odess | Gibson Dunn & Crutcher, LLP | 2016 | 2016 | CA | $595 | 16.9 | $10,055.50 |
| Associate | Katherine A Lau | Gibson Dunn & Crutcher, LLP | 2017 | 2017 | CA | $525 | 97.7 | $51,292.50 |
| Associate | Tran J L | Jones Day | 2015 | 2015 | CA | $525 | 60.2 | $31,605.00 |
| Associate | Nicholas A. Koffroth | Venable LLP | 2012 | 2012 | CA | $515 | 94.9 | $48,873.50 |
| Associate | Liu R Q | Jones Day | 2015 | 2015 | CA | $475 | 34.2 | $16,245.00 |
| Associate | Stuart B W | Jones Day | 2013 | 2013 | CA | $475 | 208.6 | $99,085.00 |
| Associate | Doyle A M | Jones Day | 2017 | 2017 | CA | $450 | 6.5 | $2,925.00 |
| Associate | Udenka Honieh | Brown Rudnick LLP | 2017 | 2017 | CA | $375 | 1 | $375.00 |

Sensitivity: Confidential

# EXHIBIT G

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>　　　　　　　　　　**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO THIRD INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 1, 2019 THROUGH DECEMBER 31, 2019**<br><br>**Hearing Date to be Set**<br><br>Place:  United States Bankruptcy Court<br>　　　　Courtroom 17, 16th Floor<br>　　　　San Francisco, CA 94102<br><br>**Objection Deadline:** April 5, 2020 at 4:00 p.m. (Pacific Time) |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

connection with the Independent Director Representation.  Simpson Thacher will prepare a budget in connection with the Board Representation if the Board so requests.

22. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein.  The Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs.  Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

23. The compensation and fees sought are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**.  **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by Simpson Thacher for the services of each professional and paraprofessional.  **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein.  **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour.  Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases.  Copies of these computerized

10

**Exhibit E**

**COMPENSATION BY PROFESSIONAL**
**SEPTEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

The attorneys who rendered professional services in these Chapter 11 Cases during the

Compensation Period are:

| NAME OF PROFESSIONAL PARTNERS AND COUNSEL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Blake, Stephen | Litigation | 2008 | $1,325 | 103.60 | $137,270.00 |
| Curnin, Paul C. | Litigation | 1988 | $1,640 | 144.50 | $236,980.00 |
| Frankel, Andrew T. | Litigation | 1990 | $1,535 | 10.10 | $15,503.50 |
| Goldin, Nicholas | Litigation | 2000 | $740 | 8.70 | $6,438.00 |
| Goldin, Nicholas | Litigation | 2000 | $1,480 | 147.00 | $217,560.00 |
| Grogan, Gregory T. | ECEB | 2001 | $1,535 | 39.90 | $61,246.50 |
| Kelley, Karen H. | Corporate | 2003 | $1,425 | 1.60 | $2,280.00 |
| Kreissman, James G. | Litigation | 1989 | $1,640 | 3.50 | $5,740.00 |
| Ponce, Mario A. | Corporate | 1989 | $1,640 | 284.30 | $466,252.00 |
| Purushotham, Ravi | Corporate | 2010 | $1,325 | 43.20 | $57,240.00 |
| Qusba, Sandy | Corporate | 1994 | $1,535 | 351.60 | $539,706.00 |
| Steinhardt, Brian M. | Corporate | 1999 | $1,640 | 4.50 | $7,380.00 |
| Webb, Daniel N. | Corporate | 2002 | $1,480 | 0.80 | $1,184.00 |
| Alcabes, Elisa | Litigation | 1989 | $1,220 | 24.20 | $29,524.00 |
| McLendon, Kathrine | Corporate | 1985 | $1,220 | 41.50 | $50,630.00 |
| Ricciardi, Sara A. | Litigation | 2003 | $1,190 | 59.30 | $70,567.00 |
| **Total  Partners and Counsel:** | | | | **1,268.30** | **$1,905,501.00** |

| NAME OF PROFESSIONAL ASSOCIATES | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Calderon, Justin | Litigation | 2018 | $700 | 63.70 | $44,590.00 |
| Campbell, Eamonn W. | Litigation | 2016 | $915 | 135.10 | $123,616.50 |
| Duran, Raul G. | Litigation | 2018 | $590 | 32.70 | $19,293.00 |
| Egenes, Erica M. | Corporate | 2018 | $840 | 26.80 | $22,512.00 |
| Fell, Jamie | Corporate | 2015 | $995 | 73.10 | $72,734.50 |
| Isaacman, Jennifer | Litigation | 2019 | $590 | 103.30 | $60,947.00 |
| Kinsel, Kourtney J. | Litigation | 2018 | $590 | 120.20 | $70,918.00 |
| Levine, Jeff P. | Corporate | 2016 | $915 | 17.80 | $16,287.00 |
| Lundqvist, Jacob | Litigation | 2019 | $590 | 84.80 | $50,032.00 |

| Phillips, Jacob M. | ECEB | 2017 | $840 | 37.80 | $31,752.00 |
|---|---|---|---|---|---|
| Sparks Bradley, Rachel | Litigation | 2013 | $1,095 | 130.40 | $142,788.00 |
| Sussman, Rebecca A. | Litigation | 2017 | $840 | 134.60 | $113,064.00 |
| Vallejo, Melissa A. | Litigation | 2019 | $590 | 0.30 | $177.00 |
| **Total Associates:** | | | | **960.60** | **$768,711.00** |

| NAME OF PARAPROFESSIONALS | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Franklin, Janie Marie | Paralegal – Litigation | | $455 | 29.50 | $13,422.50 |
| Kortright, Magallie | Paralegal – Litigation | | $400 | 22.40 | $8,960.00 |
| Laspisa, Rosemarie | Paralegal – Litigation | | $400 | 2.00 | $800.00 |
| Rovner, Grace | Paralegal – Corporate | | $265 | 1.00 | $265.00 |
| Terricone, Cyrena | Paralegal – Litigation | | $400 | 1.00 | $400.00 |
| Carney, Michael | Knowledge Management | | $420 | 0.90 | $378.00 |
| Kovoor, Thomas G. | Knowledge Management | | $420 | 13.30 | $5,586.00 |
| Mierski, Nathan | Resource Center | | $265 | 0.30 | $79.50 |
| Scott, Eric Dean | Resource Center | | $265 | 0.30 | $79.50 |
| Welman, Timothy | Resource Center | | $265 | 4.00 | $1,060.00 |
| **Total Paraprofessionals:** | | | | **74.70** | **$31,030.50** |

| PROFESSIONALS | BLENDED HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,502.41 | 1,268.30 | $1,905,501.00 |
| Associates | $800.24 | 960.60 | $768,711.00 |
| Paraprofessionals | $415.40 | 74.70 | $31,030.50 |
| Blended Attorney Rate | $1,199.79 | | |
| Blended Professionals Rate | $1,174.35 | | |
| **Total Fees Incurred** | | **2,303.60** | **$2,705,242.50** |