1    Diane G. Kindermann Henderson (SBN 144426)
     dkindermann@aklandlaw.com
2    Glen C. Hansen (SBN 166923)
     ghansen@aklandlaw.com
3    ABBOTT & KINDERMANN, INC.
     2100 21st Street
4    Sacramento, California 95818
     Telephone:    (916) 456-9595
5    Facsimile:    (916) 456-9599

6    Attorneys for Defendants
     REICHARDT DUCK FARM, INC., and
7    JOHN REICHARDT

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11   CALIFORNIANS FOR                      Case No: 3:22-CV-09065-AGT
     ALTERNATIVES TO TOXICS, a
12   non-profit corporation,

13              Plaintiff,                  **DEFENDANTS' OPPOSITION TO
                                            PLAINTIFF'S REQUEST FOR JUDICIAL
14   v.                                     NOTICE**

15   REICHARDT DUCK FARM, INC.,             **Date:       February 16, 2024**
     and JOHN REICHARDT,                    **Time:       10:00 a.m.**
16                                          **Location: Courtroom A – 15th Fl.**
                Defendants.                 **Judge:      Alex G. Tse**
17

18

19        Defendants Reichardt Duck Farm, Inc., and John Reichardt ("Defendants") object to

20   the Plaintiff's Request For Judicial Notice In Support Of Motion For Attorneys' Fees and Costs

21   ("RJN"). This Court may not take judicial notice of the truth of any of the statements in "Exhibit A"

22   attached to the RJN, which is described as the "Declaration of Richard M. Pearl In Support Of

23   Motion For Attorneys' Fees and Costs filed on April 4, 2023, in the Superior Court for the County

24   of San Mateo, Case No. 20-CIV-05719."  Nor may this Court take judicial notice of the exhibits to

25   that Declaration of Mr. Pearl.

26        "'[R]ecords of other courts generally may be noticed only to establish the fact of the

27   litigation and actions of that court. In general, *documents may not be judicially noticed for the*

28   *truth of the matter stated in them.*'" *Wilson v. Maricopa County, Arizona*, 2007 U.S. Dist. LEXIS

                                          -1-
     **DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

1   15451 at *9 (D.Ariz., case no. CV-04-2873 PHX-DGC, March 2, 2007), quoting 2 Jack B.

2   Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 201.12[3] at 201-38 (2006)

3   (emphasis and underline added). Contrary to CAT's argument, the Ninth Circuit in *Lee v. City of*

4   *Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001), did not hold that judicial notice may be

5   taken of the truth of "statements" in court records.  Rather, the Ninth Circuit in *Lee* held that "a

6   court may not take judicial notice of a fact that is 'subject to reasonable dispute.'"  *Id.*  And the

7   court in *Lee* went on to explain that in that case "the court did more than take judicial notice of

8   undisputed matters of public record. The court took judicial notice of disputed facts stated in

9   public records." *Id.* at 690.

10      Here, judicial notice may be made only of the fact that the Declaration of Richard M.

11  Pearl <u>was filed</u> in the case of *Coalition of Pacificans For An Updated Plan v. City Council of the*

12  *City of Pacifica*, San Mateo County Superior Court, case no 20-CIV-05719.  That's it.  This Court

13  may not take judicial notice of the truth of anything contained within Mr. Pearl's declaration or

14  the exhibits to his declaration.  But it is the *truth* of the *contents* of Mr. Pearl's declaration and the

15  exhibits to that declaration that CAT is after here.  (Motion For Attorneys' Fees and Costs, 12:11-

16  16; Declaration of Andrew Packard, ¶47 (Docket No. 73).)  CAT requests judicial notice of the

17  truth of "Exhibit B to [Mr. Pearl's] declaration [that] provides a survey of the range of rates found

18  to be reasonable in the San Francisco Bay Area pursuant to adjudicated motions," and of "Exhibit

19  C [that] provides a survey of the range of rates actually charged in the San Francisco Bay Area by

20  variety of leading firms."  (Motion, 12:13-16.)  Defendants do not concede the accuracy or truth

21  of any of that information.  That kind of information is what this Court may *not* take judicial

22  notice of.  *See e.g., Cal. Sportfishing Prot. Alliance v. Shiloh Grp., LLC,* 268 F. Supp. 3d 1029,

23  1038 (N.D. 2017] [judicial notice granted as to "the existence of the documents, the dates they

24  were submitted, and the existence of the contents therein. The court declines to take judicial

25  notice of the contents for the truth of the matters asserted, because those facts are disputed."]

26  / /

27  / /

28  / /

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

1       Accordingly, this Court should deny CAT's Request For Judicial Notice in its entirety.

2

3  Dated:  January 25, 2024            ABBOTT & KINDERMANN, INC.

4                            By:  */s/ Glen C. Hansen*

5                             DIANE G. KINDERMANN HENDERSON
GLEN C. HANSEN

6                             Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**