Diane G. Kindermann Henderson (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:   (916) 456-9595
Facsimile:    (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>Defendants. | Case No: 3:22-CV-09065-AGT<br><br>**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**Date:**  February 16, 2024<br>**Time:**  10:00 a.m.<br>**Location:** Courtroom A – 15th Fl.<br>**Judge:**  Alex G. Tse |

I, Glen Hansen, declare,

1. I am a Senior Counsel with the law firm of Abbott & Kindermann, Inc., counsel of record for Defendants Reichardt Duck Farm, Inc., and John Reichardt ("Defendants"), in this action. If called as a witness, I could and would competently testify to the following facts of which I have personal knowledge, except those matters alleged upon information and belief, and as to those, I believe them to be true.

2. In paragraph 30 of his declaration in support of Plaintiff California's For Alternatives To Toxics ("CAT") Motion For Attorneys' Fees And Costs, attorney Andrew Packard states that "settlement discussions stalled over whether Defendants are subject to the

-1-

**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Concentrated Animal Feeding Operation ('CAFO') regulations, as detailed in the complaint … ." However, that should not have slowed CAT's pursuit of a settlement. On March 7, 2023, at 4:33 p.m., I sent an email to Mr. Packard that stated:

> While we may disagree on "the law and the facts" regarding CAFO requirements, a telephone call, and even an attempt to reach agreement on such requirements, will not be helpful or constructive. Instead, we suggest that CAT simply put into its Consent Decree whatever it believes that RDF should do to protect water quality at its Facility, and we will give careful and serious consideration to CAT's demands, along with every other element of CAT's draft Consent Decree.

3. On numerous occasions, including an email that I sent on March 21, 2023, this office presented Andrew Packard with a full explanation and documentation of Defendants' biosecurity concern, as articulated in a declaration of veterinarian Dr. Mark Bland, that warranted the reasonable conditions we imposed on access to the biosecurity areas of the duck farm during a site inspection. This Court eventually enforced those conditions in a Discovery Order issued on May 1, 2023 (Docket no. 37). Later, on March 21, 2023, Mr. Packard responded to me in an email that "Defendants use of vague and repeatedly unspecified 'biosecurity concerns' is plainly a ham-handed pretext to prevent us from getting samples during the wet season -- for which we will be seeking sanctions."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to those matters alleged on information and belief and, as to those matters, I believe them to be true. Executed on January 25, 2024, at Sacramento, California.

                                    */s/ Glen C. Hansen*
                                    GLEN HANSEN

**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**