Diane G. Kindermann Henderson (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:   (916) 456-9595
Facsimile:   (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>Defendants. | Case No: 3:22-CV-09065-AGT<br><br>**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

On July 3, 2024, this Court issued an Order Regarding Plaintiff's Motion For Attorney Fees And Costs (dkt. 97), which allowed Defendants to file a reply to the invoices submitted by Plaintiff with its reply papers, and that such reply by the Defendants "is limited to 2 pages and restricted to the litigation costs described in Exhibit 15 (dkt. 94)." This Supplemental Opposition provides such a reply by Defendants.

The litigation costs described in Exhibit 15 (dkt. 94) are unreasonable and should not be awarded, or at a minimum significantly reduced, for the following three (3) reasons.

First, the costs incurred by "Ian Wren" listed on the "April 2023 Invoice," "June 2023 Invoice" and "September 2023 Invoice" (dkt. 94-1, pp. 2-4) contain only impermissible block-billings, which (a) do not list the dates that the consultants' tasks were performed; (b) combine multiple tasks into one group; (c) combine work on multiple days into one group; (d) do not describe the hours spent on specific tasks; (d) do not describe the alleged tasks with sufficient specificity to even know what the tasks actually were; and (e) do not provide enough information for the Court to determine the reasonableness of time spent on the tasks. As the Northern District explained: "When the nature of the block-billing prevents a court from effectively determining whether the time spent on tasks was reasonable, district courts in the Ninth Circuit have the authority to apply a blanket discount to block-billed entries." *Murphy v. Celestron Acquisition, LLC*, No. 5:20-cv-03642-EJD, 2024 U.S. Dist. LEXIS 49710 at *14, 2024 WL 1221963 (N.D.Ca. 2024). *See Lahiri v. Universal Music & Video Distrib. Corp*., 606 F.3d 1216, 1222-23 (9th Cir.2010) [affirming reduction of 80% of attorneys' hours by 30% due to block-billing.]

Second, the "September 2023 Invoice" for "Ian Wren" describes services provided "from July through August 2023," such as "document review & coordination" (dkt. 94-1, p. 4), that are duplicative of the services also provided by Water & Environmental Technologies ("WET") in August 2023 (dkt. 94-1, pp. 5-6).

Third, the WET invoice dated October 15, 2023, for services alleged performed from August 6, 2023 to September 30, 2023 (dkt. 94-1, pp. 5-6), provides additional evidence that establishes the point that Defendants made in their Opposition filed earlier with this Court, namely, that Plaintiff is wrongly seeking both fees and costs for Plaintiff's bad faith settlement

1    tactics.  As discussed before, Plaintiff concealed from Defendants and Judge Hixson the key
2    injunctive demands of Plaintiff during the entire Mandatory Settlement Conference held on
3    August 8, 2023.  The WET invoice (dkt. 94-1, pp. 5-6) demonstrates the following:

- Although WET was likely retained as of "August 6" (the beginning of its invoice period), its services were not used in conjunction with the Mandatory Settlement Conference on August 8, 2023, but were instead first used in on August 10, the date that Plaintiff provide its demands for injunctive reliefs for the first time. Thus, Plaintiff had no good faith intention of any reaching any settlement on August 8, 2023, wasting both the Court's and Defendants' resources and time.
- WET's services were used by Plaintiff in its attempts to continue to modify the Consent Decree in mid-August 2023, even before the next Mandatory Settlement Conference scheduled for September 13, 2023.  Thus, even Plaintiff's demands for injunctive relief on August 10, 2023, were not made in good faith, because Plaintiff fully intended to modify those demands again in the future, likely the next Mandatory Settlement Conference scheduled for September 13, 2023.
- Even the additional injunctive relief demanded by Plaintiff at the Settlement Conference on September 13, 2023, was not made in good faith.  The WET invoice demonstrates that its consultants were *still* seeking to make even more changes to the Consent Decree to "add soil sampling criteria to CD language" on September 20, 2023, a week after the Mandatory Settlement Conference (dkt. 94-1, p. 6).

Thus, the WET invoice provides additional evidence of Plaintiff's ongoing pattern of bad faith settlement tactics throughout this litigation that unnecessarily and significantly ran up the costs and expenses of all the parties and this Court.

Dated:  July 5, 2024                    ABBOTT & KINDERMANN, INC.

                                        By:    */s/ Glen C. Hansen*
                                            DIANE G. KINDERMANN HENDERSON
                                            GLEN C. HANSEN
                                            Attorneys for Defendants REICHARDT
                                            DUCK FARM, INC., and
                                            JOHN REICHARDT

-3-

**SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**