ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061
Fax: (707) 630-5064
Email: wverick@igc.org

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REICHARDT DUCK FARM, INC., et al,<br><br>Defendants. | Case No. 3:22-cv-09065-AGT<br><br>**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Local Rule 7-9 |

Pursuant to Civil L. R. 7-9, Plaintiff hereby requests leave to file a motion for reconsideration of this Court's August 20, 2024 ruling on Plaintiff's Motion for Attorney's Fees and Costs ("Fee Order").  Dkt. 99.  Plaintiff has been reasonably diligent in bringing this motion, taking only five business days during the summer holiday season leading up to Labor Day to assess the Fee Order with co-counsel and experts, and to obtain client authorization to proceed with this motion.

The motion for reconsideration, should this request be granted, will be made on the grounds that the Fee Order demonstrates, in four respects, a "manifest failure by the Court to consider material facts or dispositive legal arguments" previously made to the Court. Civil L.R. 7-9(b)(3); Dkt. 99, at 7-10.

First, the Court erred in applying what it called "Sonoma County" rates ("because the facility at issue, the harm, and CAT's counsel are located in Sonoma County") rather than Northern District rates. However, *none* of these factors are relevant to the determination of the relevant "community" for determining prevailing market rates. Rather, it is well-settled law in the Ninth Circuit that the relevant legal community is "where the district court sits." "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (Sacramento rates, where the district court was located, applied even though case arose from conduct that occurred on Mare Island and counsel were in the Bay Area); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (San Francisco rates applied because the underlying action was brought in the Northern District of California). *Shirrod v. Director, Office of Workers' Compensation Programs* 809 F.3d 1082, 1087 (9th Cir. 2015) (finding that the "relevant community" is "the location where the litigation took place" and that Portland rates were appropriate since it was where the hearings took place.)

The Northern District has consistently followed these Ninth Circuit decisions: *Ctr. for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S. Dist. LEXIS 213709 (N.D. Cal. Dec. 4, 2017); (holding that the relevant community was the San Francisco Bay Area because the litigation was brought in the Northern District, despite location of conduct giving rise to the case, location of the parties, and location of counsel; *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154 (N.D. Cal. 2012). The *Barjon* rule is clear in setting a district-wide rate not subject to further subdivision within the district court's geographic coverage. The Court's direct contravention of the *Barjon* rule in applying a "Sonoma County" rate -- rather than the rate where the district court is located and the litigation actually took place -- merits

reconsideration.

Second, the Court erred in determining a "Sonoma County" rate based exclusively on Plaintiff's November 17, 2022 confidential offer of compromise stating the rates charged by Plaintiff's counsel in 2022. Dkt. 75, Ex. 2 at 2 n.1. As the Court itself notes in the Fee Order, at Dkt. 99 at 7, the determination of a "reasonably hourly rate" under the lodestar method need not align with "an actual rate that is charged" (much less one from two years ago)[1] or with "a rate that was stated by opposing counsel in correspondence that was drafted to resolve the litigation." See *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)) (recognizing that the reasonable rate "is not made by reference to rates actually charged the prevailing party"). This rejection of the settled law of Ninth Circuit also warrants reconsideration.

Third, the Court relies on an unduly narrow interpretation of what constitutes "similar services by lawyers of reasonably comparable skill, experience, and reputation" in determining Norther District rates, using <u>only</u> CWA cases or "environmental cases" when the standard for similar work is actually "complex litigation." Dkt. 99 at 8 (noting that "none of the listed cases appear to be related to the CWA"). See *Prison Legal News v. Schwarzenegger* (9th Cir. 2010) 608 F.3d 446, 455 ("Although the state officials urge us to look only to the rates charged by other attorneys involved in prison litigation, the proper scope of comparison is not so limited, but rather extends to all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject matter."); *Camacho v. Bridgeport Financial, Inc*. (9th Cir. 2008) 523 F.3d 973, 981 (abuse of discretion to limit review of "prevailing market rate" solely to cases brought under the same law or subject matter: "Camacho also argues that the district court erred by relying solely on

---

[1] The Court fails to explain why it is applying at 2022 charged rate to a 2024 fee motion seeking substantially higher rates, with no adjustment for cost-of-living increases. *Bell v. Clackamas County* (9th Cir. 2003) 341 F.3d 858, 868-869 (Court abused its discretion by relying on rates in effect two years before work was performed.)

FDCPA cases in determining the prevailing market rate. Camacho is correct that '[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases.'" (citations omitted)); see also *Perez v. Rash Curtis & Assocs.*, No. 4:16-cv-03396-YGR, 2020 U.S. Dist. LEXIS 68161, at *58 (N.D. Cal. Apr. 17, 2020) (in case involving the Telephone Consumer Protection Act and Fair Debt Collection Practices Act, Court found that: "To determine whether rates are reasonable, courts must identify the relevant community, and assess the prevailing hourly rate in that community for similar services by lawyers of reasonably comparable skill, experience, and reputation. . . Here, the relevant legal community is the San Francisco Bay Area, specializing in complex, high-stakes litigation."*(Citations omitted.)*).

Fourth, the Court's related refusal to consider any other "material facts" in the determination of reasonable rates – namely, the declarations of Christopher Sproul (Dkt. 89) and Daniel Cooper (Dkt. 88), on the grounds that they rely on fee decisions in cases that do not "appear to be related to the CWA" also warrants reconsideration for two reasons. As discussed above, it would be an abuse of discretion in the Ninth Circuit to limit review of the "prevailing market" solely to CWA or environmental cases, as was done here, constitutes a "manifest failure by the Court to consider material facts or dispositive legal arguments". ,

For these reasons, Plaintiff respectfully seeks leave to file a motion for reconsideration of the Fee Order.

Dated: August 28, 2024    LAW OFFICES OF ANDREW L. PACKARD

By: /s/ Andrew L. Packard
Andrew L. Packard
Attorneys for Plaintiff

CALIFORNIANS FOR ALTERNATIVES TO TOXICS