Diane G. Kindermann Henderson (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:     (916) 456-9595
Facsimile:     (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>        Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>        Defendants. | Case No: 3:22-CV-09065-AGT<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Defendants Reichardt Duck Farm, Inc., and John Reichardt ("Defendants") oppose Plaintiff's motion for leave to file a motion for reconsideration of this Court's August 20, 2024 ruling on Plaintiff's Motion For Attorneys' Fees and Costs, Docket no. 99 ("Fee Order").

Reconsideration is " 'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted.) *See Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 U.S. Dist. LEXIS 107442, 2021 WL 2334407, at *2 (D.Ariz., June 8, 2021) [denying plaintiffs' "Motion for Reconsideration of Order on Attorneys' Fees" and holding that "[m]otions for reconsideration should be granted only in rare circumstances."]

Under Civil Local Rule 7-9(b), a party may seek reconsideration if there is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). However, each of Plaintiff's four arguments under that Local Rule demonstrate that the Fee Order is not one of those "rare circumstances" to warrant reconsideration.

Plaintiff's first argument is unavailing. This Court applied the rule in *Barjon v. Dalton*, 132 F.3d 496. And this Court relied on numerous Northern District cases that support both the approach taken by this Court and the rate awarded by this Court. Fee Order, at 9. This Court "[saw] no good reason to deviate from these other cases …." Fee Order, at 9.

Plaintiff's second argument also does not warrant reconsideration. Plaintiff argues, falsely, that this Court determined the rate "based exclusively on Plaintiff's November 17, 2022 confidential offer of compromise…." Plaintiff simply ignores all of the Northern District cases cited by this Court in making that rate award. Fee Order, at 9-10. In addition, Plaintiff's own reference to what "the Court itself notes in the Fee Order" proves that there was *not* "[a] manifest *failure* by the Court to consider material facts or dispositive legal arguments which were presented to the Court …." Civ. L.R. 7-9(b)(3) (emphasis added). This Court already considered the argument Plaintiff is now making. And Plaintiff violates L.R. 7-9(c) by repeating its earlier argument on that point. *See e.g., Lenk v. Monolithic Power Sys.*, Case No. 16-cv-02625-BLF, 2018 U.S. Dist. LEXIS 28970, 2018 WL 1000632, at *5 (N.D.Ca., Feb. 21,

2018) [denying "Plaintiff's Motion For Leave To File Motion For Reconsideration Of Order Awarding Attorneys' Fees" because. "[t]o the extent Plaintiff argues that the Court's decision to award fees to [defendant] was incorrect, he simply repeats arguments from his opposition to [defendant's] attorneys' fees motion which the Court already considered and rejected. Such a tactic does not warrant leave to file a motion for reconsideration, and actually violates the Local Rule's prohibition against repeating previous arguments. Civ. L.R. 7-9(c)."]

Plaintiff's third argument about the permissible scope of cases to consider in order to determine market rates does not warrant reconsideration. Plaintiff appears to raise new arguments that attempt to contradict this Court's consideration of case law in this specific forum, that awarded fees to these specific lawyers, in this specific type of litigation, for exactly this specific type of legal work.  Plaintiff's third argument is about an issue that this Court did consider, and so Local Rule 7-9(b)(3) doesn't apply.  Also, this Court's decision is correct.  Furthermore, Plaintiff's instant motion should be denied because "new arguments do not justify a reconsideration of issues presented to the Court" and " 'it is not appropriate for a party to raise a new argument on a motion for reconsideration.' "  *Lenk,* 2018 WL 1000632, at *2 (quoting *Trading Bay Energy Corp. v. Union Oil Co. of California*, 225 F. App'x 428, 430 (9th Cir. 2006)).

Plaintiff's fourth argument essentially repeats portions of its other three unavailing arguments.  Plaintiff does not show "[a] manifest failure by the Court" to consider facts and arguments, L.R. 7-9(b)(3), Plaintiff merely disagrees with this Court's consideration of those facts and arguments.

Accordingly, this Court should deny Plaintiff's motion for leave to file a motion for reconsideration of the Fee Order.

Dated:  August 29, 2024                    ABBOTT & KINDERMANN, INC.

                                          By:   */s/ Glen C. Hansen*
                                          DIANE G. KINDERMANN HENDERSON
                                          GLEN C. HANSEN
                                          Attorneys for Defendants
                                          REICHARDT DUCK FARM, INC., and
                                          JOHN REICHARDT