Diane G. Kindermann Henderson (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:    (916) 456-9595
Facsimile:     (916) 456-9599

Attorneys for Defendants
REICHARDT DUCK FARM, INC., and
JOHN REICHARDT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>REICHARDT DUCK FARM, INC., and JOHN REICHARDT,<br><br>Defendants. | Case No: 3:22-CV-09065-AGT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 20, 2024 ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AS MODIFIED, AND GRANTING IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (DKT. 99)** |

## I. INTRODUCTION

Plaintiff Californians For Alternatives To Toxics' Motion For Reconsideration ("Motion") should be denied. Reconsideration is not proper here because this Court's Order Granting Plaintiff's Motion For Attorneys' Fees And Costs, As Modified, ECF No. 99 ("Fee Order"), correctly set the reasonable hourly rate for Plaintiff's counsel based on attorney rates in Sonoma County. Sonoma County is within the Northern District of California, the forum of this action and where the Court sits. Each of Plaintiff's three arguments in its Motion about alleged "clear errors of law" are wrong for the reasons explained below.

## II. THIS COURT PROPERLY DETERMINED THE RELEVANT COMMUNITY.

Contrary to Plaintiff's argument, the Fee Order is completely consistent with the Ninth Circuit's rule in *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir. 1997) ("*Barjon*"), that "[g]enerally, the relevant community is the forum in which the district court sits." What is the "forum" in which this Court sits? It's the Northern District of California. Sonoma County is in the Northern District of California.

"The Ninth Circuit has repeatedly held that the relevant legal community is considered to be that of the forum district - here the Northern District of California." *Marbled Murrelet v. Pacific Lumber Co.*, 163 F.R.D. 308, 317 (N.D.Ca. 1995) (emphasis added). The fundamental error in the instant Motion is that Plaintiff incorrectly interprets the words "forum in which the district court sits" in *Barjon* to mean the particular city where this Court is located. But contrary to Plaintiff's argument, the very authorities cited by Plaintiff affirm that "forum in which the district court sits" means the *District* where a case is venued, and not the city where a court is located. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454-455 (9th Cir. 2010) ["Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district Court sits. [Citation.] Here, the forum is the Northern District of California"]; *Center for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S.Dist, LEXIS 213709 *8 (N.D.Ca.., Dec. 4, 2017) ["The 'relevant community' is the *District* in which the lawsuit proceeds" (emphasis is added)]; *Donnell v. U.S.*, 682 F.2d 240, 251 (D.C.Cir. 1982) ["relevant community is the District of Columbia, where the suit was brought."] Thus, the "forum in which

1   [this] district court sits" is the Northern District, and not the City of San Francisco.

2   Contrary to the Plaintiff's argument, this case is unlike *Barjon*. There, the Ninth Circuit properly rejected Vallejo attorney rates because Vallejo is not in the Eastern District where the case was venued; Vallejo is in a completely different District. (Motion 2:19-3:10 (citing *Barjon*, 132 F.3d at 500-501.) Unlike the facts in *Barjon*, here Sonoma County *is* within the forum where the Court sits because Sonoma County lies within the Northern District. Thus, the Fee Order is consistent with *Barjon*.

Also contrary to Plaintiff's argument, the case law cited in the Motion is consistent with the Fee Order. While Plaintiff cites *Shirrod v. Dir., Office of Workers' Compensation Programs*, 809 F.3d 1082, 1087 (9th Cir. 2015), that case does not establish that using Sonoma County rates constitutes a "clear error of law." In *Shirrod*, the "relevant community" was determined not just by the fact that "hearings before Judge Berlin occurred in Portland," but also that the "relevant community" had already been "determined by the ALJs in the two prior cases on which Judge Berlin relied," and that "all factors point to Portland as the location of the litigation," especially the key fact that "Counsel to Shirrod and Pacific Rim maintain their offices in Portland." *Ibid.* That is completely different from the case at bar, where only the court proceedings took place in the City of San Francisco, while "the facility at issue, the harm, and CAT's counsel are located in Sonoma County." Fee Order at *9. (Tellingly, the Ninth Circuit in *Shirrod* never held or even hinted that every case arising with the District of Oregon must apply Portland rates).

