UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>          Plaintiff,<br><br>   v.<br><br>REICHARDT DUCK FARM, INC, et al.,<br><br>          Defendants. | Case No. 22-cv-09065-AGT<br><br>**ORDER ON MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 103 |

      The Court awarded $288,574 in attorneys' fees to plaintiff, the prevailing party. This award was $123,083.50 less than the amount plaintiff had requested. The difference resulted largely from how the Court calculated counsel's hourly rates. The Court held that hourly rates of $725, $700, and $425 were reasonable for plaintiff's three attorneys. Plaintiff had used rates of $975, $975, and $700 in its fee application.

      Plaintiff now asks the Court to reconsider its fee award; and in particular, to reconsider its use of the lower hourly rates. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (simplified). When, as here, there is no newly discovered evidence or intervening change in the law, a district court generally shouldn't grant a motion for reconsideration unless the court "committed clear error." *Id.* (quoting another source).

      Plaintiff hasn't identified a clear error committed by the Court. Plaintiff used San

Francisco-based rates in its fee application. The Court didn't use those higher rates because plaintiff's counsel are based well outside the San Francisco city center, in more rural parts of the district. Other judges in the district have made similar reductions in this context. *See Cal. Sportfishing Prot. All. v. Denbeste Yard & Garden, Inc.*, No. 22-CV-01975-RFL (DMR), Dkt. 34 at 21–23 (N.D. Cal. Nov. 17, 2023), *report and recommendation adopted*, 2023 WL 10367397, at *1 (N.D. Cal. Dec. 8, 2023); *Californians for Alternatives to Toxics v. Kernen Constr. Co.*, No. 20-CV-01348-YGR, Dkt. 90 at 3–5 (N.D. Cal. March 21, 2022). Plaintiff hasn't identified a controlling precedent prohibiting this approach.

Plaintiff relies on "the general rule . . . that the rates of attorneys practicing in the forum district . . . are used." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). This standard counsels against using out-of-district rates (e.g., the rates of attorneys practicing in the Eastern District of California); but it doesn't prohibit using different intra-district rates (e.g., San Francisco vs. Sonoma County) depending on "where the action and the work[] performed by counsel took place." *California Sportfishing*, 2023 WL 10367397, at *1.

Plaintiff alternatively argues that the Court erred by "failing to consider . . . fee awards in practice areas beyond the [Clean Water Act] or environmental law." Mot., Dkt. 103 at 6 (emphasis omitted). The Court did consider such fee awards, along with the Laffey Matrix. *See* Order, Dkt. 99 at 7–8. But the Court placed greater weight on the hourly rates of attorneys practicing in Sonoma County. *See id.* at 8–9. Plaintiff hasn't shown that the Court clearly erred in doing so.

Lastly, plaintiff contends that the Court's calculation of Sonoma County rates was wrong because the Court relied on the rates plaintiff's counsel listed for themselves in a November 17, 2022, offer of compromise. *See* Mot., Dkt. 103 at 5; Offer, Dkt. 75 at 3 n.1.

2

It is true, as plaintiff notes, that a reasonable hourly rate is generally "not made by reference to rates actually charged." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting another source). But "evidence of counsel's customary hourly rate may be considered." W*hite v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983). And here, the Court relied on counsel's stated rates in their offer of compromise because those rates were the only evidence of attorneys' rates in Sonoma County. *See* Order, Dkt. 99 at 9 (noting that there were "no supporting declarations from Sonoma County based attorneys"). As the fee applicant, plaintiff had the "burden of producing satisfactory evidence" of reasonable rates. *Schwarz*, 73 F.3d at 908 (quoting another source). Plaintiff cannot fault the Court for relying on the evidence plaintiff offered.

Plaintiff hasn't established that the Court "committed clear error" in its fee order. *Kona Enters.*, 229 F.3d at 890. The Court thus denies plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: December 17, 2024

Alex G. Tse
United States Magistrate Judge

3