ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

WILLIAM VERICK (State Bar No. 140972)
Klamath Environmental Law Center
1125 16th Street, Suite 204
Arcata, CA  95521
Tel: (707) 630-5061
Fax: (707) 630-5064
Email: wverick@igc.org

Attorneys for Plaintiff
CALIFORNIANS FOR
ALTERNATIVES TO TOXICS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REICHARDT DUCK FARM, INC., et al,<br><br>Defendants. | Case No. 3:22-cv-09065-AGT<br><br>**DECLARATION OF ANDREW L. PACKARD IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE CONSENT DECREE**<br><br>Date:      September 26, 2025<br>Time:      10:00 a.m.<br>Location:  Courtroom A – 15th Floor<br>Honorable Magistrate Judge Alex G. Tse |
|---|---|

I, ANDREW L. PACKARD, hereby declare under penalty of law that the following facts are true and correct:

1. My firm served as lead counsel for Plaintiff Californians for Alternatives to Toxics in the litigation and settlement of the above-captioned action.

2. I am admitted to practice in the State of California and before the United

1  States District Courts of California, and am a member of good standing in the state bar. I
2  make this declaration in support of Plaintiff's Motion to Enforce Consent Decree based
3  on my personal knowledge, and I am competent to testify to the matters set forth herein.

4      3.    Attached hereto as **Exhibit A** is a true and correct copy of the consent
5  decree entered herein on November 22, 2023 ("Consent Decree").

6      4.    I initiated the meet and confer process leading to this motion on May 30,
7  2025, by sending the letter attached hereto as **Exhibit B** to counsel for Defendants. The
8  letter requests copies of various planning documents mandated under the Consent
9  Decree, and specifically requests a written status update on the Defendants' failure to
10 install eight ground water monitoring wells, which, under Section I.2.(m) of the Consent
11 Decree were supposed to have been installed by November 15, 2023.

12     5.    On June 6, 2025, I received an email response from Defendants' counsel
13 stating that "the actions" for Section 1.2(m) were "in the permit process" and assuring
14 Plaintiff that details would be provided in a summary to be provided by June 17, 2025.

15     6.    On June 18, 2025, I received a second email response to my May 30th letter
16 stating (a) that Defendants' initial application for a drilling permit for the monitoring
17 wells had been *rejected* in 2024 for failure to provide the required information; (b) that
18 the County notified Defendants in May 2025 that their prior application was no longer
19 open; and, (c) that the required Work Plan, Health & Safety Plan and the driller's
20 certification form were "being developed" for resubmission to the County of Sonoma. A
21 true and correct copy of this email is attached hereto as **Exhibit C**.

22     7.    On June 20, 2025, I met and conferred by Zoom with Defendants' counsel
23 and confirmed the understandings reached in that call by letter the same day. Attached
24 hereto as **Exhibit D** is a true and correct copy of my June 20, 2025 letter.

25     8.    The parties continued to meet and confer through the summer, with
26 additional letters, emails, and Zoom calls with all counsel, Defendants' two experts and
27 Plaintiff's experts on August 29, 2025 and again on September 18, 2025.

9. On October 8, 2025, I received an email from Defendants' counsel stating only that "[t]he drilling permit application was submitted again to the County on September 26 and it is listed as "pending" while it is being reviewed. We will check on status next week."

10. I have not received any further updates from Defendants in the nine days that have elapsed since I received this email.

11. Over the course of the meet and confer process, Defendants' counsel has represented that:

(a) Defendants did not initiate the well installation process by contacting a drilling contractor until July of 2024, eight months after the wells were to be installed;

(b) Defendants subsequently submitted an application for a drilling permit, which was denied in 2024, for failure to include required information and documents;

(c) Defendants then waited until May of 2025 to contact the Sonoma County permitting agency to confirm that the application was open, and the County confirmed that it was closed and would need to be re-submitted; and,

(d) Defendants did not re-submit their application for a drilling permit until September 26, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2025.

_____
Andrew L. Packard