In addition, Plaintiff's reliance on *Center for Biological Diversity v. EPA*, No. C 17-00720 WHA, 2017 U.S.Dist, LEXIS 213709 (N.D.Ca.., Dec. 4, 2017), Motion, 4:23-5:1, is unavailing. The facts in *Center for Biological Diversity* are similar to *Barjon*, in that the "issues in the San Joaquin Valley" in that case were not within the Northern District, where the case was brought. Again, that is distinguishable from the instant lawsuit where the Sonoma County issues all arise within the Northern District, which is where this Court sits.

Plaintiff's reliance on *Marbled Murrelet v. Pacific Lumber Co.*, 163 F.R.D. 308 (N.D.Ca. 1995), Motion, 5:1-9, is also misplaced. The issue in that case arose when "Pacific Lumber proposed to harvest a 137 acre portion of the Owl Creek forest, a 440 acre stand of old-growth

coastal coniferous forest ("old-growth") located on Pacific Lumber's private property in Humboldt County, California." *Id*. at 315. There, the court rejected the defendant's argument that "the court should determine the reasonableness of EPIC's hourly rates based on the prevailing market rates in the communities where plaintiffs' counsel conduct their principal practice of law." *Id*. at 317. The court explained that "four of the plaintiffs' attorneys have national practices. The fact that these attorneys may reside in Boulder, Colorado; Missoula, Montana; and San Diego, California; is not a sufficient basis for the court to limit their fees to the prevailing rates in these communities." *Ibid.* In other words, the court refused to recognize attorney rates for communities outside of the Northern District. That is also consistent with what this Court did in the Fee Order in this case.

Furthermore, Plaintiff relies on *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1166 (N.D. Cal. 2012), Motion, 5:9. But *Cotton* actually supports the Fee Order, as shown below.

In short, the case law cited by Plaintiffs, including *Barjon,* do not show that this Court committed any "clear error of law" in the Fee Order.

### III. CONTRARY TO PLAINTIFF'S ARGUMENT, *KERNEN* AND *DENBESTE* WERE CORRECTLY DECIDED AND SHOULD BE FOLLOWED HERE.

Plaintiff argues that this Court should not have followed *Cal. Sportfishing Prot. All. v. Denbeste Yard & Garden, Inc.*, No. 22-cv-01975-RFL, 2023 U.S. Dist. LEXIS 236283, 2023 WL 10367397 (N.D.Ca., Dec. 8, 2023) ("*Denbeste*") and *Californians for Alternatives to Toxics v. Kernen Constr.*, No. 20-CV-01348-YGR (LB), 2023 U.S. Dist. LEXIS 136963, 2023 WL 4991861 (N.D. Cal. Apr. 21, 2023) ("*Kernen*"). Plaintiff is wrong. *Denbeste* and *Kernen* are consistent with *Barjon,* were properly decided, and should be followed by this Court.

In *Denbeste*, District Judge Lin held that Sonoma County rates were appropriate because "the relevant community is the Northern District of California, specifically the Sonoma County area." 2023 U.S. Dist. LEXIS 236283 at *2. District Judge Lin explained:

> Here, the relevant community is the Northern District of California, specifically the Sonoma County area, where the action and the worked performed by counsel took place. The court concurs that the declarations submitted by California Sportfishing are conclusory, as they provide no information about specific rates charged by comparable counsel in

       Sonoma County (or the Bay Area more broadly) for similar types of environmental litigation. California Sportfishing lists a series of fee awards in its objections, but those cases do not appear to involve Clean Water Act or similar environmental litigation. The only information in the record on that topic is that another court awarded hourly rates of $660 for Andrew L. Packard and $320 for William Carlon in an environmental litigation recently in this District. *Californians for Alternatives to Toxics v. Kernen Constr.*, No. 20-CV-01348-YGR (LB), 2023 U.S. Dist. LEXIS 136963, 2023 WL 4991861, at *4 (N.D. Cal. Apr. 21, 2023), *report and recommendation adopted sub nom. Californians for Alternatives to Toxics v. Kernen Constr. Co.*, No. 4:20-CV-01348 YGR, 2023 U.S. Dist. LEXIS 136981, 2023 WL 4995716 (N.D. Cal. June 13, 2023). Because plaintiffs' counsel has not met their burden regarding their requested rates, the court concurs with Magistrate Ryu's reduction of counsel's hourly rates as listed in the report. [*Id*. at *2-*3.]

In *Californians for Alternatives to Toxics v. Kernen Constr.*, No. 20-CV-01348-YGR (LB), 2023 U.S. Dist. LEXIS 136963, 2023 WL 4991861 (N.D. Cal. Apr. 21, 2023), *report and recommendation adopted sub nom. Californians for Alternatives to Toxics v. Kernen Constr. Co.*, No. 4:20-CV-01348 YGR, 2023 U.S. Dist. LEXIS 136981, 2023 WL 4995716 (N.D. Cal. June 13, 2023), the Magistrate Judge issued an Amended Report And Recommendation To Award Attorney's Fees And Costs, which awarded attorneys' fees to Californians for Alternatives to Toxics ("CAT") based on previously established reasonable rates for its counsel, including Andrew Packard, William Verick and William Carlon (the same Plaintiff and Plaintiff's counsel here).  Those rates were described as follows:

       As for rates, the plaintiff asks for the same hourly rates that the trial court previously approved as reasonable: $700 for Mr. Verick; $700 for Mr. Williams, $660 for Mr. Packard; $600 for Mr. Acree; and $320 for Mr. Carlon. The court recommends these hourly rates. [2023 U.S. Dist. LEXIS 136963 at *10.]

In support of those rates, the Magistrate Judge cited the "Order Awarding Attorneys' Fees" (ECF No. 90, issued on March 21, 2022, by United States District Court Judge Yvonne Gonzalez Rogers.  Id. at *10, fn. 29 ["Order — ECF No. 90 at 3-5 (approving these hourly rates after reducing the requested rates by twenty percent to reflect 'the prevailing market rates in the far northern parts of this District for cases entirely local to that area')."]

      In that Order (ECF No. 90) in *Californians for Alts. to Toxics v. Kernen Constr. Co.*, NO. 20-cv-01348-YGR, 2022 U.S. Dist. LEXIS 248070, 2022 WL 22227777 (N.D.Ca., March 21, 2022), District Judge Rogers adopted Sonoma County rates within the Northern District, relying

on *Barjon*, and consistent with *Cotton*, as follows:

> The Court begins its analysis with identifying the "relevant legal community," which is the District in which the lawsuit proceeds. *See Cotton v. City of Eureka Cal*, 889 F. Supp. 2d 1154, 1166 (N.D. Cal. 2012) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997)). CATS argues that the relevant legal community here is the San Francisco Bay Area in the Northern District of California. Defendants counter that the relevant community is Humboldt County, where all of the parties and one of plaintiff's counsel and defendants' counsel reside.
>
> CATS cites cases finding the relevant legal community to be the San Francisco Bay Area despite containing facts centered outside of the Bay Area because the litigation is before the United States District Court for the Northern District of California. *See Ctr.for Biological Diversity*,2022 U.S. Dist. LEXIS 248070, 2017 WL 6761932, at *5; *Cotton*, 889 F. Supp. 2d at 1171. Unlike the parties in *Ctr. for Biological Diversity*, the current dispute is brought between parties and counsel all based in Humboldt County. 2017 U.S. Dist. LEXIS 213709 , 2017 WL 6761932, at *5 (suit brought against EPA where issues centered in the San Joaquin Valley — Kern County — and two of the attorneys were affiliated with law offices outside of the Bay Area). Moreover, while the court in *Cotton* concluded that the relevant legal community was the San Francisco Bay Area, it ultimately reduced the requested rates given that the case facts occurred in Eureka (county seat for Humboldt county). *See* 889 F. Supp. 2d at 1171 (reducing fees as follows: (i) $700 to $525 (25% reduction); (ii) $525 to $475 (9.5%); and (iii) $375 to $280 (25%)).
>
> Accordingly, the Court concludes that the relevant legal community is the Northern District of California but considers the fact that the action and its lawyers are based entirely in the Humboldt and Sonoma counties.  [Id. at *3-*5.]

Thus, District Judge Rogers in *Kernen* rejected the same argument that Plaintiff makes here and agreed with the court in *Cotton* that different parts of the sprawling Northern District of California can have different rates, even though the Federal Courthouse is actually located in the City of San Francisco.

Plaintiff fails to present any authorities that contradict the application of Sonoma County rates in *Denbeste* and *Kernen*.  As discussed above, *Barjon* does not. And that application of Sonoma County rates makes sense.  Courts recognize that one of the key principles governing attorneys' fees awards is what are the reasonable expectations of a paying private client.  *Cf. Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir.2013); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.2008).  No reasonable paying client would agree to San Francisco hourly rates for an attorney whose office is in Sonoma County. Paying clients

reasonably understand that law firms in Sonoma County (like businesses in general) do not have the higher expenses and overhead of law firms in the City of San Francisco.

In short, this Court is correct when it stated, "this Court sees no good reason to deviate from these other cases, especially in the absence of any evidence that the hourly rate of San Francisco should apply for the entire district." Order at 9.

## IV. THIS COURT'S DETERMINATION OF THE SONOMA COUNTY RATE WAS APPROPRIATE.

Plaintiff argues that this Court should not have considered the actual rates that Plaintiff's attorney disclosed to Defendants in a letter in November 2022. Plaintiff is wrong. Plaintiff provided this Court with no evidence of any relevant Sonoma County rates: "[T]here are no supporting declarations from Sonoma County based attorneys." Fee Order, at *9. This Court could have done what District Judge Rogers did in *Kernen*, and applied "a twenty percent reduction to the requested rates on the grounds that this number is less than has been reduced in other cases for that area, accounts for the specialized nature of the practice, and will more appropriately reflect the rate of fees." 2022 U.S. Dist. LEXIS 248070 at *6-*7. If, like District Judge Rogers, this Court had applied a 20% reduction to what counsel for Plaintiff has repeatedly sworn under oath in other cases were its applicable Bay Area rates during the relevant time periods, see Declaration of Glen Hansen In Opposition To Motion For Reconsideration, ¶¶2-4, Exs. 1-4, filed herewith, then this Court could have made the following calculations:

| ATTORNEY | SAN FRANCISCO BAY AREA RATES DECLARED BY PLAINTIFF'S COUNSEL | DECLARED RATES LESS 20% REDUCTION |
|---|---|---|
| Andrew Packard | $825 | $660 |
| William Verick | $875 | $700 |
| William Carlon | $400 | $320 |

That is an approach this Court could have taken.

Instead of making such a reasonable 20% reduction (like District Judge Rogers in *Kernen*), this Court "consider[ed] the hourly rates of the current plaintiff's counsel. Those rates are indicated in the November 17, 2022, letter. Packard Decl., Ex. 2 at 1 n.1." Fee Order, at *9. Using that alternative source of information, which came directly from Plaintiff's counsel, this Court held: "[T]he Court finds the reasonable hourly rate to be as follows: $725 for Packard, $425 for Carlon, and $700 for Verick." Fee Order, at *9-*10. Thus, this Court's reasonable approach actually resulted in a higher rate than would have resulted from the alternative approach adopted by District Judge Rogers in *Kernen*. However, if Plaintiff continues to argue that this Court cannot use the November 17, 2022, letter as the basis for fee rate, then this Court should alternatively use District Judge Rogers' approach, and recompute and reissue the attorneys' fee award with the following rates: $660 for Mr. Packard; $700 for Mr. Verick, and $320 for Mr. Carlon. Indeed, that is what the District Court Judges did in *Denbeste* and *Kernen*, consistent with *Barjon*.

## V.   CONCLUSION.

This Court properly applied Sonoma Court attorney rates following the decisions in *Denbeste* and *Kernen,* which are consistent with *Barjon*. The Motion demonstrates that there still is "no good reason to deviate from these other cases." Fee Order at *9. Plaintiffs fail to present any case law in its Motion that holds that the hourly rate of the City of San Francisco must apply to all cases filed in the Northern District. Accordingly, this Court should affirm its Fee Motion and deny Plaintiff's Motion for Reconsideration in its entirety.

Dated:  October 11, 2024            ABBOTT & KINDERMANN, INC.

                                    By:    */s/ Glen C. Hansen*
                                    DIANE G. KINDERMANN HENDERSON
                                    GLEN C. HANSEN
                                    Attorneys for Defendants
                                    REICHARDT DUCK FARM, INC., and
                                    JOHN REICHARDT